UNITED STATES BANKRUUPTCY COURT
EASTERN DISTRICT NEW YORK

In re
Jacob Fetman,
Debtor.

Case # 15-43716-nhl
**DECLARATION**

ANDREW CITRON declares under penalties of perjury pursuant to 28 United States Code § 1746 as follows:

1. I am the attorney for Tamar Fetman (the "Ms. Fetman"), wife of the debtor Jacob Fetman, and submit this declaration in support of her objections to the Trustee's motion seeking the entry of an order *inter alia* (i) approving bidding procedures with respect to the Trustee's sale of certain real property; (i) scheduling a hearing to approve the sale to the highest or best bidder, (iii) authorizing the sale free and clear of liens, claims, encumbrances, and interests, and (iv) granting the Trustee such other and further relief as may be just and proper.[1]

2. This declaration is based upon:

   a. the record in this case,

[1] The Trustee also seeks to have the Court authorize him, through MYC & Associates, Inc., to conduct an auction of the Properties.

b. information supplied to me by Ms Fetman; note that I annex the declaration of Ms. Fetman attesting to the truth of the factual statements made in this declaration;

c. information supplied to me by Avi Cobin, who, as set forth below, signed a deed at issue on behalf of the transferor, 4305 10th Avenue Corp.; and

d. the declaration of Jon Lefkowitz.

3. Ms. Fetman is title owner, along with the debtor, of the property at 4305 10th Avenue, Brooklyn, New York. *See* deed (Ex. A). Although her first name was crossed off the deed, what remains is that title is transferred to "Jacob Fetman and [Tamar crossed out, Tammy crossed out] Fetman, residing at 1743 Ocean Avenue. The only reasonable interpretation of the deed is that she owns the property, along with the debtor. Any other interpretation ignores the fact that it was transferred to two people and the second person can only be Ms. Fetman.

4. Insofar as the deed requires correction or reformation, the deletion of Ms. Fetman's first name was a scrivener's error which should be corrected.

5. Attorney Jon Lefkowitz prepared the deed transferring title to the debtor and Ms. Fetman. The deed prepared by him is the one filed on ACRIS (Ex. A). He and the parties intended that title would be transferred to the debtor and Ms. Fetman (Lefkowitz Declaration ¶3).

6. Mr. Lefkowitz and Ms. Fetman were present at the closing. According to Ms. Fetman, at some point she saw that her name was written as Tamar and requested it be changed to Tammy. Later on it was pointed out that Tamar is her legal name and therefore Tammy was crossed out. Tamar should have been left there.

7. According to Mr. Lefkowitz, the only reason Tammy was crossed out is because of a concern raised by the title company or Mrs. Fetman that the name of Mrs. Fetman should be written as Tamar, rather than the diminutive, Tammy. It appears that he wrote Tammy and then crossed out Tammy and wrote his initials. He does not know who crossed out the name Tamar beneath it (Lefkowitz Declaration ¶4).

8. It was Ms. Fetman's understanding that title ownership was to be transferred to her and the debtor. Avi Cobin, who signed the deed on behalf of the transferor, 4305 10th Avenue Corp., has confirmed to me that title ownership was to be transferred to Ms. Fetman and the debtor.

9. The debtor's parents allege that the property was held by Jacob in constructive trust for them[2] and the trustee claims to the contrary.[3] The parents have the burden of

---

[2] The parents allege:

> "Jacob did not and does not have an actual interest in the Properties, but held them and holds them as nominee and in constructive trust for us. The same is true of Tammy's one half interest in 4305 10th Ave."

[3] The trustee alleges:

> The Fetmans claim to be the beneficial owner of the Properties because of a constructive trust over the Properties and that therefore, the Trustee cannot sell the Properties. The Fetmans' claim of ownership is not supported by the facts, the law, and the sworn statements and prior legal positions of the Debtor and the Fetmans. (¶2)

proving, and the Court must determine, their constructive trust claim. If the Court determines that the parents have met their burden and are entitled to ownership, then they are the owners. If the Court determines that they are unable to meet their burden, then Ms. Fetman is not only title owner but beneficial owner of the property, along with the debtor.

10. Ms. Fetman joins in the previously made objections indicating that this matter must be heard as an adversary proceeding.[4] I intend to file an adversary proceeding on her behalf regarding ownership of the property shortly.

11. The fact that I do not address an argument made by the Trustee does not mean that I agree with it.

12. For the reasons set forth above, the Trustee's application should be denied.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 28, 2016.

/s/Andrew Citron

[4] Pursuant to Bankruptcy Rule 9014, Ms. Fetman is entitled to a hearing on her evidence of ownership. Since this is a contested matter, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028 7037, 7041, 7042, 7052, 7054 7056, 7064, 7069, and 7071. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order. (Part VII Rules). Inasmuch as this is a proceeding to determine the validity, priority, or extent of a lien or other interest in property, Rule 7001 applies, and Ms. Fetman is entitled to reasonable notice and opportunity for hearing.

The Trustee must meet the requiremets of 11 USC §363(h) for a sale of the property.