1

1    Jacob Fetman - 15-43716 - 8/18/2016

2    UNITED STATES BANKRUPTCY COURT
     EASTERN DISTRICT OF NEW YORK

3
JACOB FETMAN.                    .    Case No.  15-01195,
4                                .              15-43716,
                                 .              16-01038,
5                                .              16-01064,
                                 .              16-01065
6                                .    Brooklyn, New York
                                 .    Thursday, August 18, 2016  .
7    . . . . . . . . . . . . . . . .

8              BEFORE THE HONORABLE NANCY HERSHEY LORD
                   UNITED STATES BANKRUPTCY JUDGE

9
                         ADJ PRE-TRIAL RE:
10    [1] COMPLAINT BY ROBERT J. MUSSO, TRUSTEE OF THE ESTATE OF JACOB
     FETMAN AGAINST MOSHE FETMAN, YAFFA FETMAN. RECEIPT NUMBER DEFERRED,
11              FEE AMOUNT $350. NATURE(S) OF SUIT:
               (12(RECOVERY OF MONEY/PROPERTY-547 PREFERENCE):
12        (13(RECOVERY OF MONEY/PROPERTY-548 FRAUDULENT TRANSFER))
        ADJ FOR STATUS PURPOSES - TRIAL DATE SET FOR 8/23 AT 10:30 AM -
13    [33] MOTION TO AUTHORIZE/DIRECT BIDDING PROCEDURES FOR THE SALE OF
     REAL PROPERTY FIELD BY BRUCE WEINER ON BEHALF OF ROBERT J. MUSSO
14                       ADJ PRE-TRIAL RE:
     [1] COMPLAINT BY TAMAR FETMAN AGAINST ROBERT J. MUSSO, MOSHE FETMAN,
15    YAFFA FETMAN, 4305 10TH AVENUE CORP., FEE AMOUNT $350. NATUR(S) OF
                              SUIT:
16       (21(VALIDITY, PRIORITY OR EXTENT OF LIEN OR OTHER INTEREST IN
                            PROPERTY)),
17                (91 (DECLARATORY JUDGEMENT))
                         PRE-TRIAL RE:
18    [1] COMPLAINT BY AISH HATORAH NEW YORK, INC. AGAINST JACOB FETMAN. FEE
               AMOUNT $350. NATUR(S) OF SUIT:
19                (67(DISCHARGEABILITY - 523(A)
     (4), FRAUD AS FIDUCIARY, EMBEZZLEMENT, LARCENY)), (DISCHARGEABILITY -
20                          523(A)
          (2), FALSE PRETENSES, FALSE REPRESENTATION, ACTUAL FRAUD))
21                       PRE-TRIAL RE:
     [1] COMPLAINT BY AISH HATORAH NEW YORK, INC. AGAINST ROBERT MUSSO,
22    JACOB FETMAN, MERKZA, THE CENTER, INC., OTHER KALER. FEE AMOUNT $350.
                  NATURE(S) OF SUIT:
23       (21(VALIDITY, PRIORITY OR EXTENT OR LIEN OR OTHER INTEREST IN
                           PROPERTY))
     Transcription Service:        Associated Reporters Int'l., Inc.
24                                 P.O. Box 165
                                   Massena, New York 13662
25                                 (315) 769-6429
     Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.

```
1                    Jacob Fetman – 15-43716 – 8/18/2016

2    APPEARANCES:

3
     For Debtor:                        BY:  IRA ABEL
4                                       Law Offices of David Carlebach,
                                        Esq. (of Counsel)
5                                       55 Broadway, Suite 1902
                                        New York, New York 100061
6
     For Trustee:                       BY:  BRUCE WEINER
7                                       Rosenberg, Musso and Weiner,
                                        L.L.P.
8                                       26 Court Street, Suite 2211
                                        Brooklyn, New York 11242
9
     For Moshe Fetman:                  BY:  GREGORY M. MESSER
10                                      Law Offices of Gregory Messer,
                                        P.L.L.C.
11                                      26 Court Street, Suite 2400
                                        Brooklyn, New York 11242
12
     For Aish Hatorah New York:         BY:  MARK FRANKEL
13                                      Backenroth, Frankel and
                                        Krinsky, L.L.P.
14                                      800 Third Avenue, 11th Floor
                                        New York, New York 10022
15
     For Tamar Fetman:                  BY:  ANDREW CITRON
16                                      Law Offices of Andrew Citron
                                        110 Wall Street, 11th Floor
17                                      New York, New York 10005

18   Trustee:                           Robert Musso
                                        26 Court Street, Suite 2211
19                                      Brooklyn, New York 11242

20

21

22

23

24

25
```

1           Jacob Fetman – 15-43716 – 8/18/2016

2       (On the record)

3       THE COURT CLERK:  Matter Numbers Sixteen through Twenty in the

4   case of Jacob Fetman and the Adversary Proceeding 15-1195, 16-1038 and

5   16-1064 and 1065.

6       THE COURT:  Appearances please.

7       MR. WEINER:  Good afternoon, your Honor.  Bruce Weiner,

8   Rosenberg, Musso and Weiner attorneys for Robert Musso, Trustee.

9       MR. FRANKEL:  Mark Frankel, Backenroth, Frankel and Krinsky

10  attorneys for Aish Hatorah New York.

11      MR. MUSSO:  Robert Musso, Trustee.

12      MR. MESSER:  Gregory Messer for Moshe and Yaffa Fetman.

13      MR. ABEL:  Ira Abel of -- of counsel to the law office of David

14  Carlebach for the Debtor.

15      MR. CITRON:  Andrew Citron, C-I-T-R-O-N, 30 Wall Street for

16  Tamar Fetman.

17      THE COURT:  You signed the order on the -- a little earlier on

18  the stay relief, the amended order.

19      MR. WEINER:  Okay.

20      THE COURT:  You -- you're the one who -- who presented it.

21      MR. WEINER:  Not me.

22      UNIDENTIFIED SPEAKER:  No, Judge.  I think it was --.

23      MR. WEINER:  Might -- maybe Mr. Frankel did.

24      MR. FRANKEL:  No, I did not.

25      UNIDENTIFIED SPEAKER:  Ira, didn't you?

1          Jacob Fetman - 15-43716 - 8/18/2016

2          MR. ABEL:  Yeah, I -- there is -- yes, that was the order.  I

3   submitted the order on the -- yes, that would be it I guess.  The

4   order --.

5          THE COURT:  Did you -- they --.

6          MR. ABEL:  We filed on the motion.

7          THE COURT:  I had a representation it was circulated.

8          MR. ABEL:  Yes, it was.  I'm -- I mis-remember -- I was thinking

9   of the -- a different stay (u).  Yes, I submitted it.  It was

10  circulated to everybody on the 7th.  I asked for comments by the 11th.

11  Didn't hear anything and submitted it today.

12         MR. WEINER:  Well, I -- I can't speak to that because I was out

13  of the country on the 7th.

14         MR. ABEL:  I -- I e-mailed it to everybody including everybody

15  here.

16         MR. FRANKEL:  Obviously it was being handled by the other firm.

17  I don't know --.

18         MR. ABEL:  And the other firm got it as well.  I sent it to

19  Effram --.

20         MR. MUSSO:  Judge, I'm not sure.  There -- there may be more

21  than one motion for stay reliefs.  This is the one dated --.

22         THE COURT:  This is the one where the judge -- the -- the judge

23  in the State Court didn't know what I had done.

24         MR. MUSSO:  With regard to the appeals.

25         MR. ABEL:  Yes, this was the appeals one.

1              Jacob Fetman - 15-43716 - 8/18/2016

2        THE COURT:  The appeals one.

3        MR. ABEL:  It's a motion to clarify the stipulation.  That

4   order.  You asked me --.

5        MR. MUSSO:  Well, I don't recall seeing it.  If you tell me you

6   sent it to me I will look but I did not see it, I haven't reviewed it,

7   Judge.  And I'm sorry if -- if it was sent to me and I didn't look at

8   it.  It's a very important part of the case, and --.

9        THE COURT:  Can we print it?

10       THE COURT CLERK:  I can --.

11       THE COURT:  Undue it.

12       THE COURT CLERK:  Because it -- it has not hit the docket yet.

13       THE COURT:  Oh, oh, good.

14       THE COURT CLERK:  So let me put it on hold too.

15       THE COURT:  Okay.  Okay.  And then you were going to resettle.

16       MR. MUSSO:  That I did.

17       THE COURT:  Okay.  And I -- did I get -- that didn't come -- did

18  that come back up yet for resettlement of the fee order?

19       MR. WEINER:  Think it was resettled for Tuesday of this week.

20       THE COURT:  Okay.  All right.  All right.  We now have it on

21  hold.  So if it's not right we can pull it back.

22       MR. MUSSO:  I just listed those four.  Think there were four.

23       THE COURT:  That's all they did.

24       MR. MUSSO:  I think the -- can I take a quick peek, Judge?

25       THE COURT:  Yeah, you.

1              Jacob Fetman - 15-43716 - 8/18/2016

2         MR. MUSSO:  Thanks.

3         THE COURT:  You can take a slow peek.

4         MR. WEINER:  I wasn't at the last hearing, so.

5         THE COURT:  Yeah, we heard.

6         MR. WEINER:  But all good things come to an end and now I'm

7    here.

8         MR. MUSSO:  Looks good, Judge.

9         THE COURT:  Good.  All right.  Unhold it.  All right.  Now where

10   are we and what are doing and where are we going to be on the 23rd?

11        MR. WEINER:  Okay.  Well, why don't we go through all the

12   different items and then I can tell the Court where we are with

13   respect to them?

14        THE COURT:  And some of them are not even yours.

15        MR. WEINER:  Well, I can only speak to the ones are mine.  I

16   understand this is a dischargeability proceeding.  That's not the

17   Trustee's battle.

18        THE COURT:  All right.

19        MR. WEINER:  Mr. Frankel is here to take care of it.  That --

20   that's --.

21        THE COURT:  Okay.  First -- first adjourned pretrial.  That

22   would be Zero one one nine five.

23        MR. WEINER:  That's the Trustee versus Moshe Fetman and Yaffa

24   Fetman.

25        THE COURT:  That's where I have -- that adversary now has

1               Jacob Fetman – 15-43716 – 8/18/2016

2  judgment.

3       MR. WEINER:  It was the -- the Trustee was given partial summary

4  *judgement --

5       THE COURT:  Right.

6       MR. WEINER:  -- avoiding the judgement lien as a preference.

7  The -- the reason for bringing that action was to avoid that lien.

8  The Trustee pleaded alternatively preference and foregone conveyance

9  the Court has granted judgement on the preference cause of action.

10 The Trustee doesn't really need the fraudulent conveyance action.  The

11 Trustee still believes the things that were alleged in there that this

12 is not a real -- there's no real debt owed here.  But the --.

13      THE COURT:  But we avoided -- the avoidance of the lien under

14 one provision.

15      MR. WEINER:  The -- the Debtor believed but then -- and the --

16 and the defendant's --.

17      THE COURT:  Okay.  But it also has the sale part in it too, no?

18 Yes, no?

19      MR. WEINER:  There was -- this was just --

20      THE COURT:  Okay.

21      MR. WEINER:  -- the reason the Trustee did this was because in

22 order to sell the property pursuant to 363 F, one of the grounds for

23 selling the property is that it has to show -- the Trustee has to show

24 that the liens are subject to a bona fide dispute, so the Trustee

25 started the action to show it was a bona fide dispute and actually

Jacob Fetman – 15-43716 – 8/18/2016

succeeded in the action.  So that lien doesn't exist.

