**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach, Esq.
Ira Abel, Esq. (Of Counsel)
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| **Jacob Fetman** | : | Case No. 15-43716-NHL |
| **Debtor**. | : | |

**RESPONSE OF JACOB FETMAN IN OPPOSITION TO (A) TRUSTEE'S APPLICATION FOR AN ORDER FURTHER EXTENDING HIS TIME TO FILE A COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE AND (B) TRUSTEE'S APPLICATION FOR AN ORDER HOLDING THE DEBTOR IN CONTEMPT OF COURT**

Jacob Fetman (the "Debtor"), by and through his counsel, the Law Offices of David Carlebach, respectfully states and alleges as follows:

**SUMMARY OF RESPONSE**

1. By application, dated September 23, 2016 (ECF Doc. No. 127, the "727 Application"), Robert J. Musso, as trustee (the "Trustee") of the Debtor's estate, seeks an order pursuant to Bankruptcy Rule 4004(b) further extending the time for the Trustee to file a complaint objecting to the Debtor's discharge.

2. By application, dated September 29, 2016 (ECF Doc. No. 130, the "Contempt Application," together with the 727 Application, the "Applications"), the Trustee seeks to hold

the Debtor in contempt because of his failure "to produce all of the documents requested by the Trustee . . .[and for] his failure to comply, including payment of the amount already awarded to the Trustee, payment of additional costs and expenses from his failure to comply, and fine the Debtor for his contemptuous behavior . . ." Contempt Application at 7.

3. The Trustee is not entitled to the relief he seeks through the Applications, having failed to properly serve them as required under the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) and Bankruptcy Rules, and having failed to provide sufficient cause for the requested relief. As a result, (a) his time to file a complaint objecting to the Debtor's discharge has expired and (b) he cannot hold the Debtor in contempt for his failure to pay the Trustee the sum of $4,647.18, the amount allegedly due under this Court's Order (ECF Doc. No. 125, the "Order").

## BACKGROUND

4. The 727 Application. The Trustee alleges that his time to object to the Debtor's discharge was extended through various stipulations to September 30, 2016. On the whole, this is unremarkable.[1]

5. The Trustee also alleges that:

a. the Debtor does not intend to comply with this Court's order awarding his attorneys the total sum of $4,647.18, Application at ¶ 4; and

b. The Trustee has not as yet received documents requested at his 2004 examination of the Debtor, Application at ¶ 10.

6. Neither of those allegations are correct.

7. The Contempt Application. The Trustee generally alleges that

[1] The Trustee alleges at paragraph 4 of the 727 Application that he forwarded to the Debtor's counsel a proposed stipulation further extending the Trustee's time to September 30, 2016 and the Debtor refused to consent. This is incorrect. The Debtor, by his counsel, consented to the stipulation, but, nevertheless, and without any need to do so, the Trustee's counsel filed a motion. There was never any reason to move for the requested relief.

> As of the date of this application, the Debtor has not produced any more documents [requested at the Trustee's 2004 examination of the Debtor]. Debtor's counsel stated that more documents will be produced on September 30, 2016, but the Trustee does not know if the documents would be all that he requested on June 9, 2016. Based on the Debtor's history, the Trustee is skeptical that the Debtor will produce all the documents. It is for this reason that the Trustee requests an order directing the Debtor to produce all the documents.

Contempt Application at ¶6. The Trustee further alleges that

> Debtor's counsel had sent emails to the Trustee stating that the Debtor will not pay the Trustee the fees and costs awarded by this Court. . . . The excuse given by counsel is that the Debtor does not have the money (although he collects substantial rents each month from properties that the Trustee believes he fraudulently transferred to his wife and he appears to be capable of paying his attorneys), but the Debtor has not asked the Court to relieve him from the terms of the order, nor would such relief be proper under the circumstances of this case.

Contempt Application at ¶ 7.

8. The requested documents were served upon the Trustee on September 30, 2016, as was agreed between counsel.

**FACTUAL, LEGAL AND PROCEDURAL BASES FOR REQUESTED RELIEF**

9. The Trustee's Procedural Errors. The Debtor objects to the Application on procedural and legal grounds.[2] By failing to follow correct procedure under the Bankruptcy Rules, the Trustee has failed to provide due process to the Debtor under the United States Constitution.

