UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                 Case No.: 15-43716-nhl

Jacob Fetman,                                                    Chapter 7

                                        Debtor.
-------------------------------------------------------------x

# TRUSTEE'S RESPONSE TO OPPOSITION
# TO MOTION TO EXTEND TIME TO OBJECT

TO THE HONORABLE NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE:

        Robert J. Musso ("Trustee"), by his attorneys, Rosenberg, Musso & Weiner, as his response to the opposition filed by Jacob Fetman (the "Debtor") to the Trustee's motion to extend his time to the Debtor's discharge, respectfully represents:

        1. On August 11, 2015 ("Filing Date"), an involuntary petition for relief under Chapter 11 of Title 11 United States Code (the "Bankruptcy Code") was filed against Jacob Fetman (the "Debtor") and on October 28, 2015, the Trustee was appointed as trustee of the Debtor's estate. On November 21, 2015, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code.

        2. The Trustee filed his motion for an order extending the Trustee's time to object to discharge on September 23, 2016. If granted, this would be the third extension in this case. The Debtor, by counsel, signed the first stipulation extending the Trustee's time to object until May 31, 2016. As that date approached, the Trustee sent Debtor's counsel another stipulation extending his time to object. When Debtor's counsel failed to sign and return the stipulation, the Trustee, on May 26, 2016, filed a motion to extend. Debtor's counsel received

notice of the motion by ECF. That motion was served on Debtor's counsel and the Office of the United States Trustee, but not on the Debtor. After Debtor's counsel received notice of the Trustee's motion to extend, he signed the stipulation extending the Trustee's time to object. That stipulation, like the first one, was signed by Debtor's counsel only and not by the Debtor. The Debtor did not object to the manner of service of the Trustee's prior motion to extend. In September 2016, the Trustee sent Debtor's counsel a third stipulation extending the Trustee's time to object. When Debtor's counsel failed to sign the stipulation, the Trustee filed another motion to extend his time to object. The motion was served on Debtor's counsel on September 23, 2016, but not on the Debtor. On November 1, 2016, the Debtor filed his objection to the motion, alleging that the Trustee failed to serve his motion in accordance with the Federal Rules of Bankruptcy Procedure because the Trustee did not serve the Debtor.  For the reasons set forth in this response, the Trustee submits that service was proper and that he has shown more than sufficient cause for extending the time to object. The Trustee also submits that even if this Court finds that the Trustee made a procedural error, the Debtor waived his right to object to the manner of service.

      3.    The Debtor cites the Supreme Court case of *Kontrick v. Ryan*, 540 U.S. 443 (2004) for the proposition that a Debtor loses his right to object to a Trustee's procedural errors if he fails to prosecute them. The Trustee submits that even if this Court finds that the Trustee made a procedural error by failing to serve the Debtor with the motion to extend, the Debtor's behavior in this case shows that he has failed to prosecute his right to service and has waived any procedural rule requiring him to be served. The Debtor, either implicitly or explicitly, consented to two extensions of time, extensions that were signed by his counsel alone and not by him.

When the Trustee filed a motion to extend in May 2016, the Debtor did not object to any defect in service, but instead had his counsel sign an extension of the Trustee's time to object. Having given the Trustee two prior extensions through counsel alone and having failed to object to the Trustee's prior motion to extend his time to object, served only on his counsel, the Debtor waived any of his rights to object to any procedural error in the service of the second motion to extend.

4. The Trustee found two conflicting cases on the issue of service of a motion to extend time to object. The case cited by the Debtor, *In re Kramer*, 492 B.R. 366 (Bankr. E.D.N.Y. 2013), held that service on both the Debtor and his counsel is required because the motion is a contested proceeding. That case disagreed with the district court case of *Philmar Jewelers, Inc. v. Cirkinyan (In re Cirkinyan)*, 192 B.R. 463 (D. N.J. 1996), which held that service only on Debtor's counsel is proper because a motion to extend the time to object to discharge is part of the adversary proceeding itself and therefore service only on opposing counsel is proper service. Neither case is binding on this Court. The Trustee submits that this Court should follow the *Cirkinyan* case and find that service of the motion to extend was proper in this case, especially given the Debtor's consent to two prior extensions signed only by his counsel and his failure to object to the manner of service of the Trustee's prior motion to extend.

5. The court in *Kramer*, 492 B.R. at 371 also found that the creditor did not show cause to extend its time to object. In this case, the Trustee has ample cause. Courts in this district use five factors in determining whether cause to extend the time to object exists, whether the creditor received notice, the complexity of the case, whether the creditor has exercised diligence, whether the debtor has refused to cooperate in bad faith, and the possibility that proceedings in

another forum will result in collateral estoppel of any relevant issues. *See, e.g. In re Chatkan*, 455 B.R. 365, 367-78 (Bankr. E.D.N.Y. 2011). The Trustee can show the presence of three of the factors, which results in the Trustee demonstrating cause under the relevant case law. This is a complex case. The Debtor was found in arbitration and state court proceedings to have stolen millions of dollars from his prior employer, and the Debtor pleaded guilty to stealing at least some of that money. In connection with the arbitration case, the Debtor gave a financial statement that he owned assets worth several millions of dollars. As of the Filing Date, many of those assets were no longer in the Debtor's name. The Trustee's efforts to untangle the complex web sown by the Debtor and to recover assets transferred by the Debtor to family members and related entities will take much time and effort. Unlike *Kramer*, this is not a normal chapter 7 case. Unlike the creditor in *Kramer*, the Trustee has been diligent in pursuing his rights. The Trustee applied for and received a Rule 2004 order for the examination of the Debtor and the production of documents. When the Debtor failed to produce documents and appear for examination, the Trustee filed a motion to hold the Debtor in contempt, which resulted in a direction to produce and appear and an award of fees. Although the Debtor did ultimately produce some documents and appear for examination, the Debtor only produced more documents in September 2016 and on November 1, 2016. The Trustee is reviewing the documents produced by the Debtor to see if all the requested documents have no been produced so that the Trustee can continue the Rule 2004 examination. The Trustee has been extremely diligent in asserting his rights. The Debtor has also acted in bad faith. The Trustee was forced to file a motion for contempt to get the Debtor to produce documents and appear for examination. This Court awarded the Trustee costs for that motion, which the Debtor has not yet paid. The Debtor

produced documents as recently as November 1, 2016. The Debtor, despite the pending Rule 2004 exam, his failure to produce all the requested documents, and his failure to comply with this Court's order directing him to pay the Trustee costs and expenses, refused to sign a third extension. Because the Trustee has shown three of the factors used to demonstrate cause, any one of which would be sufficient, the Trustee has shown cause for the extension.

6. Courts favor interpretation of the rules that permit matters to be heard on their merits. *Cirkinyan*, 192 B.R. at 646, *citing Forman v. Davis*, 371 U.S. 178 (1962). This Court should not allow this Debtor to use a technical reading of the Rules to avoid a hearing on the merits of whether he is entitled to a discharge, especially not when the Rule relied on by the Debtor may not apply, that even if it does, the Debtor waived his right to use the procedural rules, when the Debtor has acted in bad faith in this case, and when the Trustee has demonstrated more than sufficient cause for an extension of his time to object to the Debtor's discharge.

**WHEREFORE**, it is respectfully requested that this Court overrule the Debtor's opposition and grant the Trustee's motion, together with such other and further relief as is just and proper.

Dated: Brooklyn, New York
       November 7, 2016

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for the Trustee

By: /s/
    Bruce Weiner
    26 Court Street, Suite 2211
    Brooklyn, New York 11242
    (718) 855-6840