**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach, Esq.
Ira Abel, Esq. (of Counsel)
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com
       ira@carlebachlaw.com

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
———————————————————x
                        :
In re:                      :           Chapter 7
                        :
**JACOB FETMAN,**       :           Case No. 15-43716-NHL
                      :
              Debtor.    :
----------------------------------------------------x

<u>**DEBTOR'S MOTION FOR AUTHORITY TO COMMENCE AVOIDANCE ACTION**</u>

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

      Jacob Fetman (the "Debtor"), by his counsel, the Law Offices of David Carlebach, respectfully represents as follows:

<u>**SUMMARY OF REQUESTED RELIEF**</u>

      1.      Prior to the Petition Date, the Debtor held the sum of $134,435.82 (the "Funds") in a qualified retirement account (the "Retirement Account") at Metropolitan Life Insurance Company, 200 Park Avenue, New York, NY 10166-0188 ("MetLife").

      2.      On or about June 25, 2015, within ninety (90) days of the Petition Date (defined below) Aish Hatorah New York, Inc. ("Aish") served a notice of levy on MetLife and caused MetLife to transfer all of the Funds saved for the Debtor's retirement to Aish.

1

3.      The Debtor desires to recover the Funds through an adversary proceeding against Aish and MetLife, include them in his estate, and exempt them under 11 U.S.C. § 522(g) and (h) and Fed. R. Bankr. P. 7001 *et seq*. as preferential and fraudulent transfers of property that the Debtor could have exempted.

4.      The Trustee (defined below) has failed or declined to recover the Funds for the estate.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, Fed. R. Bankr. P. 7001 *et seq.* and the amended standing order of reference, dated December 5, 2012.

6.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) (A), (E), (F), (H) and (O) because it seeks(a) a determination whether certain funds are property of the estate, (b) the Debtor's entitlement thereto, (c) a direction that Aish turn over the Funds to the Debtor (d) a determination that Aish has been the beneficiary of a preferential payment, (e) a determination that Aish has been the beneficiary of a fraudulent transfer or conveyance and (f) a determination that affects the adjustment of the debtor-creditor relationship.

7.      The relief sought is within this Court's exclusive jurisdiction under 28 U.S.C. § 1334(e).

8.      Venue is proper in this Court under 28 U.S.C. § 1409(a).

## BACKGROUND AS TO THE BANKRUPTCY CASE

9.      On or about August 11, 2015, an involuntary petition (the "Involuntary Petition") was filed by Moshe Fetman against the Debtor under Chapter 7 of the Bankruptcy Code.

10.      On September 7, 2015, creditor Aish Hatorah filed a motion seeking, among other things, the appointment of an interim Chapter 7 Trustee (the "Appointment Motion").

11.     On October 22, 2015, (the "Appointment Hearing") a hearing was held to consider the Appointment Motion (the "Appointment Hearing").

12.     At the Appointment Hearing the Court, among other things, directed the parties to enter into a stipulation lifting the automatic stay so that the Debtor could pursue the Appeals.

13.     On October 26, 2015, after notice and a hearing, the Court issued an Order directing the U.S. Trustee to appoint an interim Chapter 7 Trustee (the "Interim Appointment Order.

14.     Thereafter, Robert J. Musso was appointed Interim Chapter 7 Trustee.

15.     On October 27, 2015, the Debtor moved to convert the case to one under Chapter 11 of the Bankruptcy Code (the "Conversion Motion").

16.     On November 17, 2015, the Court held a hearing on the Conversion Motion.

17.     On the record of said hearing, the Debtor consented to the entry of an order for relief under Chapter 7 of the Bankruptcy Code.

## BACKGROUND TO THIS MOTION

18.     On or about June 24, 2015, the Funds held in the Retirement Account totaled $138,533.80.

19.     On or about June 24, 2015, Aish served a notice of levy upon MetLife.

20.     On or about June 25, 2015, MetLife notified the Debtor that, as ordered in the notice of levy, it transferred the entire balance of the Retirement Account to Aish.

21.     On or about June 30, 2015, MetLife notified the Debtor that, prior to the Transfer, it had deducted from the Funds the sum of $9,953.94 as withdrawal charges (the "Withdrawal Charges") on account of the Transfer.

22.     The funds in the Retirement Account are funds that the Debtor could have exempted under 11 U.S.C. § 522.

3

23.    The Withdrawal Charges are funds that the Debtor could have exempted under 11 U.S.C. § 522.

24.    Upon information and belief, the Trustee has failed or declined to exercise his rights to recover the Funds under the bankruptcy code.

25.    Upon information and belief, the Trustee has failed or declined to exercise his rights to recover the Withdrawal Charges under the Bankruptcy Code.

26.    The Debtor therefore has standing and is qualified to exercise the Trustee's rights to recover the Funds and the Withdrawal Charges by commencing an adversary proceeding against Aish and MetLife.

27.    The Debtor seeks to recover the Funds and Withdrawal Charges for his estate and exempt them under 11 U.S.C. § 522.

