**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach, Esq.
Ira Abel, Esq. (of Counsel)
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com
ira@carlebachlaw.com

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                            :
In re:                                      :      Chapter 7
                                            :
**JACOB FETMAN,**                           :      Case No. 15-43716-NHL
                                            :
                       Debtor.              :
---------------------------------------------------------x

**DEBTOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Jacob Fetman (the "Debtor"), by his counsel, the Law Offices of David Carlebach, respectfully represents as follows:

**SUMMARY OF REQUESTED RELIEF**

1. As this Court is well aware, the Debtor has been granted relief from the automatic stay to prosecute an appeal currently pending before the Supreme Court of the State of New York, Second Department (the "Second Department"). *See* ECF Doc. Nos. 65, 124. Pursuant to the orders granting that relief (the "Stay Relief Orders"), the Debtor has been permitted to prosecute appeals bearing Second Department docket numbers 2014-10945, 2015-00049, 2015-06914 and 2015-06917 (collectively, the "Appeals") to continue.

1

2. The Debtor wishes to be granted additional relief from the automatic stay to move (the "State Court Motion") in the Supreme Court of the State of New York, County of Kings ("Kings Supreme") for, among other things, an Order pursuant to CPLR 2221(e)(2) (the "Order"), vacating the confirmation of the arbitration award and resulting $20 million judgment dated October 7, 2014, on the basis of the change in law as handed down by the Second Department in its decision in *Matter of Leifer v. Gross*, 140 A.D.3d 959, 32 N.Y.S.3d 514 (2d Dep't 2016), in which the court held that pursuant to § 5 of the Judiciary Law, arbitration is illegal and void on a Sunday (even for members of the Jewish faith). A form of proposed order granting the requested relief is annexed hereto as Exhibit 1. A copy of the proposed motion to be filed in Kings Supreme, with exhibits, is annexed hereto as Exhibit 2.

3. Accordingly, by this motion (the "Motion"), the Debtor seeks relief from the automatic stay to seek the Order. The Order will not determine any property rights, but only whether the Arbitration (defined below) was properly held.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, Fed. R. Bankr. P. 7001 *et seq.* and the amended standing order of reference, dated December 5, 2012.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate) and § 157(b)(2)(G) (motions to terminate, annul or modify the automatic stay).

6. The statutory predicates for, and rules applicable to, the relief requested in the Application are 11 U.S.C. §§ 362(d)( and (e) and 1112(b) and Rules 2002(a)(4), 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

7. Venue is proper in this Court under 28 U.S.C. § 1409(a).

## BACKGROUND AS TO THE BANKRUPTCY CASE

8. On or about August 11, 2015, an involuntary petition (the "Involuntary Petition") was filed by Moshe Fetman against the Debtor under Chapter 7 of the Bankruptcy Code.

9. On September 7, 2015, creditor Aish Hatorah filed a motion seeking, among other things, the appointment of an interim Chapter 7 Trustee (the "Appointment Motion").

10. On October 22, 2015, (the "Appointment Hearing") a hearing was held to consider the Appointment Motion (the "Appointment Hearing").

11. At the Appointment Hearing the Court, among other things, directed the parties to enter into a stipulation lifting the automatic stay so that the Debtor could pursue the Appeals.

12. On October 26, 2015, after notice and a hearing, the Court issued an Order directing the U.S. Trustee to appoint an interim Chapter 7 Trustee (the "Interim Appointment Order.

13. Thereafter, Robert J. Musso was appointed Interim Chapter 7 Trustee.

14. On October 27, 2015, the Debtor moved to convert the case to one under Chapter 11 of the Bankruptcy Code (the "Conversion Motion").

15. On November 17, 2015, the Court held a hearing on the Conversion Motion.

16. On the record of said hearing, the Debtor consented to the entry of an order for relief under Chapter 7 of the Bankruptcy Code.

## BACKGROUND TO THIS MOTION

17. On Sunday, October 13, 2013, a series of arbitration sessions between Aish and the Debtor commenced before a rabbinical court, or beis din (the "Beis Din"). Sunday arbitrations are prohibited under New York Law. Judiciary Law § 5; *In re Leifer v Gross*, 2016 NY Slip Op 04715 (2nd Dept. 2016).

