UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                            Chapter 7

      Jacob Fetman,                                    Case no.  15-43716

                  Debtor.
--------------------------------------------------------x

## OBJECTION TO MOTION FOR AUTHORITY TO PROSECUTE

        Aish Hatorah New York, Inc. ("Aish" or "Aish New York") a judgment creditor

of Jacob Fetman (the "Debtor") as and for its objection to the Debtor's motion for the entry of an

order granting the Debtor authority to prosecute a preference action against Aish to avoid a

$97,447.18 pre-petition transfer ("Transfer") as preferential based upon the alleged exempt status

of the funds, respectfully represents as follows:

    **(a) At his criminal court allocution hearing, the Debtor adopted the Transfer as
        partial restitution, thus adopting the Transfer as voluntary, making any
        preference recovery non-exempt,**

    **(b) Moreover, the United States District Court for the Southern District of New
        York held that the Debtor is not entitled to an exemption for the Transferred
        funds under New York law at the time of transfer (and that any appeal from
        such judgment would be in bad faith), and**

    **(c) The motion should also be denied because the Debtor failed to serve Martin
        Bienstock, the New York City Marshal as initial transferee and concealed his
        belief that the Transfer is a potential preference in his Chapter 11 schedules.**

## BACKGROUND

       1.      From 1996 through 2013, Jacob Fetman was the chief financial officer of

Aish New York.  Aish New York holds a judgment confirming a rabbinical arbitration award

against the Debtor finding that during his employment he embezzled $20,000,000.

2.      During the arbitration, Fetman admitted to creating and controlling bank accounts in Aish's name, not accounted for on Aish's financial records or audited statements, and diverting Aish funds to hidden bank accounts.

3.      On December 17, 2013, the Beis Din granted Aish a $20,000,000 arbitration award which was confirmed by the New York Supreme Court.

4.      In the meantime, the Brooklyn District Attorney indicted Fetman for grand larceny for a portion of the funds.  Fetman entered into a guilty plea agreement. Fetman agreed to release approximately $140,447.31 to Aish as restitution.

5.      Annexed hereto as Exhibit A is the transcript of the October 29, 2015 allocution hearing.

6.      The $140,000 restitution amount resulted from a mathematical calculation of the total amount charged in the indictment, less $97,000 which Aish had recovered (and which the Debtor seeks authority to now prosecute as a preference):

THE COURT: So what is the People's offer?

MR. SPANAKOS: Your Honor, the People's offer is Felony Grand Larceny in the Second Degree, Probation and a Judgment Order of Restitution in the amount of 140,477.31 from the account of Ober, Kaler, Grimes and Shriver, escrow agent for Hatorah New York, Incorporated. The other $97,000 has already been paid to or been taken by the complainant.

THE COURT: With that understanding, Mr. Spilke, do you have an application?

. . . MR. SPILKE: Mr. Fetman would like to change his plea of not guilty to guilty.

## ARGUMENT

**(a) At his criminal court allocution hearing, the Debtor adopted the Transfer as partial restitution, thus adopting the Transfer as voluntary, making any preference recovery non-exempt**

7.     Since the Debtor did not dispute the statement made at his criminal court allocution that the Funds paid to Aish were applied towards full restitution of the amounts he plead guilty to stealing, the Transfer should be deemed non-exempt under section 522(g) of the Bankruptcy Code as a voluntary transfer of property.

8.     The Debtor had an obligation to be honest with Supreme Court.  If the Supreme Court knew at the time of sentencing that the Debtor did **not** intend for the Transfer to be used for restitution, but rather he intended to sue Aish to recover the Transfer for his personal benefit, the restitution obligation would likely not have been reduced by the Transfer.

9.     The Debtor should be estopped from taking advantage of the reduced sentence and reduced restitution he obtained by misleading the Supreme Court by omission during his allocution, and the Transfer deemed voluntary.

10.     Since the Transfer would not result in the recovery of exempt property, the motion to prosecute an avoidance action to recover the Transfer should be denied.

