UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                      Chapter 7

Jacob Fetman *aka*

Yaakov Fetman,                                              Case No. 1-15-43716-nhl
                                        Debtor.

-------------------------------------------------------------x


## DECISION DENYING CONSTRUCTIVE TRUST AND AUTHORIZING SALE


Appearances:

Bruce Weiner, Esq.                          Jon A. Lefkowitz, Esq.
Rosenberg, Musso & Weiner LLP               Jon A. Lefkowitz, P.C.
26 Court Street, Suite 2211                 1222 Ave. M Suite 204
Brooklyn, New York 11242                    Brooklyn, NY 11230
(718) 855-6840                              (718) 692-0459
*Attorneys for the Trustee*                 *Outgoing Attorneys for Moshe and*
                                            *Yaffa Fetman*


Gregory Messer, Esq.                        Andrew Citron, Esq.
Law Offices of Gregory Messer, PLLC         Law Offices of Andrew Citron
26 Court Street, Suite 2400                 110 Wall Street, 11th Floor
Brooklyn, New York 11242                    New York, New York 10005
(212) 785-3041                              (212) 804-5759
*Incoming Attorneys for Moshe and*          *Attorneys for Tamar Fetman*
*Yaffa Fetman*


David Carlebach, Esq.
Law Offices of David Carlebach, Esq.
55 Broadway, Suite 1902
New York, New York 10006
(212) 785-3041
*Attorneys for the Debtor*

NANCY HERSHEY LORD

UNITED STATES BANKRUPTCY JUDGE

Before the Court is a rather narrow question: whether a third party's claim of an equitable interest in two pieces of real property, in which a debtor holds legal title, is sufficient to impose a constructive trust, thereby excluding the parcels from a debtor's bankruptcy estate. The question arises in the context of the Chapter 7 Trustee's ("the Trustee") motion pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004 for an order approving bidding procedures for the sale of two properties titled to Jacob Fetman ("the Debtor"), and authorizing their sale free and clear of all liens ("the Trustee's Sale Motion"). *See* Trustee's Sale Mot., ECF No. 33. In their objection to the Trustee's Sale Motion, the Debtor's parents, Moshe and Yafa Fetman ("the Fetmans"), allege that they are the true owners of the properties, and that the Debtor was merely holding the same "as nominee and in constructive trust." Fetmans Obj. to Mot. 2, ECF No. 47. For that reason, the Fetmans ask the Court to impose a constructive trust and deny the Trustee's Sale Motion. *Id.* at 5; Memo of Law in Opp., ECF No. 79. As set forth below, the Court overrules the Fetmans' objection, and grants the Trustee's Sale Motion.[1]

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following are the Court's findings of fact and conclusions of law to the extent required by Rule 52

---

[1]     The Debtor filed his own objection to the Trustee's Sale Motion that did not independently raise the issue of a constructive trust, but claimed to join the Fetmans' objection. *See* Debtor's Obj. to Mot. 4, ECF No. 50. The Debtor's objection will therefore not be given independent treatment, but instead treated as a part of the Fetmans' objection.

Further, the Debtor's wife filed a declaration in response to the Trustee's Sale Motion alleging that she was part owner of the properties. *See* Dec. of Tamar Fetman, ECF No. 64. As an adversary proceeding has been commenced to address the issues raised in that declaration, and because those contentions do not directly impact the constructive trust issue, her claims will not be addressed here.

of the Federal Rules of Civil Procedure, as made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On August 11, 2015, the Fetmans filed an involuntary petition under chapter 7 of Title 11 of the United States Code against their son, the Debtor.[2] The Trustee was appointed as interim trustee on October 26, 2015, and later became the trustee in the case after an Order for Relief under Chapter 7 was entered on November 21, 2015. *See* ECF No. 25. By Order dated November 15, 2015, the Trustee was authorized to retain MYC & Associates, Inc. to market and procure purchasers for real property, located at 4301 and 4305 Tenth Avenue, Brooklyn, New York ("4301" and "4305," respectively, and collectively "the Properties").