          The other lienholder, the judgement creditor, Mr.

Frankel's client, consented to the Trustee's sale of the property.  So

363 F is not -- is not an issue with respect to -- to that.  Now

subsequent to entry of judgement, the defendants in that action filed

a claim which I believe that they filed a claim didn't -- I don't know

that it said but probably because of 502 H which allows -- gives them

thirty days from -- from an avoidance of a transfer under Section 550

which this was, to file -- to file a claim.

          So there's now a filed claim.  The Trustee still has doubts

about the legitimacy of that claim but that doesn't need to be dealt

with at this -- at this point in -- in time.

          THE COURT:  Okay.  So the -- you can do -- so this thing could

be -- so the -- the point is that this could close.

          MR. WEINER:  This could close.  We could withdraw those causes

of action without prejudice because we -- the -- we still want to

reserve whatever allegations were made in the complaint may be

applicable to a future claim objection should we get, you know, get

that far.  So I -- I don't want to --.

          THE COURT:  All right.  Well, I'll let you withdraw -- draw

without prejudice because we didn't rule on it.

          MR. WEINER:  Right.

          THE COURT:  And so I think what you need to do is probably --.

          MR. WEINER:  I mean, I assume -- I assume that Mr. Messer

1          Jacob Fetman – 15-43716 – 8/18/2016

2    doesn't have any objections to that.

3          MR. MESSER:  No, there's no objection.

4          THE COURT:  All right.  So --.

5          MR. MESSER:  Fine we understand that --

6          THE COURT:  Right.

7          MR. MESSER:  -- that may be an issue down the road.

8          THE COURT:  You file -- you file a -- file a letter that -- also

9    order that you're entitled to withdraw without prejudice.  File a

10   letter as per my direction and so that they can close it.

11         MR. WEINER:  Okay.  We will file it.  We'll put a letter on the

12   docket, Judge.

13         THE COURT:  All right.  So this we'll close.  Okay.

14         THE COURT CLERK:  That's Eleven ninety-five.

15         THE COURT:  Right.

16         MR. WEINER:  That's Eleven ninety-five.

17         THE COURT:  Okay.  Now on -- okay.  So the trial is on the -- is

18   on the -- the sale.

19         MR. WEINER:  The trial is on the sale and the Trustee's right to

20   sell but that is on hold right now because the -- we're waiting for a

21   decision from the Court on the -- the -- as to whether the Debtor's

22   parents are the true owners of this property through a constructive

23   trust which is -- was briefed a few months ago and we're still --

24         THE COURT:  Right.

25         MR. WEINER:  -- we're still waiting.

1          Jacob Fetman – 15-43716 – 8/18/2016

2          THE COURT:  Right.

3          MR. WEINER:  Once -- once that's resolved there's really nothing

4   that would prevent the Trustee from selling one of the properties.

5   The other adversary proceeding at least has to be at least partially

6   resolved before the Trustee could sell another -- the other property.

7          THE COURT:  Okay.  So you can't go ahead on this one until we

8   decide that issue.

9          MR. WEINER:  That -- that's correct.  So there's --.

10         THE COURT:  Okay.

11         MR. WEINER:  In -- in fact, I'm -- I'm not sure that there's

12  really any particular reason to have a trial since it's the -- it came

13  down to a pure legal issue which was -- which was briefed by both

14  sides.

15         THE COURT:  A trial on what?

16         MR. WEINER:  Well, it was -- the Trustee filed a motion to be

17  allowed to sell.  It -- it was a contested proceeding.  They opposed

18  it.

19         THE COURT:  Right.

20         MR. WEINER:  The Court set it down at some point in the future

21  for a trial --

22         THE COURT:  Right.  Tuesday.

23         MR. WEINER:  -- which that day was August 23rd.

24         THE COURT:  Right.

25         MR. WEINER:  But then we -- we in essence even though it's a not

1                    Jacob Fetman – 15-43716 – 8/18/2016

2     an adversary proceeding --

3          THE COURT:  In essence it was like the equivalent of --

4          MR. WEINER:  -- I mean, I guess it's like a summary --

5          THE COURT:  -- like a summary judgement within the motion.

6          MR. WEINER:  -- like a summary -- like a summary judgement.

7          THE COURT:  Okay.  So you're waiting on that.

8          MR. WEINER:  I'll wait -- we're waiting on that.

9          THE COURT:  So the 23rd is not happening.  Okay.

10         MR. WEINER:  Right.

11         THE COURT:  Okay.  Okay.  All right.  Okay.  Now we have Fetman

12    versus Musso.

13         MR. WEINER:  Yes.  And that one I do need --.

14         THE COURT:  Tamar Fetman?

15         MR. WEINER:  Yes.  And for that there seems several things that

16    I -- that -- that we need to --.

17         THE COURT:  Oh, wait a minute.  I have to write.  We'll adjourn

18    -- we'll adjourn and we'll do it at the end.  Okay.

19         Okay.  I'm sorry, so this is zero one zero three eight?

20         MR. WEINER:  Yes.

21         THE COURT:  We did a pretrial scheduling order.

22         MR. WEINER:  We did a -- which we need to talk about --

23         THE COURT:  Okay.

24         MR. WEINER:  -- because the pretrial scheduling order said the

25    last -- the latest one which was entered on June 3rd said that

1        Jacob Fetman – 15-43716 – 8/18/2016

2   discovery had to be completed by August 1.  I -- on behalf of the

3   Defendant and counterclaim Plaintiff sent out discovery demand dated

4   May 26th.  I mailed it to the address listed on the summons for Mr.

5   Citron.  It came back and I later found out that apparently he --

6   that's not his correct address even though it was on the summons that

7   -- that he prepared and it was -- he was at a different address on the

8   same street in a different building.

9        So I re-served it on June 13 to him and did not get any

10  response.  I got a phone call early -- and I sent a letter to him in

11  early July saying you haven't responded to my document request.  We

12  had a phone conversation shortly after that that I would -- I would be

13  getting some things.

14        And then there was nothing until yesterday when Mr. Citron

15  called me and said I would be getting some documents today.  And would

16  I consent to that and I said well we really need to come in and talk

17  to the Court about that because, one, I'm very much not happy that we

18  are now two months after I sent out a -- a document request and we got

19  a few documents just -- just about two hours ago, which I want to go

20  over because it's woefully inadequate.

21        And we're also past the date that the Court set as the

22  last date for discovery.  So -- so we have to do something about that

23  as well.  So I -- that's I -- and I told that to Mr. Citron yesterday

24  that -- that we would -- I intended to raise these issues.  I'm not

25  looking, you know, this is a discovery matter and, you know, these

1

2    things should get worked out.  I -- I don't think that there's --

3    there's a lot of, you know, some -- some issues in -- in here, but the

4    -- the Trustee's main counterclaim in this was an action pursuant to

5    363 H to be allowed to sell this property which purportedly if it --

6    if the complaint is correct is owned jointly by the Debtor and -- and

7    Tammy Fetman.

8           And so in order to be able to sell the Trustee brought a

9    counterclaim on both under 363 H and under New York Partition Law to

10   be allowed to sell that property.  They -- they answered that and then

11   today and in connection with that they raised as one of their

12   affirmative defenses that, you know, the detriment to -- to Ms. Fetman

13   outweigh the benefit to the estate and as far as -- and denied certain

14   other things.

15          And I served a discovery request trying to get some

16   documents concerning that.  The rest of the issue as to whether she's

17   a co-owner of the property is important and needs to be resolved

18   because this is an unusual situation where the -- there was a deed

19   prepared and then her name was crossed off of it.  And -- and, you

20   know, what the legal import of that under New York law is we -- we

21   don't -- would have to be looked into and -- and perhaps even briefed.

22          But the -- the more important issue to the Trustee at

23   least in the short run is the being allowed to sell the property

24   because then if the Trustee's allowed to sell the property as well as

25   the other property on 10th Avenue, you know, and, you know, once the

1        Jacob Fetman - 15-43716 - 8/18/2016

2    Court's decided the constructive trust issue in if it's decided in the

3    Trustee's favor we could always -- we could always escrow half the net

4    proceeds from one of the properties pending resolution of that.

5            That doesn't need to be decide -- decided today.  But in

6    connection with that I got today a -- a response to the Trustee's, you

7    know, first production of documents.  I got, you know, several

8    documents back.  A copy of the deed which the Trustee already had.  A

9    mortgage interest statement from the -- from the bank which comes in

10   both names.  A -- an insurance binder that comes in both -- both names

11   of Jacob and Tammy Fetman.  And what purports to be a residential

12   stabilized lease between Jake -- Tammy and Jacob Fetman and Moshe and

13   Yaffa Fetman for this very property.

14           A residential lease which is next door to the property

15   that I understand -- and -- and for ten years, okay, beginning in

16   2011, ending in 2021 with a ten year option after.  Now this lease has

17   never been mentioned before.

18           THE COURT:  Who is -- who is the landlord -- who is the

19   --?

20           MR. WEINER:  The landlord is supposed to be Tammy and

21   Jacob Fetman who are the record owners -- if her name really is on the

22   deed are the record owners of the property.

23           THE COURT:  Right.

24           MR. WEINER:  And it's a -- it's a residential stabilized

25   lease even though I believe this is a single family house and the

1    Jacob Fetman - 15-43716 - 8/18/2016

2    stabilization laws of the State of New York don't apply to this

3    property.  But then not only was this lease never mentioned before but

4    the fact that -- that -- that the parents who claim to be the owners

5    of this property through a constructive trust, you know, had to go out

6    -- went out and five years ago leased the very same property.  It's

7    just one of the many contradictions in positions in -- in this -- in

8    this -- in this case.  I mean, I could say --.

9         THE COURT:  Is there a pleading in the alternative.

10    They're living in the alternative.

11         MR. WEINER:  Well, you know, it's -- you know, I could

12    say something like, you know, the truth to these people is kind of

13    convenient.  They kind of make whatever is convenient at the moment

14    the -- they -- that's what they say.  But then again the truth being

15    convenient in the moment seems to be popular right now.  The -- you

16    know, I could make an allusion to somebody that's in the news

17    prominently that does the same but I don't have to go there.

18         You know -- but -- but it's -- but it's just unusual that

19    this first is coming out now, okay.  But I -- I can deal with it.  I

20    can deal with the sail of the property.  We can sell it free of this

21    lease if this is even a real lease.

22         THE COURT:  No.  We can -- I mean it's an adversary

23    proceeding to determine the validity of a lease I guess.

24         MR. WEINER:  Yeah, well, you know, it's just -- you

25    know, where did this come from?  You know, it was never mentioned --

1       Jacob Fetman – 15-43716 – 8/18/2016

2    never mentioned by anybody in connection with the sale of the

3    property.

4           THE COURT:  And what is the -- what is the consider --

5    what is the -- what is the stabilized rent?

6           MR. WEINER:  Oh the stabilized rent for which -- for --.

7           THE COURT:  You're not supposed to laugh.  You're the

8    ones who produced it.