10. Under the 727 Application, the Trustee seeks an extension of time under Bankruptcy Rule 4004(b).[3] Bankruptcy Rule 4004 states in relevant part as follows:

---

[2] *See Kontrick v. Ryan*, 540 U.S. 443, 452, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004). The Debtor will lose his rights to object to the Trustee's procedural errors if he fails to prosecute them. "[A] claim-processing rule . . . even if unalterable on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Id*., 540 U.S. at 457.

[3] Notice of Motion of Trustee for an Order Further Extending his Time to Object to Discharge, dated September 23, 2016 (ECF Doc. No127, the "Notice").

> Time for Objecting to Discharge; Notice of Time Fixed. In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). . .
>
> . . . .
>
> Extension of Time. On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

Bankruptcy Rule 4004(a), (b)(1).

11. "A motion to extend time to object to discharge and/or dischargeability is a contested matter . . . " *In re Kramer*, 492 B.R. 366, 370 (Bankr. E.D.N.Y. 2013). A motion for an order of contempt is also a contested matter. Bankruptcy Rule 9020. Bankruptcy Rule 9014, governing contested matters, states in relevant part as follows:

> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. . . .
> (b) Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). . . .

Bankruptcy Rule 9014(a), (b).

12. Bankruptcy Rule 9006(d) is not the only provision of Bankruptcy Rule 9006 that is relevant to the Trustee's failure to serve the Applications properly. Bankruptcy Rule 9006(b) states in relevant part as follows:

> Enlargement Governed By Other Rules. The court may enlarge the time for taking action under Rule[] . . . 4004(a), . . . only to the extent and under the conditions stated in [that] rule[.]

Bankruptcy Rule 9006(b)(3).

13. Bankruptcy Rule 7004 states in relevant part as follows:

> (b) Service by First Class Mail. Except as [otherwise] provided . . . service may be made within the United States by first class mail postage prepaid as follows:
>
> . . . .

> (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

Bankruptcy Rule 7004(b)(9).

14. If the original pleading is timely but deficient, "a court may exercise its discretion to permit an amendment after the expiration of the deadline *if the original pleading puts the debtor on notice* of the grounds for objection . . . " 2 Hon. Nancy C. Dreher, Hon. Joan N. Feeney, Michael J. Stepan, Esq., BANKRUPTCY LAW MANUAL, § 10:26 (5th ed. 2013) (emphasis added).

15. *In re Kramer* addresses the issues at stake here, and is helpful in untangling the procedural knots for both Applications. In *Kramer*, a creditor filed an objection to a proposed order denying its motion to extend the time to object to a Chapter 7 debtor's discharge or the dischargeability of a debt under Bankruptcy Rules 4004 and 4007. The debtor objected to the motion because (a) it failed to demonstrate cause for an extension under Bankruptcy Rules 4004 and 4007 and (b) service of the motion was not made upon the debtor as required by Bankruptcy Rules 9014 and 7004 prior to expiration of the time to object to discharge or dischargeability.

16. The *Kramer* Court determined that a motion to extend time to object to discharge or dischargeability was a contested matter governed by Bankruptcy Rule 9014, which required service to be made pursuant to Bankruptcy Rule 7004. Because the creditor failed to serve the debtor as required by Rule 7004(b)(9), its motion was defective.

17. Here, the Trustee did not comply with Bankruptcy Rule 7004(b)(9). As set forth in the affidavits of service filed with the Court (ECF Doc. Nos. 128 and 131), the Trustee did not serve the Debtor, as required, but instead served only the Debtor's counsel. The Trustee appears

to have followed Bankruptcy Rule 7004(b)(8), which generally states that sufficient service may be made

> [u]pon any defendant, . . . if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

Bankruptcy Rule 7004(b)(8). However, the requirements of Bankruptcy Rule 7004(b)(8) are in addition to, and not in replacement of, Bankruptcy Rule 7004(b)(9).

18. It is also possible that the Trustee erroneously served the Debtor's counsel under Bankruptcy Rule 7005, which applies Rule 5 of the Federal Rules of Civil Procedure to bankruptcy cases. FRCP 5(b)(1) entitled "Service: How Made," states, in relevant part:

> Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

FRCP 5(b)(1). However, "[s]ervice on an attorney pursuant to Rule 5 of the Federal Rules of Civil Procedure . . . only relates to any paper served after the initial contested motion to which it relates is served." *Kramer*, 492 B.R. at 370 – 71.