28.    The Debtor seeks a judgment against MetLife directing it to refund the Withdrawal Charges to the Debtor.

## **LEGAL BASES FOR REQUESTED RELIEF**

29.    Section 522 of the Bankruptcy Code states in relevant part:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of [Section 522] if the trustee had avoided such transfer, if—
    (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
    (2) the trustee does not attempt to avoid such transfer.
(i)    (1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of [Section 522], the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of [Section 522].
    (2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of [Section 522], or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt

4

> such property under subsection (g) of [Section 522] or paragraph (1) of [Section 522].

11 U.S.C. § 522(h), (i).

30.     Section 282 of the New York State Debtor & Creditor Law, entitled "Permissible Exemptions in Bankruptcy," states in relevant part:

> Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, . . . the following property:
>
> . . . .
>
> The debtor's right to receive or the debtor's interest in: . . . all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan or contract does not qualify under section four hundred one (a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended.

NYS Debtor & Creditor Law § 282

31.     Typically, only a trustee may recover assets through chapter 5 avoidance actions. However, where a trustee fails or declines to do so, an individual debtor may bring such actions, if the assets to be recovered impair the debtor's exemptions. *Humphrey v. Herridge (In re Humphrey)*, 165 B.R. 578, 579-80 (Bankr. D.Md. 1993); *see also Higgins v. Erickson (In re Higgins)*, 270 B.R. 147, (Bankr. S.D.N.Y. 2001).

32.     In *Humphrey*, the Court found that a five part test was required to authorize a chapter 7 individual debtor to commence avoidance actions:

> The statutory framework for the debtors' standing to bring a preference action is provided by Sections 522(h), 2 522(g)(1), 3 and 547(b) of the Bankruptcy Code. Based upon this authority, a Chapter 7 debtor must satisfy the following five-part test:

5

> a. The debtor could have exempted the property which is the subject of the alleged preference;
> b. The transfer would have been avoidable by the trustee under Section 547;
> c. The trustee has not attempted to avoid the transfer;
> d. The transfer was not a voluntary transfer of property by the debtor; and
> e. The property was not concealed by the debtor.

*Humphrey* at 579-80.

33.    The *Higgins* court held, in relevant part

> The Bankruptcy Code provides only one statutory basis for a Chapter 7 debtor to exercise the avoidance power of Section 547(b), namely, Section 522, which is designed to give limited protection to a debtor's exemptions . . .

270 B.R. at 153, citing *Price v. Manufacturers and Traders Trust Co. (In re Price)*, 260 B.R. 653, 654-55 (Bankr. W.D.N.Y. 2001), *In re White*, 258 B.R. 129, 131-34 (Bankr. D.N.J. 2001), and *Humphrey v. Herridge (In re Humphrey)*, 165 B.R. 578, 579-80 (Bankr. D.Md. 1993).

## **REQUEST FOR RELIEF**

34.    The Debtor wishes to recover the Funds and, to the extent that the Withdrawal Charges are property that the Debtor could have exempted, to recover the Withdrawal Charges as well.

35.    The five point test set forth in *Humphrey* is satisfied here.

> a. The debtor could have exempted the Funds and the Withdrawal Charges, which are the subject of the alleged preference or fraudulent transfer;
> b. The transfer would have been avoidable by the trustee under Sections 544, 547, 548 or 550;
> c. The trustee has failed or declined to commence an action to avoid the transfer;
> d. The transfer was not a voluntary transfer of property by the debtor; and
> e. The property was not concealed by the debtor.

36.    The Debtor respectfully submits that he should be authorized to recover the Funds and the Withdrawal Charges under Chapter 5 of the Bankruptcy Code inasmuch as the

involuntary transfer of those funds impairs the Debtor's exemption of the funds he saved for his retirement.

## NOTICE

37.     The Debtor intends to serve this Motion, all exhibits annexed thereto, and all supporting papers by United States first class mail, or other means of service reasonably calculated to provide speedy delivery of papers, upon (a) the United States Trustee, (b) the Trustee, by his counsel, (c) Aish, by its counsel and (d) all parties who have filed notices of appearance in this case.   The Debtor respectfully submits that such service be deemed appropriate and sufficient under the circumstances.

## NO PRIOR REQUEST

38.     No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court issue and enter an order, substantially in the form annexed hereto as Exhibit 1, authorizing him to commence an adversary proceeding to recover the Funds and the Withdrawal Charges and granting such other and further relief as is just and proper.

Dated: New York, New York
      December    , 2016

                              **LAW OFFICE OF DAVID CARLEBACH**
                              *Attorneys for the Debtor*

                              By: *s/ David Carlebach*
                              David Carlebach, Esq.
                              Ira Abel, Esq. (of Counsel)
                              55 Broadway, Suite 1902
                              New York, New York 10006
                              Tel: (212) 785-3041
                              Fax: (646) 355-1916
                              Email: david@carlebachlaw.com
                                        ira@carlebachlaw.com

Index of Exhibits

Exhibit 1: Proposed Order