18. On or about December 17, 2013, the Beis Din awarded Aish a judgment of $20 million (the "Beis Din Judgment"), and on or about December 19, 2013, Rabbi Dovid Cohen

3

entered a clarifying judgment (the "Clarifying Beis Din Judgment"), listing seven (7) properties it believed were (a) owned by the Debtor or (b) corporations owned by the Debtor and (c) approximately $2.5 million in funds in accounts held by (i) the Debtor and (ii) the Debtor's wife's non-profit, as well as (d) the money held in escrow by Ober Kaler, a law firm.

19. Shortly thereafter, on December 24, 2013, Aish commenced an action in Kings County Supreme Court to confirm the Beis Din Judgment, captioned *Aish Hatorah New York Inc. v. Moshe Fetman*, Index No. 22057/2013 (the "State Court Action").

20. Upon the filing of the Involuntary Petition case on August 11, 2015, the automatic stay pursuant to 11 U.S.C. § 362(a) came into effect prohibiting the Debtor from prosecuting the Appeals.

21. Pursuant to the Stay Relief Orders, the Debtor has been prosecuting the Appeals.

## LEGAL BASES FOR REQUESTED RELIEF

22. Relief from the automatic stay is governed by 11 U.S.C. § 362(d) and (e), which state in relevant part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization; . . .
> (e) (1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if

> there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.
>
> (2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless –
>
> (A) a final decision is rendered by the court during the 60-day period beginning on the date of the request; or
>
> (B) such 60-day period is extended - (i) by agreement of all parties in interest; or (ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

11 U.S.C. §362(d), (e).

18. "Cause" is not defined in the Bankruptcy Code, and adequate protection is only one of the types of "cause" that can provide grounds to lift the automatic stay. A court may grant a party relief from the stay if it finds that the moving party's interest in the property can be better protected or for any other cause the court finds to be worthy. *In re C & S Grain Co., Inc.,* 47 F.3d 233, 238 (7th Cir. 1995).

## **REQUEST FOR RELIEF**

23. As has been stated many times in this case, the Debtor's chapter 7 case, and his entire financial life, depend on the Appeals. The State Court Motion may cause the Appeals to become moot, if the Kings Supreme Court follows *Leifer v Gross* and determines that the arbitration that gave rise to the Beis Din Judgment was void *ab initio*.

24. In essence, the State Court Motion goes to the heart of the Appeals, and the *Leifer v Gross* decision was issued by the same Court that is to hear the Appeals.

25. The State Court Motion, if granted and timely heard, may bring the Debtor's case to a speedy conclusion.

26. The factors for granting or denying a motion for relief from the automatic stay that are typically considered by courts in the Second Circuit are set forth in *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2nd Cir. 1990):

- a. whether relief would result in a partial or complete resolution of the issues;
- b. lack of any connection with or interference with the bankruptcy case;
- c. whether the other proceeding involves the debtor as a fiduciary;
- d. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
- e. whether the debtor's insurer has assumed full responsibility for defending it;
- f. whether the action primarily involves third parties;
- g. whether litigation in another forum would prejudice the interests of other creditors;
- h. whether the judgment claim arising from the other action is subject to equitable subordination;
- i. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
- j. the interests of judicial economy and the expeditious and economical resolution of litigation;
- k. whether the parties are ready for trial in the other proceeding; and
- l. impact of the stay on the parties and the balance of harms.

*Id*. at 1286, citing *In re Curtis*, 40 Bankr. 795 (Bankr. D. Utah 1984).

27. <u>Whether relief would result in a partial or complete resolution of the issues</u>. The State Court Motion is procedurally permitted in Kings Supreme. It has a reasonable likelihood of finally resolving the matters that are the subject of the Appeal, because if the judgment now on appeal is rendered void, the Appeal will largely become moot.

28. <u>Lack of any connection with or interference with the bankruptcy case</u>. The Appeal, and the State Court Motion are quite involved with the Debtor's bankruptcy case. If the Appeal is rendered moot, the bankruptcy case will likely be dismissed.

29. <u>Whether the other proceeding involves the debtor as a fiduciary</u>. The Debtor is not a fiduciary, and the Appeal does not involve his status as a fiduciary.

30. <u>Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action</u>. The Second Department is not a specialized tribunal; it is the appeals division of the New York State Supreme Court, County of Kings.

31. <u>Whether the debtor's insurer has assumed full responsibility for defending it</u>. No insurance is involved in either the State Court Motion or the Appeal.

32. <u>Whether the action primarily involves third parties</u>. The Appeal primarily involved the Debtor and Aish, the Debtor's largest disputed creditor.