**(b) Moreover, the United States District Court for the Southern District of New York held that the Debtor is not entitled to an exemption for the Transferred funds under New York law at the time of transfer (and that any appeal from such judgment would be in bad faith)**

11.     The Court may recall that before this Court appointed the Trustee, the Debtor filed a rash of frivolous pro-se Federal Court lawsuits, including cases against (a) Aish

for seeking a trustee in this Court, age discrimination, and illegal use of electronic records, (b) cases against Aish employees for responding to inquiries from the Brooklyn District Attorney, and (c) a marriage counselor for privacy violations.  The list goes on.

12.    Among those cases was a complaint against Aish, MetLife, Inc., Martin Bienstock, New York City Marshal, and Goldberg & Rimberg PLLC, for the return of the Transfer based upon on an alleged illegal seizure which deprived the Debtor of exempt property.

13.    Annexed hereto as Exhibit B is an order and judgment entered by the Honorable Loretta Preska dismissing the complaint.

14.    Based on Judge Preska's order, the Debtor has failed to state a claim that the Funds were exempt and thus the Debtor is prohibited from claiming an exemption in the Funds under section 522(f)(3)(A) of the Code.

15.    For this additional reason, avoidance of the Transfer as a preference would not result in the recovery of exempt property, so the motion should be denied.

**(c)  The motion should also be denied because the Debtor failed to serve Martin Bienstock, the New York City Marshal as initial transferee and concealed his belief that the Transfer is a potential preference in his Chapter 11 schedules.**

16.    Although the Debtor seeks to prosecute a preference action, the Debtor has served only one of the targets.

17.    The initial transferee was Martin Bienstock, New York City Marshal.  He was not served.  Nor were Metlife or Goldberg and Rimberg, the other defendants named in the now dismissed Federal Court lawsuit.

18.    The Debtor's schedules did not disclose the existence of the Transfer or the Debtor's alleged right to recovery.

19.    Indeed, the Schedules disclose none of the then pending frivolous Federal lawsuits.

20.    The Debtor's failure to serve all required parties, and the Debtor's concealment from creditors and the Court of this and other alleged assets is grounds to deny the motion.

## CONCLUSION

WHEREFORE, Aish respectfully requests that the Court deny the relief requested herein, and that the Court grant such other relief as may be just and proper.

Dated:        New York, New York
              February 7, 2017

**BACKENROTH FRANKEL & KRINSKY, LLP**
Attorneys for Aish

By:    s/Mark A. Frankel
       800 Third Avenue
       New York, New York 10022
       (212) 593-1100

Exhibit A

1    SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF KINGS  CRIMINAL TERM   PART 19
2    ------------------------------------------------X
     THE PEOPLE OF THE STATE OF NEW YORK,
3
                                       Indict No.
4              -against-              4223/2014
                                      Plea
5
     JACOB FETMAN,
6                                Defendant.

7    ------------------------------------------------X
                                Supreme Courthouse
8                                320 Jay Street
                                 Brooklyn, New York 11201
9                                October 29, 2015

10   B E F O R E:

11                    THE HONORABLE  DANNY K. CHUN,
                                Justice of the Supreme Court
12

13   A P P E A R A N C E S:

14           KENNETH P. THOMPSON, ESQ.
                   For the People
15                 District Attorney - Kings County
                   350 Jay Street
16                 Brooklyn, New York 11201
             BY:  MICHAEL SPANAKOS, ESQ.
17                 Assistant District Attorney

18
             LAW OFFICES OF SUSAN G. KELLMAN, ESQ.
19                 Attorneys for the Defendant
                   25 8th Avenue
20                 Brooklyn, New York 11217
             BY:  EZRA SPILKE, ESQ.
21

22                              SUSAN K.  LYNCH
                                Senior Court Reporter
23

24

25

                          sl

Proceedings

1           THE CLERK:  From the Part 19 calendar, number

2    one, Indictment 4223 of 2014, Jacob Fetman.

3           THE COURT:  Appearances.

4           MR. SPILKE:  Ezra Spilke on behalf of the Law

5    Offices of Susan G. Kellman for Jacob Fetman.

6           THE COURT:  Good morning.

7           MR. SPILKE:  Good morning.

8           MR. SPANAKOS:  Michael Spanakos for the

9    Office of the District Attorney.

10          Good morning, your Honor.

11          THE COURT:  Good morning.

12          Defendant Mr. Fetman is present.

13          Counsels, approach.

14          (Whereupon, a discussion was held off the

15       record.)