The Trustee's Sale Motion asserts that the Debtor owns the Properties subject to two judgment liens—one held by Aish Hatorah New York, Inc. in the amount of $21,430,641.99, and the other by the Fetmans in the amount of $2,300,000.00. Should the sale of the Properties be approved, the liens, to the extent they are valid, would attach to the proceeds.

In the Fetmans' objection to the Trustee's Sale Motion, they contend that the sale cannot be approved because they, and not the Debtor, are the owners of the Properties, and that the Debtor merely holds legal title. They describe the following events that led to this arrangement. In or around the mid-1980s, the Fetmans emigrated from Israel. Obj. to Mot. 3, ECF No. 47. In 1986, using funds brought with him when he entered the United States, Moshe Fetman purchased 4305 in the name of 4305 Tenth Avenue Corp. ("the Corporation"), a corporation that he claims to have owned. *Id.* at 4–5. The Fetmans further claim that, in 1992, they purchased 4301 in the Debtor's

---

[2] Title 11 of the United States Code may be referred to throughout as "the Bankruptcy Code."

3

name because they had not yet become citizens. *Id.* at 1, 4. Later, in 2011, 4305 was transferred from the Corporation to the Debtor. *Id.* at 4. The purpose of the transfer, according to their account, was to enable the Debtor to obtain a loan secured by 4305, the proceeds of which the Fetmans used to purchase other property. *Id.* 4–5.

Thus, the Fetmans contend that, despite their son having title, they have been the actual owners for over thirty years,[3] having provided all purchase funds for the Properties, having received all income that the Properties generated, and having paid all associated expenses. *Id.* at 1, 4. They further allege that the Debtor promised to convey the Properties to them at their "direction, upon request." *Id.* at 4. Accordingly, they allege that the Debtor is merely holding the Properties "as nominee and in constructive trust," and now ask this Court to give effect to that understanding. *Id.* at 2.

## DISCUSSION

Section 363(b) of the Bankruptcy Code permits a trustee, after notice and a hearing, to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). One notable exception to this rule, however, is that the "estate does not include property of others in which the debtor has some minor interest

---

[3] The Fetmans initially support their claim of ownership by pointing to a New York State Supreme Court decision affirming a July 25, 2015 Rabbinical Court determination that the Fetmans were the actual owners of the Properties. *See* Obj. to Mot. 3, ECF No. 47; Obj. to Mot. Ex. O, ECF No. 47-10. Indeed, they go so far as to say that, because of that decision, *Rooker-Feldman* bars this Court from considering the question of ownership. Obj. to Mot. 3, ECF No. 47. However, this decision would appear to be the result of a stay violation, and it will not be afforded any weight here. It is dated October 21, 2015—roughly two months after the Fetmans filed the involuntary petition, and therefore two months after a stay went into effect under 11 U.S.C. § 362(a). The Fetmans later move away from this claim, and in their Memorandum of Law suggest only that the Court take judicial notice of the Rabbinical Court's determination. Memo of Law in Opp. 7, ECF No. 79. The Court takes notice of the fact of the determination. *See Spiegel v. Berkowies*, No. 14 Civ. 3045(LGS), 2015 WL 3429107, at *1 n.1 (S.D.N.Y. May 27, 2015), *aff'd on other grounds*, 2016 WL 5417284 (2d Cir. Sept. 28, 2016).

such as a lien or bare legal title." *In re Balgobin*, 490 B.R. 13, 20 (Bankr. E.D.N.Y. 2013) (quoting *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989)); *see* 11 U.S.C. § 541(d) ("Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.").

The imposition of a constructive trust would thwart the Trustee's Sale Motion precisely for that reason. The effect of imposing a constructive trust would be to afford the Debtor only bare legal title to the Properties, subject to a duty to reconvey them to their rightful owners; a limitation that would exclude the Properties from the estate, and in turn exclude them from sale here. *See Balgobin*, 490 B.R. at 20 ("Where the debtor's conduct gives rise to the imposition of a constructive trust, so that the debtor holds only bare legal title to the property, subject to a duty to reconvey it to the rightful owner, the estate will generally hold the property subject to the same restrictions." (quoting *Howard's Appliance Corp.*, 874 F.2d at 93)); *see also In re Flanagan*, 503 F.3d 171, 180 (2d Cir. 2007) ("[A]ny property that the debtor holds in constructive trust for another is excluded from the estate pursuant to § 541(d) . . . .").