9           MR. WEINER:  That's a good -- that's a good question.  It

10          doesn't -- oh, it's twenty-one hundred dollars a

11   month.  For entire -- for an entire -- for the entire house.  You

12   know, again, it's -- it's a one-family house.  Rent stabilization laws

13   in my understanding only apply to six-family buildings and -- and --

14   and above.  There's a lot of other blanks on here.

15          You know, I don't think it's -- and -- and, again, like I

16   said, it's never been mentioned before.  It's a direct contradiction

17   of the -- of the parents' position that they actually own this -- that

18   actually own this property -- you know, property.

19          THE COURT:  These are the three that sit next to each

20   other?

21          MR. WEINER:  The -- there are three properties that are

22   -- sit next to each other.  One which is clearly owned by the parents.

23   They've owned it since the early '80s.  And there's this part --.

24          THE COURT:  And who lives in that one?  Is it -- that's

25   residential?

1              Jacob Fetman – 15-43716 – 8/18/2016

2              MR. WEINER:  Yeah, they're --

3              THE COURT:  How lives in -- who lives in --?

4              MR. WEINER:  -- I believe they're all residential.

5              THE COURT:  Who lives in that one?

6              MR. WEINER:  Well, at least according to this lease

7    that's --.

8              THE COURT:  No, no, no.  That's -- you said the parents.

9              MR. WEINER:  The parents.  They -- their present address

10   was the one next door.

11             THE COURT:  Right and don't they live there?

12             MR. WEINER:  They -- they certainly did.

13             THE COURT:  How many houses can one person live in

14   especially rent stabilization you're not -- you're only allowed one.

15             MR. WEINER:  Well, I -- you know, I think that they --

16   they did live there.  I believe that one of these properties was the

17   house that the Debtor grew up in.  And with --.

18             THE COURT:  All right.  That's why we put people on the

19   stand.

20             MR. WEINER:  And now I think -- now I think they're all

21   living on Ocean Avenue but I'd have to go back and look at -- at -- at

22   -- at property -- at you know --.

23             THE COURT:  So they may not be living there?

24             MR. WEINER:  I don't believe -- I don't believe they

25   live -- actually at this time I don't think they live in either of

1      Jacob Fetman – 15-43716 – 8/18/2016

2   these properties, but.  They certainly don't live and no one's ever

3   alleged that they live in the 4305 --.

4           THE COURT:  Okay.  But the point is you didn't have the

5   benefit of that to examine anybody.

6           MR. WEINER:  Right.

7           THE COURT:  Who have you examined so far?

8           MR. WEINER:  Just the Debtor.  I did a -- we did conduct

9   a 2004 exam of the Debtor but, again, it was never raised in the

10  context of the Trustee's motion to -- to sell.  The -- you know, the

11  parents came --.

12          THE COURT:  Let -- let's go back a minute.

13          MR. WEINER:  You know, I mean, the parents -- the

14  parents --.

15          THE COURT:  Mr. -- Mr. Citron, why do you feel and your

16  client feels that this is not an important place?  That this -- that

17  this -- that -- that time doesn't matter and dates don't matter and

18  responding to discovery doesn't matter.

19          MR. CITRON:  I don't -- I don't feel that at all.

20          THE COURT:  This is an important place.

21          MR. CITRON:  Yes.

22          MR. WEINER:  Well, there -- there's some other things

23  about the discovery.  In -- in response to most of the things they say

24  that subject to and without waiver of the above objection Ms. Fetman

25  will produce all responsive non-privileged documents within her

1          Jacob Fetman – 15-43716 – 8/18/2016

2    possession, custody and control.  Will produce.  So when is this will

3    produce actually going to happen?

4              THE COURT:  And of course anything that is -- that is

5    within the document request that you view is privileged requires a

6    privilege log.  It's very, very specific as to what the document is,

7    who it's -- who it's between and all the things one -- I can give you

8    all of the details you need for your privilege log.  You can't just

9    say something's privileged.

10             MR. WEINER:  And they -- I wasn't --.

11             THE COURT:  Can't just say something's work product.  You

12             have to -- you have to produce to create logs.

13             MR. WEINER:  And it wasn't an extensive document

14   request.  It was mostly wanting to know what documents they were

15   relying on in -- in opposing the Trustee's 363 H action.

16             THE COURT:  And -- and why does it take months?

17             MR. WEINER:  And --.

18             MR. CITRON:  Again, unfortunately, counsel for the

19   Trustee is leaving out one conversation.  I called him in June and we

20   didn't just have the conversation he relayed.  What we discussed is

21   the two of us would mutually apply for an extension of the discovery

22   deadlines.  Then the Trustee's counsel was overseas in Europe so it's

23   -- has nothing to do with me not disregarding deadlines, not thinking

24   deadlines are important.

25             I have produced the documents.  There might be a document

1              Jacob Fetman – 15-43716 – 8/18/2016

2    or two outstanding and, you know, just because I -- I can produce that

3    by tomorrow and, I mean, we complied with the request.  So it's not

4    that we don't view this as -- as important.  We view this as --.

5              THE COURT:  That's all you've got on all of the -- all -

6    - no other papers regarding any of this?

7              MR. CITRON:  Exactly.  There may be initial document --.

8              MR. WEINER:  It's -- it's been -- it's been two -- two

9    months and this is all they came up with.  And then the most -- one of

10   the most curious things at all -- of all is that this discovery

11   response which, again, is dated today and received today.  And I'll

12   remind the Court that Ms. Fetman is the Plaintiff in this action.

13             Says Ms. Fetman does not consent expressly or impliedly

14   to the entry of final orders of judgements by the Bankruptcy Court

15   with respect to any matters or claims raised in this proceeding.

16             Ms. Fetman reserves the right to seek abstention and or

17   withdrawal of the reference in this adversary proceeding.  She's the

18   Plaintiff.  She came into this Court.  She brought this proceeding

19   against the Trustee.  She -- she's waived all of those things.

20             THE COURT:  Yes, yes, yes, yes.

21             MR. WEINER:  You know --.

22             THE COURT:  Everybody -- everybody will tell you that

23   sitting at this table.  Every -- every one of them.  Even Mr. Abel.

24             MR. WEINER:  I mean -- you know, so.  You know this --

25   so this is the kind of -- this is what -- after two months this is

Jacob Fetman – 15-43716 – 8/18/2016

1

2 what I get and two hours before the hearing. So and if there are no

3 documents that show that, that -- that the detriment to her outweighs

4 the benefit to the bankruptcy estate then they should either consent

5 to judgement or -- you know, on -- on that matter or we'll -- we'll

6 move for summary judgement. You know, or I could ask her a couple

7 questions at the -- you know, at a deposition. What's the detriment

8 to you or -- or the Trustee selling this property that you don't --

9 don't live in.

10        THE COURT: Well, wait -- wait a minute. But the lease

11 -- the lease is on the property that they purported to give you is a

12 lease on this property?

13        MR. WEINER: Yes, purports to be a lease on this

14 property from the Debtor and his wife to --

15        THE COURT: To -- okay.

16        MR. WEINER: -- to the -- to the Debtors.

17        THE COURT: So then -- but on the face of it that lease

18 means that -- that Tammy Fetman doesn't live there.

19        MR. WEINER: Which she doesn't live there. She lives

20 out of -- at 1743 Ocean Avenue with the Debtor.

21        THE COURT: So what is -- what -- what is the detriment

22 -- normally that -- that whole detriment benefit issue has to do with

23 when you're displacing a -- a -- a spouse, a roommate, you know? The

24 joint owner, right?

25        MR. WEINER: No. We're not -- she may be a joint owner

1              Jacob Fetman – 15-43716 – 8/18/2016

2   but this is not a -- this is not the Debtor's --

3              THE COURT:  Right.  So the --.

4              MR. WEINER:  -- it's not the Debtor's residence, it's

5   not her residence.  They live together at 1743 Ocean Avenue.

6              THE COURT:  So what is -- what is the detriment?  You

7   pled detriment.

8              MR. CITRON:  Again, we -- we are not claiming that she

9   lives there.  The detriment would be from a forced sale not realizing

10  the price that the property could be realizing under the proper

11  conditions.  That -- that type of detriment.  And I think he does have

12  to depose my client to whatever reason she has that she contends this

13  is a detriment.

14             MR. WEINER:  No, Judge.  That's not -- that's not a

15  defense to -- to -- to my 363.  That maybe an objection to a proposed

16  sale that the Trustee has saying the Trustee didn't properly mark it

17  in or he hired -- he didn't hire the right broker or the right

18  auctioneer.

19             THE COURT:  We don't have forced sales here.

20             MR. WEINER:  You know -- you know --.

21             THE COURT:  We don't have forced sales.  We have sales

22  that get marketed.  We have sales that -- I mean marketed out there.

23  They have -- they go to these -- they go to auctioneer type brokers or

24  slash brokers who have list serves a mile long.  Notice goes out to

25  every single multiple listing.  Notice goes out to every single

Jacob Fetman – 15-43716 – 8/18/2016

investor and -- and particularly they know everybody in the community

and out of the community.  I mean, it -- it's -- it's -- they go --

they have virtual -- virtual document places.

MR. WEINER:  And even after all that, okay, we've had --

Court has already authorized the Trustee to hire M.Y.C. to -- to

market and sell this property.  Even after all that if we then come --

they then come up with a buyer in this process, they -- the -- the

other parties in the case still have the right to object and said, you

know, they didn't do the right thing.

They -- the property is worth X dollars and they only

got Y dollars.  I mean, they -- they -- they -- you know, but that's

not a defense to a 363 H action.

MR. ABEL:  Just to interject something, it's -- it's my

understanding that at one of the early hearings in this, your -- your

Honor I guess stated from the bench that there's not going to be any

sales until the appeals go through.  So at that point, you know, once

the appeals are done and it may turn out that the --.

THE COURT:  When did I say that?

MR. ABEL:  Apparently at the -- one of the early

hearings, your Honor, I'm told.

MR. WEINER:  Not one that I was at.

THE COURT:  You'd have to find a transcript.  I don't

recall.

MR. ABEL:  I'm just bringing that up as -- because I've

1              Jacob Fetman – 15-43716 – 8/18/2016

2    just been --.

3              THE COURT:  I don't recall ever saying that there would

4    be no sales until the appeals are -- I don't recall that at all.

5              MR. ABEL:  Okay.  Thank you, your Honor.

6              MR. WEINER:  I mean that's tantamount to giving a state

7    pending appeal --

8              THE COURT:  Yeah.

9              MR. WEINER:  -- which nobody -- which -- which they --.

10             THE COURT:  Which somebody would have to do on notice.

11             MR. ABEL:  Right.  Which certainly the --.

12             THE COURT:  No, I think -- I think you might be

13   confusing the fact that when we talked about -- the only -- the only

14   thing I said was -- and that was when we talked about conversion that

15   the Trustee would agree that the appeals could go forward by the

16   Debtor.  That even that they wouldn't take the appeal.  The appeal --

17   the debtor could take the appeals.  That's the appeal conversation we

18   had at conversion.

19             MR. WEINER:  Yes, and we -- we recognize --.

20             THE COURT:  I mean, my memory is not -- I mean my memory

21   is not infallible.

22             MR. WEINER:  Well -- well --.

23             THE COURT:  If you can find it in the transcript you can

24   find it in the transcript, you'll show it to me.