19. Cause to extend the Trustee's Time. Bankruptcy courts in the Second Circuit consider the following relevant factors in determining whether cause exists to extend the time to object to a debtor's discharge:

> (1) whether the creditor has received sufficient notice of the deadline and information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*Kramer*, 492 B.R. at 371, citing *In re Chatkhan*, 455 B.R. 365, 367-8 (Bankr. E.D.N.Y. 2011) (quoting *In re Bressler*, No. 06-11897, 2007 Bankr. LEXIS 93, at *3 (Bankr. S.D.N.Y. Jan. 12,

2007); *In re Gotay*, No. 05-12118, 2005 Bankr. LEXIS 3479 (Bankr. S.D.N.Y. Aug. 30, 2005); *In re Nowinski*, 291 B.R. 302, 305-6 (Bankr. S.D.N.Y. 2003).

20. The Trustee was fully aware of the deadline by which a complaint was required to be filed to object to the Debtor's discharge. 727 Application at ¶ 4. This case is not any more complex than normal for a small "asset" case, in which a trustee must commence litigation to recover property. The Trustee admits that he has commenced litigation (a) to recover property of the estate, which he alleges has been fraudulently transferred and (b) also seeks to partition property pursuant to 11 U.S.C. § 363(h), which, in and of itself is not a reason to deny a debtor a discharge. Application at ¶¶ 8, 9; 11 U.S.C. § 727. He also alleges that he "is waiting for further documents so as to be able to complete the Rule 2004 examination and his investigation of the Debtor." Application at ¶ 10.

21. It is hard to believe that the Trustee can assert both that, on the one hand (a) the Debtor's property has been fraudulently transferred, Contempt Application at ¶ 7 (which means that the Debtor is not the owner and is not entitled to the rents and profits derived from that property), and, on the other (b) the Debtor "collects substantial rents each month from properties that the Trustee believes he fraudulently transferred to his wife . . . " *Id*. Either the Debtor owns the property or his wife does. Either the Debtor is entitled to the rents and profits or his wife is. Both cannot logically be true.

22. The Trustee also asserts that the Debtor "appears to be capable of paying his attorneys . . ." *Id*. The Trustee's belief in the Debtor's financial "appearance" is irrelevant and, in any event, the Debtor has not paid any substantial amounts to his counsel.[4]

[4] In or about July, 2016, the Debtor paid approximately $1,800 to his counsel. No other payments have been received by the Debtor's counsel.

23. These statements of "cause" do not rise to the level required to trigger this Court's discretion to permit the Trustee to "permit an amendment after the expiration of the deadline." 2 BANKRUPTCY LAW MANUAL, *id*. The requested documents were provided to the Trustee on September 30, 2016, as agreed between the Debtor's and the Trustee's counsel. (*See* ECF Doc. No. 133). The Trustee failed to exercise sufficient diligence by his failure to serve the Debtor as required under the Bankruptcy Rules. The Debtor cannot possibly have acted in bad faith, because the Trustee did not provide him with an opportunity to consent to the requested relief. The Trustee's request to partition property has been resolved, as the Trustee announced in open Court on October 6, 2016. There is no other forum that will result in collateral estoppel of the issues at stake.[5]

24. The sole cause to extend the Trustee's time to object to the Debtor's discharge that is reasonably offered by the Trustee is the Debtor's alleged "refusal" to comply with this Court's Order (ECF Doc. No. 125) to pay the Trustee the sum of $4,647.18.[6] The Trustee did not, on September 23, 2016, need further "investigation" to object to the Debtor's discharge for his alleged violation of that Order. *See* 11 U.S.C. § 727(a)(6)(A). The Trustee's assertion that "the Debtor has no intentions of making payment as directed by this court," Application at ¶ 7, is incorrect, because, the Trustee well knows, the Debtor is unable to comply with the Order.[7]

---

[5] The Debtor's counsel has submitted stipulations to the Trustee's counsel to permit certain appeals, now pending in the Supreme Court of the State of New York, Second Department, to proceed without determination of property rights. In any event, the appeals in question will not determine whether property was transferred fraudulently.