33. <u>Whether litigation in another forum would prejudice the interests of other creditors</u>. No creditors will be prejudiced by the State Court Motion.

34. <u>Whether the judgment claim arising from the other action is subject to equitable subordination</u>. The judgment that is the subject of the Appeal is not subject to equitable subordination.

35. <u>Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor</u>. No liens will result from the State Court Motion. No property rights are involved with or will be affected by the State Court Motion.

36. <u>The interests of judicial economy and the expeditious and economical resolution of litigation</u>. The State Court Motion will certainly accommodate judicial economy, because Kings Supreme is the appropriate forum to determine the effect of *Leifer v. Gross* on the Appeal and the judgment. Similarly, the State Court Motion could result in a speedy end to the Debtor's case. *See, e.g., Metz v Poughkeepsie Savings Bank, FSB (In re Metz)*, 165 B.R. 769 (Bankr. E.D.N.Y. 1994):

> Were the Court to modify or vacate the automatic stay, however, the appropriate New York state appellate court would determine the propriety of a New York state trial court's ruling and whether a deficiency judgment or claim against Debtor's estate exists. It would be unwarranted to require a proof of claim to be filed, an objection to the claim to be served, and a hearing to be held in this Court,

7

>all to resolve an issue which has already been noticed for appeal in the appropriate state court, and which could possibly be heard notwithstanding our adjudication of it.

*Id*. at 771 (internal footnotes omitted). *See also Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 91 (3rd Cir. 1997), ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.") quoting S.Rep. No. 95-989 at 50 (1978), reprinted in 1978 U.S.C.C.A.N 5787, 5836; *In re Lee*, 428 B.R. 667, 671 (Bankr. D.S.C. 2009) ("The Court agrees that cause exists pursuant to § 362(d)(1), and finds that in the interests of judicial economy and comity, the automatic stay is modified to allow for completion of the state court appellate proceedings."); and *In re Bellucci*, 119 B.R. 763, 769 (Bankr. E.D.C.A. 1990) ("Principles of comity, federalism, and judicial efficiency all counsel against allowing federal trial courts to review state court judgments. Where a matter would not be within federal jurisdiction absent bankruptcy and can be timely adjudicated in state court, a distinct congressional policy favors resolution in state court"), citing 28 U.S.C. § 1334(c)(2) and *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 163 (9th Cir. 1986). While these cases primarily consider relief from the automatic stay to prosecute appeals, the issues are identical when a motion, such as the State Court Motion, will have an equal effect.

37.     <u>Whether the parties are ready for trial in the other proceeding</u>. The State Court Motion has been drafted and is ready to be filed.

38.     <u>Impact of the stay on the parties and the balance of harms</u>. Staying the Debtor from making the State Court Motion will prolong the Appeals; prevailing on the State Court Motion will bring a speedy end to the Appeal and likely to this case.

8

39. For all of these reasons, the automatic stay should be lifted solely to allow the Debtor to file and prosecute the State Court Motion, and to allow all other parties affected, primarily Aish, to appear and defend their positions.

## NOTICE

40. The Debtor intends to serve this Motion, all exhibits annexed thereto, and all supporting papers by United States first class mail, or other means of service reasonably calculated to provide speedy delivery of papers, upon (a) the United States Trustee, (b) the Trustee, by his counsel, (c) Aish, by its counsel and (d) all parties who have filed notices of appearance in this case. The Debtor respectfully submits that such service be deemed appropriate and sufficient under the circumstances.

## NO PRIOR REQUEST

41. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court issue and enter an order, substantially in the form annexed hereto as Exhibit 1, authorizing him to commence an adversary proceeding to recover the Funds and the Withdrawal Charges and granting such other and further relief as is just and proper.

Dated: New York, New York
          January       , 2016

**LAW OFFICE OF DAVID CARLEBACH**
*Attorneys for the Debtor*

By: *s/ David Carlebach*
David Carlebach, Esq.
Ira Abel, Esq. (of Counsel)
55 Broadway, Suite 1902
New York, New York 10006
Tel: (212) 785-3041
Fax: (646) 355-1916
Email: david@carlebachlaw.com
          ira@carlebachlaw.com

Index of Exhibits

Exhibit 1: Proposed Order
Exhibit 2: State Court Motion

# Exhibit 1
# Proposed Order

# Exhibit 2
# State Court Motion