16          THE COURT:  So what is the People's offer?

17          MR. SPANAKOS:  Your Honor, the People's offer

18   is Felony Grand Larceny in the Second Degree, Probation

19   and a Judgment Order of Restitution in the amount of

20   140,477.31 from the account of Ober, Kaler, Grimes and

21   Shriver, escrow agent for Hatorah New York,

22   Incorporated.  The other $97,000 has already been paid

23   to or been taken by the complainant.

24          THE COURT:  With that understanding,

25   Mr. Spilke, do you have an application?

Proceedings

1          MR. SPILKE:  One moment, your Honor.

2          (Whereupon, defense counsel confers with the

3      defendant.)

4          MR. SPILKE:  Mr. Fetman would like to change

5      his plea of not guilty to guilty.

6          THE COURT:  Mr. Jacob Fetman, you understand

7      and speak English?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  Do you swear or affirm that the

10      statement you're about to give this Court will be the

11      truth and nothing but the truth?

12          THE DEFENDANT:  I do.

13          THE COURT:  I just heard from your attorney

14      Mr. Spilke who's standing in for Ms. Kellman who's been

15      your attorney of record tell this Court that you now

16      wish to plead guilty to the only count in the

17      indictment charging you with Grand Larceny in the

18      Second Degree, a Class C nonviolent felony to satisfy

19      all charges against you under this indictment.

20          Is that what you want to do?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Sir, when you plead guilty, you

23      give up a number of rights.  You give up a right to a

24      trial by a jury.

25          You give up the right to have the district

Proceedings

1    attorney prove this charge against you beyond a

2    reasonable doubt.

3            You give up the right to confront and

4    cross-examine and question every witness who testifies

5    against you.

6            You give up the right to call any witnesses

7    on your own behalf if you wish to and a right to

8    present any defenses you might have.

9            You also give up the right to testify at

10   trial on your own behalf and the right to remain silent

11   and not say anything against yourself.

12           Do you understand that you give up all these

13   rights?

14           THE DEFENDANT:  I do.

15           THE COURT:  Sir, pleading guilty is the same

16   as going to trial and the jury finding you guilty of

17   this charge; do you understand?

18           THE DEFENDANT:  I do.

19           THE COURT:  And if you plead guilty, it's up

20   to this Court to impose sentence.  On your case, this

21   charge of Grand Larceny in the Second Degree carries a

22   possible sentence of five years probation or an

23   indeterminate jail term of one to three years up to

24   five to fifteen years in jail.

25           On your case, I promise to sentence you to

Proceedings

1    the following:  It will be five years probation plus

2    there will be a Judgment Order of Restitution in the

3    amount of $140,477.31 and it will come out from the

4    escrow account of Ober, Kaler, Grimes and Shriver

5    Escrow Management, held for -- what is it?

6              MR. SPANAKOS:  Hatorah.

7              THE COURT:  Hatorah New York.

8              Do you understand that?

9              THE DEFENDANT:  I do.

10              THE COURT:  Now, if you're sentenced to this,

11    you will have a felony conviction on your record; do

12    you understand?

13              THE DEFENDANT:  I do.

14              THE COURT:  Has anybody told you anything

15    different or anything other than what I just told you

16    about sentence to make you plead guilty?

17              THE DEFENDANT:  I was told that I'm going to

18    have access after this to the --

19              MR. SPILKE:  Sorry.

20              (Whereupon, defense counsel confers with the

21       defendant.)

22              THE COURT:  As far as my sentence is

23    concerned, has anybody told you anything different

24    about my sentence to make you plead guilty?

25              THE DEFENDANT:  I'm sorry?

sl

Proceedings

1          THE COURT:  Has anyone told you anything

2    different about my sentence to make you plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Is anyone forcing you or

5    pressuring you or coercing you into pleading guilty?

6          THE DEFENDANT:  No.

7          THE COURT:  Are you pleading guilty

8    voluntarily of your own free will?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Sir, it's charged that from

11    between November 4th of 2010 and August 21st of 2013 in

12    the County of Kings, you stole property from Hatorah

13    New York and the aggregate amount of that property

14    exceeded $50,000.  Is that true?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Allocution satisfactory?