This result—effectively depriving the Debtor's estate of the Properties at the expense of the Debtor's other creditors—highlights an inherent tension between constructive trust law and bankruptcy law that requires the Court to proceed with caution in considering the Fetmans' claim. *In re First Cent. Fin. Corp.*, 377 F.3d 209, 217 (2d Cir. 2004) (citing *In re Omegas Grp., Inc.*, 16 F.3d 1443, 1451 (6th Cir. 1994) ("[A] constructive trust is fundamentally at odds with the general goals of the Bankruptcy Code.")); *Balgobin*, 490 B.R. at 21. As the Second Circuit has explained, the goals of the bankruptcy laws are to "secure a prompt and effectual administration and

settlement of the estate of all bankrupts within a limited period, to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among creditors, and to protect the creditors from one another." *Id.* (citations and quotations omitted). Constructive trust law, on the other hand, provides a "mechanism outside the scope" of that system; and one that would, as noted, take directly from competing creditors rather than from the debtor. *First Cent.*, 377 F.3d at 217; *In re Commodore Bus. Machs., Inc.*, 180 B.R. 72, 83 (Bankr. S.D.N.Y. 1995) ("[C]onstructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, and not from the offending debtor." (quoting *Omegas*, 16 F.3d at 1452)); *see also Flanagan*, 503 F.3d at 180 (noting that the effect of a constructive trust within bankruptcy is "profound"). In order to minimize this conflict, a constructive trust should be imposed only if there is "a substantial reason to do so." *Balgobin*, 490 B.R. at 21 (quoting *First Cent.*, 377 F.3d at 209); *see also In re Ades & Berg Grp. Invests.*, 550 F.3d 240, 244–45 (2d Cir. 2008).

With those overarching considerations in mind, the Court looks to state law to determine whether a constructive trust may be imposed. *See First Cent.*, 377 F.3d at 212; *Howard's Appliance Corp.*, 874 F.2d at 93; *Balgobin*, 490 B.R. at 21. New York law generally requires four elements for a constructive trust: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject *res* made in reliance on that promise; and (4) unjust enrichment." *First Cent.*, 377 F.3d at 212 (quoting *United States v. Coluccio*, 51 F.3d 337, 340 (2d Cir. 1995)). These four criteria are regarded as "guideposts," and, given the equitable nature of a constructive trust, are not to be rigidly applied. *Id.* Nevertheless, the fourth criterion, "unjust enrichment," has been deemed to be the most important, as "the purpose of the constructive trust is prevention of unjust enrichment." *Id.*

The Fetmans allege that each of the four elements are satisfied here. They point out that the Debtor is holding the Properties for them pursuant to an agreement—a contention that the Debtor echoes—and that they have paid for, and received the income from, the Properties for thirty years. They further argue that the Debtor would be unjustly enriched if the Properties were sold for the benefit of creditors that are solely his own.  Memo of Law in Opp. 7, ECF No. 79.

The Fetmans' argument overlooks both the significance and contours of the unjust enrichment criterion, and must fail for that reason. Within this Circuit, a constructive trust has been imposed against a bankruptcy estate *only* where a court has found some pre-petition unjust conduct by the debtor relating to the subject property. *See Balgobin*, 490 B.R. at 23 (reviewing constructive trust cases within the Second Circuit and elsewhere). The reason for this apparent limitation is that, under New York law, a constructive trust is meant to be "fraud-rectifying," rather than "intent-enforcing." *See First Cent.*, 377 F.3d at 216. That is, a constructive trust should not be imposed merely to give effect to a prior agreement, but instead should be reserved for situations in which a party's misconduct gives rise to his unjust enrichment. *Id.*; *see also Plotnikoff v. Finkelstein*, 482 N.Y.S.2d 730, 732–33 (App. Div. 1st Dep't 1984).