25             MR. WEINER:  But -- yes.  Where the Trustee agreed to

1          Jacob Fetman – 15-43716 – 8/18/2016

2     all that -- agreed to that and the Debtor -- and that's why the

3     Trustee is not taking control of that appeal instead of letting the

4     Debtor do it.

5          THE COURT:  Right.  That's what I remember and I -- if -

6     - if I said anything else find it for me in the transcript.

7          MR. WEINER:  So I, you know, I don't -- I don't want to

8     -- you know, under the circumstances it's -- it's not my nature to --

9     to take the (u) --

10         THE COURT:  No, I would --.

11         MR. WEINER:  -- even though -- even though there's been --

12         I think that there's been --.

13         THE COURT:  Well -- well print it but understand -- I'll

14    print it and I'll extend the time.  But understand that I'm not going

15    to make a regular habit of this in this case.  I mean, I -- I said

16    last time when I thought there was somebody else playing games that

17    we're not going to play games in this case.  Not before this judge,

18    not in this case.  Stop the game playing.  We have to get to the facts

19    and we have to get --

20         MR. WEINER:  So --.

21         THE COURT:  -- everyone's supposed to do what they're

22    supposed to do.

23         MR. WEINER:  So what -- what I would like, I would like

24    all the documents.  I'd like specific responses, and if there are

25    things --.

1              Jacob Fetman - 15-43716 - 8/18/2016

2            THE COURT:  So, well, you got the -- you got the answer

3    for the detriment.  It's a forced sale.

4            MR. WEINER:  Right.  Okay.  But if there's any documents

5    that -- that they have I -- I want to know about them.

6            THE COURT:  And if they don't produce them that means

7    they don't have them.  Or they can't -- if they have them and they

8    don't produce them they're not going to be able to use them.

9            MR. WEINER:  Right.  So and but -- and if there are, you

10   know, I got all this general objection.  Well, we -- if it's not in

11   our possession we can't produce it and it may be privileged and we --

12   so let -- let them come with a specific response and all the documents

13   and let's set a deadline for that.  And then I'm sure we can agree

14   upon a date to take Mr. Fetman's deposition.

15           THE COURT:  Well, you may also want to take other

16   depositions based upon --.

17           MR. WEINER:  Based on what they turn up.  But right now,

18   you know, with the purposes of this adversary proceeding --

19           THE COURT:  Up to you.

20           MR. WEINER:  -- for this adversary proceeding which only

21   has two issues, is her name on the deed and does the Trustee have the

22   -- notwithstanding her name being on the deed, does the Trustee have

23   the right under the 363 H or New York partition law to sell this

24   property?

25           THE COURT:  It was done -- it was just crossed off.

1        Jacob Fetman – 15-43716 – 8/18/2016

2   There was nothing else replaced with it.

3        MR. WEINER:  Right.  It was just crossed out.  But, you

4   know, but, again, at the -- but at the same time it was a mortgage

5   document that does have her name on it, so.

6        THE COURT:  No, I'm not -- I wasn't -- I wasn't -- I

7   wasn't trying --

8        MR. WEINER:  So, you know -- it -- it --

9        THE COURT:  -- to get to the -- I wasn't -- this isn't

10  the trial.  I just -- it was a clarification.

11       MR. WEINER:  -- very much -- you know.

12       THE COURT:  All right.  So I'm extending this to how

13  long?  I don't want to be a situation where then I'm told we have

14  holidays.

15       MR. WEINER:  Oh, no, there's no holidays in October.

16       THE COURT:  So let's get it done -- that's right.  So --

17  now, Mr. Citron, you're -- you're not taking any discovery, correct?

18  Or are you?

19       MR. CITRON:  I -- I might be.

20       THE COURT:  Well, then what are you waiting for?  If

21  August 1st was the deadline shouldn't you have served some?

22       MR. CITRON:  I -- again, I haven't identified anyone but

23  were there -- if we can locate witnesses I would like an opportunity

24  to take their deposition.  We disclosed the names of certain

25  witnesses.  Right now I don't believe we need their depositions but if

1                Jacob Fetman – 15-43716 – 8/18/2016

2    -- if --.

3              THE COURT:  Well, I'm going to give you -- what?

4              MR. WEINER:  I don't know what witnesses they have

5    disclosed.

6              MR. CITRON:  It's in my Rule 26 disclosures.

7              MR. WEINER:  All right.

8              THE COURT:  Well, we'll go to September 2.  Discovery

9    completed by September 2.  So if you're going to take any depositions

10   over I suggest you hurry up.

11             MR. CITRON:  Is -- is that enough time to -- I'm just

12   saying we're at the --.

13             THE COURT:  Well, it would have been if you took -- if

14   you served them.

15             MR. CITRON:  If -- if I could ask for slightly longer

16   period of time in case there are any --.

17             THE COURT:  Well, who are you talking about?  Well

18   tell me who you're talking about deposing?

19             MR. CITRON:  Well, I listed in my Rule 26

20   disclosures we have the -- the parents.  I don't know if we want to

21   depose them or not.  At the moment I don't think we do.

22             THE COURT:  Well, you'll decide and you could get their

23   deposition before September 2nd.

24             MR. CITRON:  I'm -- I'm just saying.  We --.

25             THE COURT:  I'm assuming they're not going to object to

1    Jacob Fetman – 15-43716 – 8/18/2016

2  the service.

3    MR. CITRON:  We have the title company who was presentat

4  this closing.  I so far haven't identified a witness who specifically

5  has knowledge of this, but I'm just saying potentially whether there's

6  -- there's someone we might want to depose.

7    MR. WEINER:  Well, if there is somebody that they

8  identify at the title company I may well want to depose that person so

9  --.

10    MR. CITRON:  Well that's fine.  Thus far we haven't

11  identified anyone.

12    MR. WEINER:  But I don't know that there's really any,

13  you know, factual -- it -- whatever happened happened.  I don't know

14  what the legal effect of it is, but -- but that's -- you know.

15    THE COURT:  You get somebody on the witness stand from a

16   title company to tell you what happened and at closing.

17    MR. CITRON:  I agree.

18    THE COURT:  I'll bring you chocolates.

19    MR. CITRON:  Okay.

20    MR. WEINER:  Then maybe there's a title insurance policy

21  I'd like -- you know --.

22    THE COURT:  Well, that's a different issue.

23    MR. WEINER:  Well, it be -- be interesting to see whose

24  name is on the title insurance policy.

25    MR. CITRON:  I don't have a copy of that but I also

1          Jacob Fetman — 15-43716 — 8/18/2016

2    would be interested to see.

3              MR. WEINER:  Well --.

4              THE COURT:  Well, who would have a copy of the title

5    insurance policy if there was a title insurance policy?

6              MR. CITRON:  I don't know.

7              MR. WEINER:  Presumably Mr. Citron's client and the

8    Debtor would have a copy of that since at least one of them is

9    definitely the owner of the -- owner of the property and -- and

10   perhaps both of them.

11             MR. CITRON:  I would be happy to look into that.

12             MR. WEINER:  So it would be interesting to see who they

13   insured.

14             THE COURT:  I'll give you till September 9th final.  No

15   extensions.

16             MR. CITRON:  Thank you.

17             MR. WEINER:  I'd -- I'd like to set a date when Ms.

18   Fetman's going to appear for her deposition.

19             THE COURT:  Okay.  We'll do that in a minute.  I have to

20   move the date for the -- for the pretrial memo.  Joint pretrial memo.

21   Joint pretrial memo date.  It was currently September --

22             MR. WEINER:  16.

23             THE COURT:  -- 16.

24             MR. WEINER:  And the problem with pushing it back the

25   corresponding amount of time is that we do run right smack into the

1           Jacob Fetman – 15-43716 – 8/18/2016

2  middle of holiday.

3           THE COURT:  November 3rd.  Okay.  And do you have a date

4  for Tammy Fetman's -- some dates for Tammy Fetman's deposition before

5  the holidays?  Before -- well, forget -- before the holidays --.

6           MR. WEINER:  Well (u).

7           THE COURT:  Before September 9th.

8           MR. WEINER:  -- before September 9th, right.  So why don't

9       --?

10          THE COURT:  Before September 9th.  I corrected myself.

11          MR. CITRON:  I would ask not for the period August,

12 let's say 25th to September 2nd because she may not be here during

13 that period.  She may be out of -- not in New York City during that,

14 you know.  I'd ask for either before that or after that.

15          THE COURT:  All right.  Then how about -- well, when are

16 you going to give him the documents?

17          MR. CITRON:  I essentially have completed -- I -- what I

18 -- if I -- I guess I'd ask for a week but I -- I just have a couple

19 more documents.

20          MR. WEINER:  But --.

21          THE COURT:  When is she leaving?

22          MR. CITRON:  I believe it's the -- around the 25th.

23          THE COURT:  That's -- that's a week from today.

24          MR. WEINER:  Week from today.  I -- it doesn't seem to

25 me to make sense to try to do a deposition in the next week.  So --

1                Jacob Fetman – 15-43716 – 8/18/2016

2                THE COURT:  Okay.

3                MR. WEINER:  -- maybe right after she gets back.  She's

4    coming back September 2nd which is right before the holiday weekend.

5                THE COURT:  So you want the 6th or the 7th?

6                MR. WEINER:  7th is better for me.

7                THE COURT:  All right.  But I'm ending this on the 9th.

8    Okay.  Tammy Fetman will appear on the 7th, right?

9                MR. CITRON:  I have actually three matters scheduled for

10   that day.  I don't know if there's any other -- what was -- was there

11   another option?

12               THE COURT:  Why don't we just forget it then?  Maybe we

13   don't have to depose her.

14               MR. CITRON:  No, I can -- I didn't say that.  I -- I --

15   I can --

16               THE COURT:  She's away for three weeks or two weeks and

17   then you're -- when is she going to --

18               MR. CITRON:  I will find another --.

19               THE COURT:  -- I'll put it to you.  When is she coming

20   for a deposition?

21               MR. CITRON:  Is -- I don't have a calendar in front of

22   me but is September 6th a Monday or is that the --?

23               THE COURT:  It's a Tuesday.

24               MR. WEINER:  It's a -- it's a Tuesday.  But I've got --.

25               MR. CITRON:  I'm -- I'm -- I'm available the 6th and I

1

2  think she is as well.

3          MR. WEINER:  But it's the day after a holiday weekend

4  and I have got some court that day.  So --.

5          THE COURT:  What about the 8th and I'll move the

6  discovery to the 12th?

7          MR. WEINER:  I -- the 8th is fine with me.  I have

8  nothing --.

9          MR. CITRON:  If we could start later in the day.  I do

10  have a first thing court appearance, but if we could start at eleven

11  that's fine for me.

12          MR. WEINER:  Well, actually I've got -- I've got some

13  calendar in the -- well, no, that's not going to go forward.  Yeah,

14  the 8th is good.

15          THE COURT:  Okay.

16          MR. WEINER:  The 8th is good.  Whatever time --.

17          THE COURT:  September 8th at eleven o'clock.  Where are

18  you doing it?

19          MR. WEINER:  In my office.

20          THE COURT:  His office.  I'm moving the -- moving it

21  till the -- the discovery deadline, till the -- the 12th.  If it turns

22  out you need more time you'll let me know.

23          MR. WEINER:  Yes, we will.

24          THE COURT:  All right.  September 12th.  She's coming

25  for a deposition on the 8th.  Okay.  Don't go away anybody because

1              Jacob Fetman – 15-43716 – 8/18/2016

2    we're going to get a date for everything, but first we're going to

3    turn to Mr. Frankel.