[6] This statement is imprecise. The Trustee asserts that the amount was "awarded" as counsel fees, Application at ¶ 7. The Order did not grant the Trustee an award, but instead directed that the Debtor could avoid contempt by paying the Trustee "legal fees in the amount of $4,375.00 and costs of $272.18, inclusive of the court reporter's charges . . . " Also, the payment was to be made to the Trustee, not to his attorneys. Moreover, although the total amount is indeed $4,647.18, the amount is in no way an "award." Awards of compensation and reimbursement, *e.g.*, counsel fees, are granted under 11 U.S.C. §§ 330 and 331.

[7] Transcript of 2004 Exam held on June 9, 2016 at 8, line 3 – 9, line 5 (annexed hereto as Exhibit 1):

> Q (By Mr. Weiner) You're not currently working?
> A (By the Debtor) No.
> Q How do you occupy your day?
> A I learn throughout the day. Kollel, K-O-L-L-E-L. It's learning full-time, full day.

25. In any event, to the extent that the Trustee implicitly seeks authority from this Court to permit the Trustee to serve the Application on the Debtor "*nunc pro tunc*," such relief cannot be granted:

> The doctrine of "[n]unc pro tunc, Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." . . An extraordinary remedy, *it may not "be used to revise history, but only to correct inaccurate records*." . . . Thus, an order for nunc pro tunc relief "is granted only in extreme cases," and is meant to "correct the record, not to alter substantive rights."

*In re Buckskin Realty, Inc.*, 525 B.R. 4, 8 (Bankr. E.D.N.Y. 2015)(Lord, J.)(internal citations omitted, emphasis added).

---

Q You don't partake in any business activities?
A No. I help people and friends when I am requested, you know. I'm asked, but I don't get any compensation for that.
Q You don't have any current role in helping to run any businesses or manage any properties?
A Like I said, from time to time, if I'm asked, I help. But not in any official capacity. Not for compensation.
Q So how do you pay your bills?
A I'm supported by my parents and my wife.
Q Where does she work?
A Merkaz, the Center, Inc. M-E-R-K-A-Z, The Center, Inc.
Q What's [her] role at Merkaz?
A She's an executive director.
Q And your role?
A I have no role.
Q Have you ever had a role?
A At some point, I was doing the accounting work for them.

Transcript of 2004 Exam held on June 9, 2016 at 173, line 23 – 175, line 4 (annexed hereto as Exhibit 2):

Q (By Mr. Weiner) So you don't know whether Merkaz is paying any of your other personal expenses?
A (By the Debtor) I have no idea.
Q So a bank statement just comes to the house and you just don't look at it?
A Some of them don't even come to the house. Some of them come to the building, straight.
Q Your personal bank statements?
A Personal, as in?
Q Personal. The Citibank accounts --
A Oh, I thought you were asking about Merkaz.
Q Right now, I'm asking about the Citibank accounts.
A Oh, the Citibank. I think it does come to the house, but I don't believe, you know as I said before, I don't produce any income. So there is no, really, any reason for me to look at it, verify, check, or whatever. I don't really --
Q You're not curious as to how much money is in the family bank account?
A I hear about it.
Q Whether the family has enough money to pay its bills?
A I know it's difficult. That's enough.
Q You don't feel responsible, as someone who was the primary breadwinner for many years, for taking care of the family?
A I certainly do. That's why I bet on this appeal.

26. Similarly, neither the doctrine of "excusable neglect," *see* Bankruptcy Rule 9006, nor the Court's general equitable powers, *see* 11 U.S.C. § 105, can offer a cure for the Trustee's procedural deficiencies. *See In re Brown*, 2008 WL 717649 (Bankr. N.D. AL 2008) (the deadline for filing complaints under §§ 523 and 727 cannot be extended after they have passed based on an excusable neglect argument, nor may the court use its equitable power under § 105 to do so).

27. The Trustee's failure to serve the Applications on the Debtor, combined with the Trustee's failure to serve the Debtor with the requested stipulation, 727 Application at ¶ 5, are fatal defects to the relief requested. Simply, the Trustee has failed to provide the Debtor with the notice required under Bankruptcy Rule 7004(b)(9). Having failed to do so within the time permitted by the Bankruptcy Rules, he cannot now go back in time to do it correctly.