17          MR. SPANAKOS:  Yes, your Honor.

18          THE COURT:  Finally, normally under our law

19    you have a right to appeal any criminal convictions.

20    But given this non-jail offer that's being made to you,

21    as part of this plea offer you're being asked to waive

22    your right to appeal, which means that if you're

23    sentenced to the promised sentence, that will be final

24    and you will not have a recourse to appeal my decision

25    to a higher court; do you understand?

sl

Proceedings

1          THE DEFENDANT:  I do.

2          THE COURT:  Are you waiving your right to

3     appeal voluntarily?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Okay, then you can execute the

6     waiver of appeal and if you need to discuss further

7     with your attorney, you can do so.

8          I&S is ordered.  It's something I have to do.

9     So you'll have to come back for sentence.

10          December 16th?

11          MR. SPILKE:  That works, your Honor.

12          THE COURT:  12/16 for sentence.  I have

13     signed the Judgment Order of Restitution.

14          MR. SPANAKOS:  Thank you, your Honor.

15          (Whereupon, the matter was adjourned to

16          December 16, 2015.)

17

18               *          *          *

19

20   CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPTION OF THE

21   ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS PROCEEDING.

22                    _Susan K Lynch_

23                    SUSAN K. LYNCH

24                    OFFICIAL COURT REPORTER

25

sl

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB FETMAN,

                              Plaintiff,

              -against-

AISH HATORAH NEW YORK, INC.;
METLIFE, INC.; MARSHAL MARTIN
BIENSTOCK; GOLDBERG & RIMBERG
PLLC,

                              Defendants.

15-CV-7440 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that Defendants colluded in

depriving Plaintiff of his property.  By order dated September 29, 2015, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.  For the

reasons set forth below, the action is dismissed.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law

mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-

75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On June 2, 2015, Defendant Goldberg & Rimberg, attorneys for Defendant Aish HaTorah New York, filed an execution of judgment in New York State Supreme Court, Kings County, commanding the Marshal for the City of New York to satisfy a judgment entered against Plaintiff.  (Compl. at 3, 7-8.)  On or around June 10, 2015, Defendant Martin A. Bienstock, Marshal for the City of New York, served Plaintiff with notice that money or property belonging to him may have been taken to satisfy that judgment and that certain money or property may be exempt.  (*Id.* at 6.)  The notice provided a partial list of money which may be exempt and informed Plaintiff that New York State law "provides a procedure for determination of a claim to an exemption."  (*Id.*)  In a letter dated June 25, 2015, Defendant MetLife informed Plaintiff that in response to a Notice of Levy received by MetLife from Aish HaTorah for the amount of $23,836,171.23, MetLife "processed a full surrender on [Plaintiff's] annuity contract," in the amount of $138,533.80."  (*Id.* at 5.)

Plaintiff asserts that "[d]espite attempts to contact[ ] the Marshal to ascertain what this notice related to, no explanation was given."  (*Id.* at 3.)  He also claims that "[d]espite multiple attempts to get this situation resolved, the defendants continue in collusion to hold this money."  (*Id.* ¶ III(C).)  He seeks reimbursement of his retirement account.  (*Id.* ¶ V.)

## DISCUSSION

### A.    42 U.S.C. § 1983

Mindful of the Court's duty to construe *pro se* pleadings liberally, *Harris*, 572 F.3d at 72, the Court construes Plaintiff's deprivation of property claim as arising under the due process clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Due Process**

The Due Process Clause protects only against deprivations without due process of law. *Rivera–Powell v. N.Y. City Board of Elections,* 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor,* 451 U.S. 527, 537 (1981)). To state a procedural due process claim, a plaintiff must allege "that (1) he possessed a liberty interest and (2) defendants deprived him of that interest without sufficient process." *Walker v. Fischer,* 523 F. App'x 43, 44 (2d Cir. 2013) (citing *Giano v. Selsky,* 238 F.3d 223, 225 (2d Cir. 2001)). The hallmarks of due process are notice and an opportunity to be heard. *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Brody v. Vill. of Port Chester,* 434 F.3d 121, 131 (2d Cir. 2005) (holding that "if reasonable notice and opportunity for a hearing are given, due process will be satisfied"). The state must simply make an adequate procedural remedy available to the plaintiff; the plaintiff need not have availed himself of that remedy. *See, e.g., McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 38-39 & n.21 (1990); *Adams v. New York State Educ. Dep't,* No. 08-CV-5996 (AJP), 2010 WL 624020, at *31 (S.D.N.Y. Feb. 23, 2010), *adopting report and recommendation*, 705 F. Supp. 2d 298 (S.D.N.Y. 2010).

Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is

satisfied if the state provides an adequate postdeprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell,* 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

    1.  Levy Procedures

On or about June 10, 2015, Defendant City Marshal Bienstock served Plaintiff with notice that pursuant to court order some of Plaintiff's money was taken but that some of that money may be exempt from seizure.  The notice included language referencing New York Civil Practice Laws and Rules, Sections 5239 and 5240, the New York State statutes that provide a procedure for a state court to determine whether taken property or money is exempt.  Section 5239 permits "any interested person" to commence a special proceeding prior to an enforcement officer satisfying judgment where a "court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded."  C.P.L.R. § 5239.  Section 5240 authorizes the court to issue an order "denying, limiting, conditioning, regulating, extending or modifying any enforcement procedure."  *Id.* § 5240.

New York postdeprivation procedures in levy cases satisfy due process.  *McCahey v. L.P. Inv'rs*, 774 F.2d 543, 549 (2d Cir. 1985).  "[P]ost-judgment remedies satisfy due process requirements if they provide: (i) notice to judgment debtors that their property had been seized; (ii) notice to judgment debtors of exemptions to which they may be entitled; and (iii) a prompt opportunity for judgment debtors to challenge the seizure and assert their exemptions."  *Id.*

2.   Defendant City Marshal Martin Bienstock

Plaintiff's claims against Bienstock must be dismissed because Plaintiff does not allege

facts that support the conclusion that postdeprivation procedures were unavailable or inadequate.

Plaintiff received notice that his money was seized and listed types of money that are exempt

from seizure.  That notice also referenced the state statutes that provide a procedure to challenge

a seizure.  Plaintiff does not allege that he has taken advantage of that procedure in state court.

Rather, Plaintiff states that he contacted Defendant Bienstock and then, not receiving the

information he sought from Bienstock, filed this lawsuit.  This Court, however, does not hear

challenges to the execution of state court judgments; that challenge is made available in state

court pursuant to §§ 5239 and 5240 of the Civil Practice Laws and Rules.  *See McCahey*, 774

F.2d at 549.  Should Plaintiff believe that the money seized from his pension is exempt, he must

avail himself of the state procedures that provide him with an opportunity to challenge that

seizure.

As a postdeprivation remedy exists, and Plaintiff does not state that he has taken

advantage of that remedy, his due process claim against Bienstock is dismissed for failure to

state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

3.   Private Parties

This action is dismissed as to the remaining defendants because they are private parties.

A claim for relief under § 1983 must allege facts showing that each defendant acted under the

color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private

parties are therefore not generally liable under the statute, *Sykes v. Bank of America*, 723 F.3d

399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Aish HaTorah New York, MetLife, and Goldberg & Rimberg are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983. The action as to these Defendants are dismissed on this basis for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 23, 2015
          New York, New York

                                        *Loretta A. Preska*
                                        LORETTA A. PRESKA
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB FETMAN,

                    Plaintiff,

          -against-

AISH HATORAH NEW YORK, INC.;
METLIFE, INC.; MARSHAL MARTIN
BIENSTOCK; GOLDBERG & RIMBERG
PLLC,

                    Defendants.

15-CV-7440 (LAP)

CIVIL JUDGMENT

          Pursuant to the order issued December 4, 2015, dismissing the complaint,

IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed under 28

U.S.C. § 1915(e)(2)(B)(ii).

          The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's

judgment would not be taken in good faith.

          IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this judgment to

Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 23, 2015
          New York, New York

                                        _Loretta A. Preska_
                                        LORETTA A. PRESKA
                                        Chief United States District Judge