Here, the Fetmans do not assert any misconduct by the Debtor. Though they allege an agreement with the Debtor by which he would return the Properties at the Fetmans' direction, they do not claim to have exercised this reserved right; nor, for that matter, do they claim that the Debtor failed to abide by any such direction. To the contrary, they allege, and the Debtor agrees, only that the Properties "belong to" the Fetmans. *See* Debtor's Obj. 3, ECF No. 50. This allegation alone, however, falls short of attributing any act to the Debtor that requires redress. If anything, the parties' consensus suggests that the Debtor would have voluntarily turned over the Properties had he been asked to do so; but it is not the Court's role to give effect to this expectation using a

constructive trust. *See Balgobin*, 490 B.R. at 22–23 ("Although the facts may reveal a case of unrealized expectations, [the court] may not, without more, fashion a constructive trust." (quoting *Binenfeld v. Binenfeld*, 537 N.Y.S.2d 41, 42 (App. Div. 2d Dep't 1989))). Absent an allegation that the Debtor acted in a manner contrary to the agreement, and at the Fetmans' expense, the imposition of a constructive trust over the Properties would be an act of enforcing the parties' intent, rather than rectifying an alleged fraud. *See First Cent.*, 377 F.3d at 215 (declining to impose a constructive trust absent the "suggestion . . . of bad faith or malfeasance of any kind").

Far from any malfeasance on the Debtor's part, the arrangement described by the Fetmans suggests that, thus far, the Debtor's consent to the agreement has afforded them a considerable benefit. Putting aside the potential contradiction between the Fetmans' claims that they could form a corporation in 1986, but could not purchase property in 1992, and taking them at their word that they could not purchase property in their own names, the Debtor's title ownership has afforded them income since at least 1992 to which they would not have otherwise been entitled, and permitted them to use the proceeds of a mortgage to purchase additional property. *See* Obj. to Mot. 4, ECF No. 47

A similar finding led Chief Judge Carla E. Craig of this Court to refrain from imposing a constructive trust in *In re Balgobin*, a case cited by both parties here. Memo. in Opp. 5, ECF No. 79; Trustee's Memo in Supp. 5, ECF No. 83. There, a debtor's son, unable to purchase a vehicle in his own name, entered into an agreement with the debtor. They agreed that the debtor would hold title to the vehicle, while the son "would retain possession of it, own all equitable interest in it, and make all payments towards it purchase, maintenance, and insurance." *Balgobin*, 490 B.R. at 17. The son therefore claimed that the debtor held title to the vehicle subject to a constructive trust for the son's benefit. *Id.* at 18. The Court declined to impose a constructive trust in the son's

favor, in part citing the fact that the son had derived a substantial benefit from the arrangement, and that such a benefit undermined any claim of inequity in requiring that the car be surrendered for the benefit of the debtor's creditors. *Id.* at 24.

The son in *Balgobin* held a position largely equivalent to the Fetmans' position here. Each derived a substantial benefit from their alleged agreement. It is that benefit that undermines the Fetmans' claims of inequity, and justifies the Properties' sale for the benefit of the Debtor's creditors. While the Debtor and the estate might be enriched by the sale, the facts presented do not show that such enrichment would be unjust. *See First Central*, 377 B.R. at 218 ("Enrichment alone will not suffice to invoke the remedial powers of a court of equity." (quoting *McGrath v. Hilding*, 41 N.Y.2d 625, 629 (1977))).

## CONCLUSION

By reason of the foregoing, the Court declines to impose a constructive trust in the Fetmans' favor, and consequently overrules the Fetmans' and the Debtor's objections to the Trustee's Sale Motion. The Trustee's Sale Motion is hereby granted, subject to the outcome of the adversary proceeding to determine the extent of Tamar Fetman's ownership of 4305. A separate order will issue.



**Dated: February 14, 2017**
**Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**