4              MR. FRANKEL:  Your Honor, I didn't realize there was any

5    that --.

6              THE COURT:  I have -- (u) the adversaries at

7    pretrials.

8              MR. FRANKEL:  Yeah, I believe there's a pretrial order

9    entered in --

10             THE COURT:  Right.

11             MR. FRANKEL:  -- in that which has all of the deadlines.

12             THE COURT:  Right, let's look at it.

13             MR. FRANKEL:  So I -- I don't -- I did not ask my co-

14   counsel who's handling it to appear.  I had thought that the pretrial

15   had resolved whatever open issues were there in terms of

16   --.

17             THE COURT:  I just -- I mean, I -- we -- we carry them

18   so that if there are any issues to chat about we chat about them.

19   Yeah, they're all -- all of them were adjourned for today.  Let me

20   just see what's the docket shows.

21             THE COURT CLERK:  There's a summary judgement.

22             THE COURT:  Oh, there's a summary judgement motion.

23   Okay.  That's it, okay.  Because I don't see -- there was an answer.

24   I -- there's no pretrial scheduling order yet because we held off

25   because of the summary judgement motion.  And on the next one too?

1              Jacob Fetman - 15-43716 - 8/18/2016

2              MR. FRANKEL:  The next one has -- has a pretrial order.

3              THE COURT:  Okay.

4              MR. FRANKEL:  I think it was July 11th.

5              THE COURT:  Yeah, pretrial scheduling order.  Discovery

6   deadline August 30 -- the discovery deadline on that one is August

7   31st.

8              MR. FRANKEL:  Excuse me, Judge?

9              THE COURT:  The discovery deadline on the last one is

10  August 31st.

11             MR. FRANKEL:  Right.

12             THE COURT:  And the motion for summary judgement is

13  returnable October 6th.  So does it make sense to -- how much time did

14  we put aside?  All right.  We put aside an hour for that motion for

15  summary judgement on October 6th.  Probably enough.  And the question

16  is shall we just carry everything on today until then?

17             MR. WEINER:  That -- that makes sense.

18             THE COURT:  Right.

19             MR. ABEL:  Excuse me, if I may, your Honor?

20             THE COURT:  Well between -- well between Rash Hashanah

21  and Yom Kippur.  Yes.

22             MR. ABEL:  If there's a discovery deadline and a summary

23  judgement motion wouldn't make sense to extend the discovery deadline

24  until after the summary judgement because --?

25             THE COURT:  No, no, no, no, no.  There's no pretrial

1          Jacob Fetman – 15-43716 – 8/18/2016

2    scheduling order in the -- in the adversary with the summary

3    judgement.

4              MR. ABEL:  Okay.  Thank you.

5              THE COURT:  It was in another one.  Okay.  So I'm just

6    going to -- I may as well not have everybody constantly back here so I

7    can just use the October 6th date.  October 6th at eleven thirty for

8    everything.  Anything else?

9              And Mr. Messer I'm sure will make his clients available if

10   necessary, correct?

11             MR. MESSER:  That's correct, your Honor.

12             THE COURT:  Okay.  Anything else?  We're done?

13             MR. WEINER:  Not -- not from my end.

14             THE COURT:  Anybody else?  Okay.  Thank you.

15             (The proceeding concluded)

16                        CERTIFICATE

17        I certify that the foregoing is a correct transcript from

18   the electronic sound recording of the proceedings in the above-

19   entitled matter.

20

21

22

23   _____

24   Judith Spriggs                         19 October, 2016
     Transcriptionist                       Date

25

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 1

## A

**abel** 2:3  3:13,13  4:2,6,8,14,18  4:25  5:3  20:23  23:14,20,25  24:5,11  35:19,22  36:4
**able** 13:8  26:8
**abstention** 20:16
**action** 7:7,9,10,25  8:2,6,17  13:4  19:15  20:12  23:13
**actual** 1:19
**address** 12:4,6,7  17:9
**adjourn** 11:17,18
**adjourned** 6:21  34:19
**adversaries** 34:6
**adversary** 3:4  6:25  10:5  11:2  15:22  20:17  26:18,20  36:2
**affirmative** 13:12
**afternoon** 3:7
**ago** 9:23  12:19  15:6
**agree** 24:15  26:13  29:17
**agreed** 24:25  25:2
**ahead** 10:7
**aish** 1:17,20  2:12  3:10
**allegations** 8:18
**alleged** 7:11  18:3
**allowed** 10:17  13:5,10,23,24  17:14
**allows** 8:8
**allusion** 15:16
**alternative** 15:9,10
**alternatively** 7:8
**amended** 3:18
**amount** 1:10,14,17,20  30:25
**andrew** 2:15,16  3:15
**answer** 26:2  34:23
**answered** 13:10
**anybody** 16:2  18:5  33:25  36:14
**apparently** 12:5  23:20
**appeal** 24:7,16,16,17  25:3
**appeals** 4:24,25  5:2  23:17,18  24:4,15,17
**appear** 30:18  32:8  34:14
**appearance** 33:10
**appearances** 2:2  3:6
**applicable** 8:19
**apply** 15:2  16:13  19:21
**aside** 35:14,14
**asked** 4:10  5:4
**associated** 1:22
**assume** 8:25,25

**assuming** 28:25
**attorneys** 3:8,10
**auctioneer** 22:18,23
**august** 1:6  10:23  12:2  27:21  31:11  35:6,6,10
**authorize** 1:12
**authorized** 23:6
**available** 32:25  36:9
**avenue** 1:14  2:14  13:25  17:21  21:20  22:5
**avoid** 7:7
**avoidance** 7:13  8:9
**avoided** 7:13
**avoiding** 7:6

## B

**back** 5:18,21  12:5  14:8  17:21  18:12  30:24  32:3,4  36:6
**backenroth** 2:13  3:9
**bank** 14:9
**bankruptcy** 1:2,8  20:14  21:4
**based** 26:16,17
**battle** 6:17
**beginning** 14:15
**behalf** 1:13  12:2
**believe** 8:7  14:25  17:4,16,24,24  27:25  31:22  34:8
**believed** 7:15
**believes** 7:11
**bench** 23:16
**benefit** 13:13  18:5  21:4,22
**better** 32:6
**bidding** 1:12
**binder** 14:10
**blanks** 16:14
**bona** 7:24,25
**box** 1:22
**briefed** 9:23  10:13  13:21
**bring** 29:18
**bringing** 7:7  23:25
**broadway** 2:5
**broker** 22:17
**brokers** 22:23,24
**brooklyn** 1:6  2:8,11,19
**brought** 13:8  20:18
**bruce** 1:13  2:6  3:7
**building** 12:8
**buildings** 16:13
**buyer** 23:8

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 2

## C

**c** 2:10 23:6
**calendar** 32:21 33:13
**call** 12:10
**called** 12:15 19:19
**care** 6:19
**carlebach** 2:4 3:14
**carry** 34:17 35:16
**case** 1:3 3:4 5:8 15:8 23:9 25:15,17,18 28:16
**cause** 7:9
**causes** 8:16
**center** 1:20
**certain** 13:13 27:24
**certainly** 17:12 18:2 24:11
**certificate** 36:16
**certify** 36:17
**chat** 34:18,18
**chocolates** 29:18
**circulated** 4:7,10
**circumstances** 25:8
**citron** 2:15,16 3:15,15,15 12:5 12:14,23 18:15,19,21 19:18 20:7 22:8 27:17,19,22 28:6,11 28:15,19,24 29:3,10,17,19,25 30:6,7,11,16 31:11,17,22 32:9 32:14,18,21,25 33:9
**city** 31:13
**claim** 8:7,7,10,11,12,19 15:4
**claiming** 22:8
**claims** 20:15
**clarification** 27:10
**clarify** 5:3
**clearly** 16:22
**clerk** 3:3 5:10,12,14 9:14 34:21
**client** 8:4 18:16 22:12 30:7
**clients** 36:9
**clock** 33:17
**close** 8:15,16 9:10,13
**closing** 29:4,16
**come** 5:17,18 6:6 12:16 15:25 23:7,8 26:12
**comes** 14:9,10
**coming** 15:19 32:4,19 33:24
**comments** 4:10
**community** 23:2,3
**company** 29:3,8,16
**complaint** 1:9,13,17,20 8:18 13:6

**completed** 12:2 28:9 31:17
**complied** 20:3
**concerning** 13:16
**concluded** 36:15
**conditions** 22:11
**conduct** 18:8
**confusing** 24:13
**connection** 13:11 14:6 16:2
**consent** 12:16 20:13 21:4
**consented** 8:4
**consider** 16:4
**constantly** 36:6
**constructive** 9:22 14:2 15:5
**contends** 22:12
**contested** 10:17
**context** 18:10
**contradiction** 16:16
**contradictions** 15:7
**control** 19:2 25:3
**convenient** 15:13,13,15
**conversation** 12:12 19:19,20 24:17
**conversion** 24:14,18
**conveyance** 7:8,10
**coowner** 13:17
**copy** 14:8 29:25 30:4,8
**corp** 1:14
**correct** 10:9 12:6 13:6 27:17 36:10,11,17
**corrected** 31:10
**corresponding** 30:25
**counsel** 2:4 3:13 19:18,22 34:14
**counterclaim** 12:3 13:4,9
**country** 4:13
**couple** 21:6 31:18
**course** 19:4
**court** 1:2 2:8,11,18 3:3,6,17,20 4:5,7,22,23 5:2,9,10,11,12,13 5:14,15,17,20,23,25 6:3,5,9 6:12,14,18,21,25 7:5,9,13,17 7:20 8:14,21,24 9:4,6,8,13,14 9:15,17,21,24 10:2,7,10,15,19 10:20,22,24 11:3,5,7,9,11,14 11:17,21,23 12:17,21 14:2,18 14:23 15:9,22 16:4,7,19,24 17:3,5,8,11,13,18,23 18:4,7 18:12,15,20 19:4,11,16 20:5 20:12,14,18,20,22 21:10,15,17 21:21 22:3,6,19,21 23:6,19,23 24:3,8,10,12,20,23 25:5,10,13

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 3

25:21 26:2,6,15,19,25 27:6,9
27:12,16,20 28:3,8,13,17,22
28:25 29:15,18,22 30:4,14,19
30:23 31:3,7,10,15,21,23 32:2
32:5,7,12,16,19,23 33:4,5,10
33:15,17,20,24 34:6,10,12,17
34:21,22 35:3,5,9,12,18,20,25
36:5,12,14
**create** 19:12
**creditor** 8:3
**crossed** 13:19 26:25 27:3
**curious** 20:10
**currently** 30:21
**custody** 19:2