28. Response to the Trustee's Request for Payment. In addition to his failure to serve the Contempt Application correctly, the Trustee has asserted that the Debtor does not intend to comply with this Court's order awarding his attorneys the total sum of $4,647.18, Application at ¶ 4. This is not correct, as the Trustee is well aware.

29. The Debtor is financially unable to comply with the Order. He has provided the Trustee with all documents available showing his lack of financial resources and has testified that he has no income. He is simply unable to comply with the Order.

30. Trustee's Request for Additional Documents. The Trustee has asserted that he has not yet received documents requested at his 2004 examination of the Debtor, 727 Application at ¶ 10; Contempt Application at ¶ 8.

31. Attached hereto as Exhibit 2 is a copy of the response to the Trustee, served on September 30, 2016, without exhibits, showing the detailed response to the Trustee's document demand. The Debtor has fully and timely complied with all of the Trustee's document

production requests and has appeared for all scheduled examinations, all of which have been adjourned without date. Order at 2.

32. Trustee's Failure to set forth Cause for Contempt. The Trustee asserts, without evidence, that the Debtor has refused to comply with the Order. This is insufficient on its face to provide cause to grant the Contempt Application.

33. There are three elements for civil contempt.[8]

> A party may be held in civil contempt for failure to comply with a court order if (1) the court's order is clear and unambiguous, (2) the evidence of the contemnor's noncompliance is clear and convincing, and (3) the contemnor did not diligently attempt to comply in a reasonable manner.

*Vehifax Corp. v. Georgilis (In re Tires R Us Ltd.)*, 2016 Bankr. LEXIS 2324 at [*20] (Bankr. E.D.N.Y. 2016).

34. The Trustee cannot show these elements at the clear and convincing level of proof. The relevant provision of the Order is:

> [I]n order for the Debtor to avoid contempt, the Debtor shall pay the Trustee legal fees in the amount of $4375.00 and costs of $272.18, inclusive of the court reporter's charges, within fourteen (14) days of the date of this order . . .

Order at 2.

35. Apart from the issue of whether the Order grants an award (or not), the Trustee has not produced any evidence at the requisite standard of proof. As has been set forth above, and as the Trustee well knows, the Debtor has no ability to "diligently comply" with the Order.

---

[8] The Trustee has not set forth whether he is seeking civil contempt, which is coercive and remedial in character, or criminal contempt, which is punitive and used to vindicate the authority of the Court. *Pereira v. Dieffenbacher (In re Dieffenbacher)*, 2016 Bankr. LEXIS 3171 at [*8 – 9], 556 B.R. 79 (Bankr. E.D.N.Y. 2016); *New York State NOW v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998). The Debtor can only assume that the Trustee is seeking civil contempt because the Order contains a "purge" provision. *See New York State NOW v. Terry*, 159 F.3d at 94 ("A purge provision permits the contemnor to escape a fine by conforming his conduct to the court's order or by declaring an intention to do so. The absence of a purge provision means that the fine will be imposed regardless of reform and commitment to obey. A fine without a purge provision therefore suggests an intention to punish past misconduct rather than to insure future lawfulness."

Moreover, for the Trustee's "clear and convincing" evidence of the Debtor's failure to diligently comply with the Order, the Trustee has merely offered the Debtor's "appearance," without any statement of why the Debtor's financial circumstances have changed since the date of the 2004 examination.

**RESERVATION OF RIGHTS**

36. The Debtor expressly reserves the right to amend, modify or supplement this Response.

WHEREFORE, the Debtor respectfully requests that the Trustee's Applications be denied.

Dated: New York, New York
November 1, 2016

**LAW OFFICES OF DAVID CARLEBACH**
*Attorneys for the Debtor*

By: *s/ Ira Abel*
David Carlebach, Esq.
Ira Abel, Esq. (Of Counsel)
55 Broadway, Suite 1902
New York, New York 10006
(212) 785-3041
david@carlebachlaw.com
ira@carlebachlaw.com

Index of Exhibits

Exhibit 1: Transcript of 2004 Examination of Jacob Fetman held on June 9, 2016 (selected pages).

Exhibit 2: Response to the Trustee, served on September 30, 2016, without exhibits.