**D**

**d** 17:21 23:23 25:24 29:21 30:17
30:17 31:14,18
**date** 1:12 12:21,22 26:14 30:17
30:20,21 31:3 34:2 36:7,24
**dated** 4:21 12:3 20:11
**dates** 18:17 31:4
**david** 2:4 3:13
**day** 10:23 32:10 33:3,4,9
**days** 8:9
**deadline** 26:13 27:21 33:21 35:6
35:6,9,22,23
**deadlines** 19:22,23,24 34:11
**deal** 15:19,20
**dealt** 8:12
**debt** 7:12
**debtor** 2:3 3:14 7:15 9:21 13:6
17:17 18:8,9 21:14,20 22:2,4
24:16,17 25:2,4 30:8
**debtors** 21:16
**decide** 10:8 14:5 28:22
**decided** 14:2,2,5
**decision** 9:21
**declaratory** 1:16
**deed** 13:18 14:8,22 26:21,22
**defendant** 7:16 12:3
**defendants** 8:6
**defense** 22:15 23:13
**defenses** 13:12
**deferred** 1:10
**definitely** 30:9
**demand** 12:3
**denied** 13:13
**depose** 22:12 28:21 29:6,8 32:13
**deposing** 28:18

**deposition** 21:7 26:14 27:24
28:23 30:18 31:4,25 32:20
33:25
**depositions** 26:16 27:25 28:9
**details** 19:8
**determine** 15:23
**detriment** 13:12 21:3,7,21,22
22:6,7,9,11,13 26:3
**didn** 3:25 4:11,23 5:7,17 8:7,22
18:4 19:20 22:16,17 23:10
32:14 34:4
**different** 4:9 6:12 12:7,8 29:22
**direct** 1:12 16:16
**direction** 9:10
**dischargeability** 1:17,18 6:16
**disclosed** 27:24 28:5
**disclosures** 28:6,20
**discovery** 12:2,3,22,25 13:15
18:18,23 19:21 20:10 27:17
28:8 33:6,21 35:5,6,9,22,23
**discussed** 19:20
**displacing** 21:23
**dispute** 7:24,25
**disregarding** 19:23
**district** 1:2
**docket** 5:12 9:12 34:20
**document** 12:11,18 19:5,6,13,25
20:7 23:4 27:5
**documents** 12:15,19 13:16 14:7,8
18:25 19:14,25 21:3 25:24
26:4,12 31:16,19
**doesn** 7:10 8:2,12 9:2 14:5
16:10 18:17,18 21:18,19 31:24
**doing** 6:10 33:18
**dollars** 16:10 23:11,12
**don** 4:17 5:5 6:11 8:7,20 13:2
13:21 15:2,17 16:15 17:11,24
17:24,25 18:2,17,19,19 20:4
21:8,9 22:19,21 23:23 24:3,4
25:7,7 26:6,7,8 27:13,25 28:4
28:20,21 29:12,13,25 30:6
31:8 32:10,12,13,21 33:25
34:13,23
**door** 14:14 17:10
**doubts** 8:11
**draw** 8:21

**E**

**earlier** 3:17
**early** 12:10,11 16:23 23:15,20

800.523.7887        8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 4

**eastern** 1:2
**effect** 29:14
**effram** 4:19
**eight** 11:19
**either** 17:25 21:4 31:14
**electronic** 1:24 36:18
**eleven** 9:14,16 33:10,17 36:7
**emailed** 4:14
**embezzlement** 1:18
**entered** 11:25 34:9
**entire** 16:11,11,11
**entitled** 9:9 36:19
**entry** 8:6 20:14
**equivalent** 11:3
**escrow** 14:3
**especially** 17:14
**esq** 2:4
**essence** 10:25 11:3
**essentially** 31:17
**estate** 1:9 13:13 21:4
**europe** 19:22
**everybody** 4:10,14,14 20:22,22
  23:2 36:6
**exactly** 20:7
**exam** 18:9
**examine** 18:5
**examined** 18:7
**excuse** 35:8,19
**exist** 8:2
**expressly** 20:13
**extend** 25:14 35:23
**extending** 27:12
**extension** 19:21
**extensions** 30:15
**extensive** 19:13
**extent** 1:15,21

---

**F**

**f** 7:22 8:5
**face** 21:17
**fact** 10:11 15:4 24:13
**facts** 25:18
**factual** 29:13
**false** 1:19,19
**family** 14:25
**far** 8:20 13:13 18:7 29:4,10
**favor** 14:3
**fee** 1:10,14,17,20 5:18
**feel** 18:15,19
**feels** 18:16

**fetman** 1:1,3,10,10,10,13,13,14
  1:17,20 2:1,9,15 3:1,4,12,16
  4:1 5:1 6:1,23,24 7:1 8:1 9:1
  10:1 11:1,11,14 12:1 13:1,7
  13:12 14:1,11,12,13,21 15:1
  16:1 17:1 18:1,24 19:1 20:1
  20:12,13,16 21:1,18 22:1 23:1
  24:1 25:1 26:1,14 27:1 28:1
  29:1 30:1,18 31:1,4,4 32:1,8
  33:1 34:1 35:1 36:1
**fide** 7:24,25
**fiduciary** 1:18
**field** 1:13
**file** 8:10,10 9:8,8,8,9,11
**filed** 4:6 8:6,7,11 10:16
**final** 20:14 30:14
**find** 23:23 24:23,24 25:6 32:18
**fine** 9:5 29:10 33:7,11
**firm** 4:16,18
**first** 6:21,21 14:7 15:19 33:10
  34:2
**five** 6:22 15:6
**floor** 2:14,16
**forced** 22:9,19,21 26:3
**foregoing** 36:17
**foregone** 7:8
**forget** 31:5 32:12
**forward** 24:15 33:13
**found** 12:5
**four** 5:22,22
**frankel** 2:12,13 3:9,9,9,23,24
  4:16 6:19 8:4 34:3,4,8,11,13
  35:2,4,8,11
**fraud** 1:18,19
**fraudulent** 1:11 7:10
**free** 15:20
**front** 32:21
**future** 8:19 10:20

---

**G**

**game** 25:18
**games** 25:16,17
**general** 26:10
**getting** 12:13,15
**give** 19:7 21:11 28:3 30:14
  31:16
**given** 7:3
**gives** 8:8
**giving** 24:6
**go** 6:11 10:7 12:19 15:5,17

800.523.7887        8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 5

17:21 18:12 22:23,23 23:3,17
24:15 28:8 33:13,25
**goes** 22:24,25
**going** 5:15 6:10 19:3 23:16
25:14,17 26:8 28:3,9,25 30:18
31:16 32:17 33:13 34:2,2 36:6
**good** 3:7 5:13 6:6,8,9 16:9,9
33:14,16
**granted** 7:9
**gregory** 2:9,10 3:12
**grew** 17:17
**grounds** 7:22
**guess** 4:3 11:4 15:23 23:16
31:18

### H

**h** 8:8 13:5,9 19:15 23:13 26:23
**habit** 25:15
**half** 14:3
**handled** 4:16
**handling** 34:14
**happen** 19:3
**happened** 29:13,13,16
**happening** 11:9
**happy** 12:17 30:11
**hashanah** 35:20
**hatorah** 1:17,20 2:12 3:10
**haven** 5:6 12:11 27:22 29:4,10
**hear** 4:11
**heard** 6:5
**hearing** 6:4 21:2
**hearings** 23:15,21
**held** 34:24
**hershey** 1:8
**hire** 22:17 23:6
**hired** 22:17
**hit** 5:12
**hold** 5:14,21 9:20
**holiday** 31:2 32:4 33:3
**holidays** 27:14,15 31:5,5
**honor** 3:7 23:16,21 24:5 34:4
35:19 36:11
**honorable** 1:8
**hour** 35:14
**hours** 12:19 21:2
**house** 14:25 16:11,12 17:17
**houses** 17:13
**hundred** 16:10
**hurry** 28:10

### I

**identified** 27:22 29:4,11
**identify** 29:8
**impliedly** 20:13
**import** 13:20
**important** 5:8 13:17,22 18:16,20
19:24 20:4
**inadequate** 12:20
**including** 4:14
**infallible** 24:21
**initial** 20:7
**insurance** 14:10 29:20,24 30:5,5
**insured** 30:13
**int** 1:22
**intended** 12:24
**interest** 1:15,21 14:9
**interested** 30:2
**interesting** 29:23 30:12
**interject** 23:14
**investor** 23:2
**ira** 2:3 3:13,25
**isn** 27:9
**issue** 8:5 9:7 10:8,13 13:16,22
14:2 21:22 29:22
**issues** 12:24 13:3 26:21 34:15
34:18
**items** 6:12

### J

**j** 1:9,13,13
**jacob** 1:1,3,9,17,20 2:1 3:1,4
4:1 5:1 6:1 7:1 8:1 9:1 10:1
11:1 12:1 13:1 14:1,11,12,21
15:1 16:1 17:1 18:1 19:1 20:1
21:1 22:1 23:1 24:1 25:1 26:1
27:1 28:1 29:1 30:1 31:1 32:1
33:1 34:1 35:1 36:1
**jake** 14:12
**joint** 21:24,25 30:20,21
**jointly** 13:6
**judge** 1:8 3:22 4:20,22,22 5:7
5:24 6:8 9:12 22:14 25:17
35:8
**judgement** 1:16 7:4,6,9 8:3,6
11:5,6 21:5,6 34:21,22,25
35:12,15,23,24 36:3
**judgements** 20:14
**judgment** 7:2
**judith** 36:23

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page  6

**july** 12:11  35:4
**june** 11:25  12:9  19:19

---

### K

**kaler** 1:20
**kind** 15:12,13  20:25
**kippur** 35:21
**know** 4:17,23  8:7,19  12:25,25
  13:3,12,20,25,25  14:7,7  15:5
  15:11,11,12,16,18,24,25,25
  16:12,15,18  17:15,22  18:10,13
  19:14  20:2,21,24,24  21:5,6,7
  21:23  22:20,20  23:2,10,12,17
  25:7,8  26:5,10,18  27:4,8,11
  28:4,20  29:12,13,13,14,21
  30:6  31:14  32:10  33:22
**knowledge** 29:5
**krinsky** 2:13  3:9

---

### L

**l** 1:22  2:7,7,10,10,13,13
**landlord** 14:18,20
**larceny** 1:18
**latest** 11:25
**laugh** 16:7
**law** 2:4,10,16  3:13  13:9,20
  26:23
**laws** 15:2  16:12
**lease** 14:12,14,16,25  15:3,21,21
  15:23  17:6  21:10,11,12,13,17
**leased** 15:6
**leaving** 19:19  31:21
**legal** 10:13  13:20  29:14
**legitimacy** 8:12
**letter** 9:8,10,11  12:10
**letting** 25:3
**lien** 1:15,21  7:6,7,13  8:2
**lienholder** 8:3
**liens** 7:24
**list** 22:24
**listed** 5:22  12:4  28:19
**listing** 22:25
**little** 3:17
**live** 17:11,13,16,25,25  18:2,3
  21:9,18,19  22:5
**lives** 16:24  17:3,3,5  21:19  22:9
**living** 15:10  17:21,23
**locate** 27:23
**log** 19:6,8
**logs** 19:12

**long** 22:24  27:13
**longer** 28:15
**look** 5:6,7  17:21  30:11  34:12
**looked** 13:21
**looking** 12:25
**looks** 6:8
**lord** 1:8
**lot** 13:3  16:14

---

### M

**m** 2:9  4:8,20  5:7  6:6  10:11,11
  11:19  12:17,24  23:6,21,25
  25:14  26:13  27:6,12,13  28:3
  28:11,24,24,25  29:5  32:7,25
  32:25,25  33:20  36:5,9
**mailed** 12:4
**main** 13:4
**mark** 2:12  3:9  22:16
**market** 23:7
**marketed** 22:22,22
**massena** 1:23
**matter** 3:3  12:25  18:17,17,18
  21:5  36:19
**matters** 20:15  32:9
**mean** 8:25  11:4  15:8,22  18:13
  20:3,24  22:22  23:3,12  24:6,20
  24:20  25:15  34:17
**means** 21:18  26:6
**memo** 30:20,20,21
**memory** 24:20,20
**mentioned** 14:17  15:3,25  16:2,16
**merkza** 1:20
**messer** 2:9,10  3:12,12  8:25  9:3
  9:5,7  36:9,11
**middle** 31:2
**mile** 22:24
**mine** 6:15
**minute** 11:17  18:12  21:10  30:19
**misremember** 4:8
**moment** 15:13,15  28:21
**monday** 32:22
**money** 1:11,11
**month** 16:11
**months** 9:23  12:18  19:16  20:9,25
**mortgage** 14:9  27:4
**moshe** 1:10,13  2:9  3:12  6:23
  14:12
**motion** 1:12  4:6,21  5:3  10:16
  11:5  18:10  34:22,25  35:12,14
  35:23

800.523.7887        8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 7

**move** 21:6 30:20 33:5
**moving** 33:20,20
**multiple** 22:25
**musso** 1:9,13,13,20 2:7,18 3:8,8
  3:11,11 4:20,24 5:5,16,22,24
  6:2,8 11:12
**mutually** 19:21

**N**

**name** 13:19 14:21 26:21,22 27:5
  29:24
**names** 14:10,10 27:24
**nancy** 1:8
**natur** 1:14,17
**nature** 1:10,21 25:8
**necessary** 36:10
**need** 7:10 8:12,24 11:13,16,22
  12:16 14:5 19:8 27:25 33:22
**needs** 13:17
**net** 14:3
**never** 14:17 15:3,25 16:2,16
  18:9
**new** 1:2,6,17,20,23 2:5,5,8,11
  2:12,14,14,17,17,19 3:10 13:9
  13:20 15:2 26:23 31:13
**news** 15:16
**nine** 6:22
**ninetyfive** 9:14,16
**nonprivileged** 18:25
**normally** 21:22
**notice** 22:24,25 24:10
**notwithstanding** 26:22
**november** 31:3
**number** 1:10
**numbers** 3:3

**O**

**o** 1:22 33:17
**object** 23:9 28:25
**objection** 8:19 9:3 18:24 22:15
  26:10
**objections** 9:2
**obviously** 4:16
**ocean** 17:21 21:20 22:5
**october** 27:15 35:13,15 36:7,7
  36:23
**office** 3:13 33:19,20
**offices** 2:4,10,16
**oh** 5:13,13 11:17 16:6,10 27:15
  34:22

**okay** 3:19 5:15,15,17,20 6:11,21
  7:17,20 8:14 9:11,13,17,17
  10:7,10 11:7,9,11,11,18,19
  11:23 14:15 15:19 18:4 21:15
  23:5 24:5 26:4 29:19 30:19
  31:3 32:2,8 33:15,25 34:23,23
  35:3 36:4,5,12,14
**once** 10:3,3 13:25 23:17
**onefamily** 16:12
**ones** 6:15 16:8
**open** 34:15
**opportunity** 27:23
**opposed** 10:17
**opposing** 19:15
**option** 14:16 32:11
**order** 3:17,18 4:2,3,4 5:4,18
  7:22 9:9 11:21,24 13:8 34:8
  34:24 35:2,5 36:2
**orders** 20:14
**outstanding** 20:2
**outweigh** 13:13
**outweighs** 21:3
**overseas** 19:22
**owed** 7:12
**owned** 13:6 16:22,23
**owner** 21:24,25 30:9,9
**owners** 9:22 14:21,22 15:4

**P**

**p** 1:22 2:7,10,13
**papers** 20:6
**parents** 9:22 15:4 16:17,22 17:8
  17:9 18:11,13,14 28:20
**part** 5:8 7:17 16:23
**partial** 7:3
**partially** 10:5
**particular** 10:12
**particularly** 23:2
**parties** 23:9
**partition** 13:9 26:23
**peek** 5:24 6:3
**pending** 14:4 24:7
**people** 15:12 17:18
**period** 28:16 31:11,13
**person** 17:13 29:8
**phone** 12:10,12
**place** 18:16,20
**places** 23:4
**plaintiff** 12:3 20:12,18
**play** 25:17

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 8

**playing** 25:16,18
**pleaded** 7:8
**pleading** 15:9
**please** 3:6
**pled** 22:7
**point** 8:13,15 10:20 18:4 23:17
**policy** 29:20,24 30:5,5
**popular** 15:15
**position** 16:17
**positions** 15:7
**possession** 19:2 26:11
**potentially** 29:5
**preference** 1:11 7:6,8,9
**prejudice** 8:17,22 9:9
**prepared** 12:7 13:19
**present** 17:9
**presentat** 29:3
**presented** 3:20
**presumably** 30:7
**pretenses** 1:19
**pretrial** 1:9,13,16,19 6:21 11:21,24 30:20,20,21 34:8,14 34:24 35:2,5,25
**pretrials** 34:7
**prevent** 10:4
**price** 22:10
**print** 5:9 25:13,14
**priority** 1:15,21
**privilege** 19:6,8
**privileged** 19:5,9 26:11
**probably** 8:8,24 35:15
**problem** 30:24
**procedures** 1:12
**proceeding** 3:4 6:16 10:5,17 11:2 15:23 20:15,17,18 26:18 26:20 36:15
**proceedings** 1:24 36:18
**proceeds** 14:4
**process** 23:8
**produce** 18:25 19:2,3,12 20:2 26:6,8,11
**produced** 1:24 16:8 19:25
**product** 19:11
**production** 14:7
**prominently** 15:17
**proper** 22:10
**properly** 22:16
**properties** 10:4 14:4 16:21 17:16 18:2

**property** 1:13,15,21 7:22,23 8:4 9:22 10:6 13:5,10,17,23,24,25 14:13,14,22 15:3,5,6,20 16:3 16:18,18 17:22 21:8,11,12,14 22:10 23:7,11 26:24 30:9
**property547** 1:11
**property548** 1:11
**proposed** 22:15
**provision** 7:14
**pull** 5:21
**pure** 10:13
**purported** 21:11
**purportedly** 13:5
**purports** 14:11 21:13
**purposes** 1:12 26:18
**pursuant** 7:22 13:4
**pushing** 30:24
**put** 5:14 9:11 17:18 32:19 35:14 35:14

---
**Q**
---
**question** 16:9 35:15
**questions** 21:7
**quick** 5:24

---
**R**
---
**raise** 12:24
**raised** 13:11 18:9 20:15
**rash** 35:20
**real** 1:13 7:12,12 15:21
**realize** 34:4
**realizing** 22:9,10
**really** 7:10 10:3,12 12:16 14:21 29:12
**reason** 7:7,21 10:12 22:12
**recall** 5:5 23:24 24:3,4
**receipt** 1:10
**received** 20:11
**recognize** 24:19
**record** 3:2 14:21,22
**recorded** 1:24
**recording** 1:24 36:18
**recovery** 1:11,11
**reference** 20:17
**regard** 4:24
**regarding** 20:6
**regular** 25:15
**relayed** 19:20
**relief** 3:18
**reliefs** 4:21

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 9

**relying** 19:15
**remember** 25:5
**remind** 20:12
**rent** 16:5,6,12  17:14
**replaced** 27:2
**reporters** 1:22
**representation** 1:19  4:7
**request** 12:11,18  13:15  19:5,14
  20:3
**requires** 19:5
**reserve** 8:18
**reserved** 12:9
**reserves** 20:16
**resettle** 5:15
**resettled** 5:19
**resettlement** 5:18
**residence** 22:4,5
**residential** 14:11,14,24  16:25
  17:4
**resolution** 14:4
**resolved** 10:3,6  13:17  34:15
**respect** 6:13  8:5  20:15
**responded** 12:11
**responding** 18:18
**response** 12:10  14:6  18:23  20:11
  26:12
**responses** 25:24
**responsive** 18:25
**rest** 13:16
**returnable** 35:13
**reviewed** 5:6
**right** 5:20,20,21  6:9,9,18  7:5
  8:21,23  9:4,6,13,15,19,20,24
  10:2,19,22,24  11:10,11  14:23
  15:15  17:11,18  18:6  20:16
  21:24  22:3,17,17  23:9,10
  24:11  25:5  26:4,9,17,23  27:3
  27:12,16,25  28:7  30:25  31:8
  31:15  32:3,4,7,8  33:24  34:10
  34:12  35:11,14,18
**road** 9:7
**robert** 1:9,13,13,20  2:18  3:8,11
**roommate** 21:23
**rosenberg** 2:7  3:8
**rule** 8:22  28:6,19
**run** 13:23  30:25

---

**S**

**s** 1:10,14,17,21  5:3,8,21,23
  6:16,17,20,23,25  7:12,16  8:4

8:4,11  9:3,14,16,19,21  10:3,3
10:9,9,11,12,25  11:4  12:6,20
12:23  13:2,3,4,19,24  14:2,2,3
14:6,24,24  15:6,11,14,16,18
15:18,22,24  16:9,9,10,12,12
16:14,15,16,16,23,24  17:7,8
17:18  18:2,10,12,22  19:6,7,7
19:9,11,15,22,22  20:3,5,8,8,8
20:17,19  21:7  22:2,4,4,4,14
22:14  23:3,3,12,14,14,16  24:6
24:17  25:2,5,8,8,11,12,21
26:3,4,10,13,14  27:15,16,16
28:6  29:5,6,10,12,14,20,22
30:7,18  31:4,4,12,22,23,23
32:3,10,16,23,24,24  33:3,11
33:13,24  34:8,12,14,20,21,22
34:23,24  35:22,25  36:11
**sail** 15:20
**sale** 1:12  7:17  8:4  9:18,19  16:2
  22:9,16  26:3
**sales** 22:19,21,21,22  23:17  24:4
**saying** 12:11  22:16  24:3  28:12
  28:24  29:5
**says** 20:13
**scheduled** 32:9
**scheduling** 11:21,24  34:24  35:5
  36:2
**section** 8:9
**see** 5:6  29:23  30:2,12  34:20,23
**seeing** 5:5
**seek** 20:16
**sell** 7:22  9:20  10:6,17  13:5,8
  13:10,23,24  15:20  18:10  23:7
  26:23
**selling** 7:23  10:4  21:8
**sense** 31:25  35:13,17,23
**sent** 4:18  5:6,7  12:3,10,18
**september** 28:8,9,23  30:14,21
  31:7,8,10,12  32:4,22  33:17,24
**served** 13:15  27:21  28:14
**serves** 22:24
**service** 1:22,24  29:2
**set** 1:12  10:20  12:21  26:13
  30:17
**short** 13:23
**shortly** 12:12
**shouldn** 27:21
**show** 7:23,23,25  21:3  24:24
**shows** 34:20

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 10

**sides** 10:14
**signed** 3:17
**single** 14:25  22:25,25
**sit** 16:19,22
**sitting** 20:23
**situation** 13:18  27:13
**sixfamily** 16:13
**sixteen** 3:3
**slash** 22:24
**slightly** 28:15
**slow** 6:3
**smack** 30:25
**somebody** 15:16  24:10  25:16  29:7
  29:15
**sorry** 5:7  11:19
**sound** 1:24  36:18
**speak** 4:12  6:15
**speaker** 3:22,25
**specific** 19:6  25:24  26:12
**specifically** 29:4
**spouse** 21:23
**spriggs** 36:23
**stabilization** 15:2  16:12  17:14
**stabilized** 14:12,24  16:5,6
**stand** 17:19  29:15
**start** 33:9,10
**started** 7:25
**state** 4:23  15:2  24:6
**stated** 23:16
**statement** 14:9
**states** 1:2,8
**status** 1:12
**stay** 3:18  4:9,21
**stipulation** 5:3
**stop** 25:18
**street** 2:8,11,16,18  3:15  12:8
**subject** 7:24  18:24
**submitted** 4:3,9,11
**subsequent** 8:6
**succeeded** 8:2
**suggest** 28:10
**suit** 1:10,14,17,21
**suite** 2:5,8,11,18
**summary** 7:3  11:4,5,6,6  21:6
  34:21,22,25  35:12,15,22,24
  36:2
**summons** 12:4,6
**supposed** 14:20  16:7  25:21,22
**sure** 4:20  10:11  26:13  36:9

|  T  |
| --- |

**t** 3:25  4:11,12,17,23  5:5,6,7,17
  6:4,11  7:10  8:2,7,7,12,20,22
  9:2  10:7  12:11  13:2,21  14:5
  15:2,17  16:10,15  17:11,24,24
  17:25  18:2,4,17,17,18,19,19
  19:8,10,11,13,20  20:4  21:8,9
  21:18,19  22:16,17,19,21  23:10
  23:23  24:3,4,16  25:7,7  26:6,7
  26:7,8,11  27:6,6,7,9,9,13,21
  27:22,25  28:4,20,21  29:4,10
  29:12,13,25  30:6  31:8,24
  32:10,12,13,14,21  33:25  34:4
  34:13,23  35:23
**table** 20:23
**take** 5:24  6:3,19  19:16  24:16,17
  25:9  26:14,15  27:24  28:9
**talk** 11:22  12:16
**talked** 24:13,14
**talking** 28:17,18
**tamar** 1:13  2:15  3:16  11:14
**tammy** 13:7  14:11,12,20  21:18
  31:4,4  32:8
**tantamount** 24:6
**tell** 5:5  6:12  20:22  28:18  29:16
**ten** 14:15,16
**terms** 34:15
**thank** 24:5  30:16  36:4,14
**thanks** 6:2
**thing** 8:14  23:10  24:14  33:10
**things** 6:6  7:11  11:15  12:13
  13:2,14  18:22,23  19:7  20:10
  20:19  25:25
**think** 3:22  5:19,22,24  8:24  13:2
  16:15  17:15,20,20,25  22:11
  24:12,12  25:12  28:21  33:2
  35:4
**thinking** 4:8  19:23
**third** 2:14
**thirty** 8:9  36:7
**thought** 25:16  34:14
**three** 11:19  16:19,21  32:9,16
**thursday** 1:6
**till** 30:14  33:21,21
**time** 8:13  17:25  18:17  25:14,16
  27:4  28:11,16  30:25  33:16,22
  35:13
**title** 29:3,8,16,20,24  30:4,5
**today** 4:11  12:15  13:11  14:5,6

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 11

| | |
|---|---|
| 20:11,11 31:23,24 34:19 35:16 | **wait** 11:8,17 21:10,10 |
| **told** 12:23 23:21 27:13 | **waiting** 9:20,25 11:7,8 27:20 |
| **tomorrow** 20:3 | **waived** 20:19 |
| **transcript** 1:24 23:23 24:23,24 | **waiver** 18:24 |
| 25:6 36:17 | **wall** 2:16 3:15 |
| **transcription** 1:22,24 | **want** 8:17,20 12:19 25:7 26:5,15 |
| **transcriptionist** 36:24 | 27:13 28:20 29:6,8 32:5 |
| **transfer** 1:11 8:9 | **wanting** 19:14 |
| **trial** 1:12 9:17,19 10:12,15,21 | **wasn** 6:4 19:10,13 27:6,6,7,9 |
| 27:10 | **week** 5:19 31:18,23,24,25 |
| **true** 9:22 | **weekend** 32:4 33:3 |
| **trust** 9:23 14:2 15:5 | **weeks** 32:16,16 |
| **trustee** 1:9 2:6,18 3:8,11 6:17 | **weiner** 1:13 2:6,7 3:7,7,8,19,21 |
| 6:23 7:3,8,10,11,21,23,24 8:4 | 3:23 4:12 5:19 6:4,6,11,15,19 |
| 8:11 9:19 10:4,6,16 13:4,8,22 | 6:23 7:3,6,15,19,21 8:16,23 |
| 13:24 14:3,6,8 18:10 19:15,19 | 8:25 9:11,16,19,25 10:3,9,11 |
| 19:22 20:19 21:8 22:16,16 | 10:16,20,23,25 11:4,8,8,10,13 |
| 23:6 24:15,25 25:3 26:21,22 | 11:15,20,22,24 14:20,24 15:11 |
| **truth** 15:12,14 | 15:24 16:6,9,21 17:2,4,6,9,12 |
| **try** 31:25 | 17:15,20,24 18:6,8,13,22 |
| **trying** 13:15 27:7 | 19:10,13,17 20:8,21,24 21:13 |
| **tuesday** 5:19 10:22 32:23,24 | 21:16,19,25 22:4,14,20 23:5 |
| **turn** 23:18 26:17 34:3 | 23:22 24:6,9,19,22,25 25:7,11 |
| **turns** 33:21 | 25:20,23 26:4,9,17,20 27:3,8 |
| **twenty** 3:3 | 27:11,15 28:4,7 29:7,12,20,23 |
| **twentyone** 16:10 | 30:3,7,12,17,22,24 31:6,8,20 |
| **two** 12:18,19 19:21 20:2,8,8,25 | 31:24 32:3,6,24 33:3,7,12,16 |
| 21:2 26:21 32:16 | 33:19,23 35:17 36:13 |
| **type** 22:11,23 | **went** 15:6 |
| | **wife** 21:14 |
| **U** | **withdraw** 8:16,21 9:9 |
| **u** 4:9 25:9 31:6 34:6 | **withdrawal** 20:17 |
| **understand** 6:16 9:5 14:15 25:13 | **witness** 29:4,15 |
| 25:14 | **witnesses** 27:23,25 28:4 |
| **understanding** 16:13 23:15 | **woefully** 12:20 |
| **undue** 5:11 | **work** 19:11 |
| **unfortunately** 19:18 | **worked** 13:2 |
| **unhold** 6:9 | **worth** 23:11 |
| **unidentified** 3:22,25 | **wouldn** 24:16 35:23 |
| **united** 1:2,8 | **write** 11:17 |
| **unusual** 13:18 15:18 | |
| **use** 26:8 36:7 | **X** |
| | **x** 23:11 |
| **V** | |
| **validity** 1:15,21 15:23 | **Y** |
| **versus** 6:23 11:12 | **y** 23:6,12 |
| **view** 19:5 20:4,4 | **yaffa** 1:10,14 3:12 6:23 14:13 |
| **virtual** 23:4,4 | **yeah** 4:2 5:25 6:5 15:24 17:2 |
| | 24:8 33:13 34:8,19 35:5 |
| **W** | **year** 14:16 |

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 12

**years** 14:15 15:6
**yesterday** 12:14,23
**yom** 35:21
**york** 1:2,6,17,20,23 2:5,5,8,11
  2:12,14,14,17,17,19 3:10 13:9
  13:20 15:2 26:23 31:13

---
### Z
---

**zero** 6:22 11:19,19

---
### 0
---

---
### 1
---

**1** 1:9,13,17,20 12:2
**10** 1:12
**10005** 2:17
**100061** 2:5
**10022** 2:14
**1065** 3:5
**10th** 1:14 13:25
**110** 2:16
**11242** 2:8,11,19
**11th** 2:14,16 4:10 35:4
**12** 1:11
**12th** 33:6,21,24
**13** 1:11 12:9
**13662** 1:23
**15011195** 1:3
**151195** 3:4
**1543716** 1:1,4 2:1 3:1 4:1 5:1
  6:1 7:1 8:1 9:1 10:1 11:1
  12:1 13:1 14:1 15:1 16:1 17:1
  18:1 19:1 20:1 21:1 22:1 23:1
  24:1 25:1 26:1 27:1 28:1 29:1
  30:1 31:1 32:1 33:1 34:1 35:1
  36:1
**16** 30:22,23
**1601038** 1:4
**1601064** 1:5
**1601065** 1:5
**161038** 3:4
**161064** 3:5
**165** 1:22
**1743** 21:20 22:5
**18** 1:1,6 2:1 3:1 4:1 5:1 6:1
  7:1 8:1 9:1 10:1 11:1 12:1
  13:1 14:1 15:1 16:1 17:1 18:1
  19:1 20:1 21:1 22:1 23:1 24:1
  25:1 26:1 27:1 28:1 29:1 30:1
  31:1 32:1 33:1 34:1 35:1 36:1

**19** 36:23
**1902** 2:5
**1st** 27:21

---
### 2
---

**2** 1:19 28:8,9
**2004** 18:9
**201** 36:23
**2011** 14:16
**2016** 1:1,6 2:1 3:1 4:1 5:1 6:1
  7:1 8:1 9:1 10:1 11:1 12:1
  13:1 14:1 15:1 16:1 17:1 18:1
  19:1 20:1 21:1 22:1 23:1 24:1
  25:1 26:1 27:1 28:1 29:1 30:1
  31:1 32:1 33:1 34:1 35:1 36:1
**2021** 14:16
**21** 1:15,21
**2211** 2:8,18
**23** 1:12
**23rd** 6:10 10:23 11:9
**2400** 2:11
**25th** 31:12,22
**26** 2:8,11,18 28:6,19
**26th** 12:4
**2nd** 28:23 31:12 32:4

---
### 3
---

**30** 1:12 3:15 35:6
**315** 1:23
**31st** 35:7,10
**33** 1:12
**350** 1:10,14,17,20
**363** 7:22 8:5 13:5,9 19:15 22:15
  23:13 26:23
**3rd** 11:25 31:3

---
### 4
---

**4** 1:18
**4305** 1:14 18:3

---
### 5
---

**502** 8:8
**523** 1:17,18
**55** 2:5
**550** 8:9

---
### 6
---

**6** 36:23
**67** 1:17
**6th** 32:5,22,25 35:13,15 36:7,7

800.523.7887          8-18-2016, Brooklyn, NY, In the Matter of J. Fetman Associated Reporters Int'l., Inc.

Page 13

---

**7**

**7696429** 1:23
**7th** 4:10,13  32:5,6,8

---

**8**

**8** 1:1,12  2:1  3:1  4:1  5:1  6:1
 7:1  8:1  9:1  10:1  11:1  12:1
 13:1  14:1  15:1  16:1  17:1  18:1
 19:1  20:1  21:1  22:1  23:1  24:1
 25:1  26:1  27:1  28:1  29:1  30:1
 31:1  32:1  33:1  34:1  35:1  36:1
**800** 2:14
**80s** 16:23
**8th** 33:5,7,14,16,17,25

---

**9**

**91** 1:16
**9th** 30:14  31:7,8,10  32:7