| | |
|---|---|
| Joel Alan Gaffney | Hearing Date: April 5, 2017 |
| Law Offices of Gregory Messer, PLLC | Hearing Time: 2:30 p.m. |
| 26 Court Street, Suite 2400 | |
| Brooklyn, NY 11242 | |
| Tel:   (718) 858-1474 | |
| Fax:   (718) 797-5360 | |
| joel.a.gaffney@messer-law.com | |
| *Attorneys for Moshe Fetman* | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 7

JACOB FETMAN,                                            Case No: 15-43716-nhl

                            Debtor.
------------------------------------------------------------X

## NOTICE OF MOTION
## FOR STAY OF SALE OF ESTATE PROPERTY

**PLEASE TAKE NOTICE** that upon the accompanying Motion (the "Motion") the Petitioning Creditor Moshe Fetman by his attorneys, the Law Office of Gregory M. Messer, shall move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York (the "Court"), 271 Cadman Plaza East, Brooklyn, New York, Courtroom 2529 on April 5, 2017, at 2:30 p.m. or as soon thereafter as counsel may heard (the "Hearing") for entry of an order under Federal Rule of Bankruptcy Procedure 8007(a) and 11 U.S.C. §§ 105(a) and 363(e), staying an auction of certain real property authorized by the Order signed by this Court on February 19, 2017, until such time as the state court appeal in the matter of Aish Hatorah New York, Inc. v. Jacob Fetman (Index Number 22057/2013) and/or the appeal to the District Court of the order authorizing said auction has been resolved, and for such other and further relief that may be just under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that responses or objections, if any, to the Motion must be (i) in writing, (ii) conform to the Bankruptcy Rules, Local Bankruptcy Rules and General Orders, (iii) specify the name of the objecting party, and state with specificity the basis of the objection(s) and the specific grounds therefore, and (iv) be filed with the Court electronically, with a courtesy copy to the Honorable Nancy Hershey Lord's chambers, and (v) simultaneously served upon (a) The Law Office of Gregory M. Messer, 26 Court Street, Suite 2400, Brooklyn, New York  11242, and (b) the Office of the United States Trustee, 271 Cadman Plaza East, Brooklyn, New York, so as to be received no later than **five days prior to the hearing date set forth above**.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court;

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated:  Brooklyn, New York
       March 22, 2017

                                    Respectfully submitted,

                       By:     *s/ Joel Alan Gaffney*
                               Joel Alan Gaffney
                            LAW OFFICE OF GREGORY M. MESSER
                            26 Court Street, Suite 2400
                            Brooklyn, NY  11242
                            (718) 858-1474
                            Attorneys for the Debtor

Joel Alan Gaffney  
Law Offices of Gregory Messer, PLLC  
26 Court Street, Suite 2400  
Brooklyn, NY 11242  
Tel:   (718) 858-1474  
Fax:   (718) 797-5360  
joel.a.gaffney@messer-law.com  
*Attorneys for Moshe Fetman*

Hearing Date: April 5, 2017  
Hearing Time: 2:30 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re:                                                                              Chapter 7

JACOB FETMAN,                                                         Case No: 15-43716-nhl

                           Debtor.  
-----------------------------------------------------------X

## **MOTION FOR STAY OF SALE OF ESTATE PROPERTY**

HONORABLE NANCY HERSHEY LORD  
UNITED STATES BANKRUPTCY JUDGE

GREGORY M. MESSER, an attorney duly licensed to practice before this Court, hereby states:

1.      On February 19, 2017, this Court entered an Order denying the request of Moshe Fetman (the "Movant") and Yaffe Fetman to impose a constructive trust against real property owned by the Debtor located at 4301 Tenth Avenue, Brooklyn, New York 11219 ("4301") and 4305 Tenth Avenue, Brooklyn, New York 11219 ("4305"), and granting the motion of Robert Musso (the "Trustee"), Trustee of the Chapter 7 estate of Jacob Fetman (the "Debtor"), to sell 4301 and 4305, subject only to a pending determination of the extent of the Debtor's wife's interest in those properties. (Docket # 169). The Movant timely filed a pro se notice of appeal from that Order.

2. 4301 and 4305 are both adjacent to real property located at 4303 Tenth Avenue, Brooklyn, New York 11219 ("4303"), which is owned by the Movant and Yaffe Fetman, the Debtor's parents.

3. Only three creditors have filed proofs of claim against the Debtor's estate: 1) Aish Hatorah New York, Inc. ("Aish"), a nonprofit entity who was awarded a $20,000,000.00 judgment against the Debtor in confirmation of an arbitration award; 2) Bank of America, whose secured claim against real property unrelated to the Order was not in default at the time this case was commenced and appears to be fully secured by real property unrelated to the Order; and 3) the Movant, whose mortgages against 4301 and 4305 were avoided by the Trustee as preferential transfers.

4. Aish's judgment against the Debtor is the subject of a timely-filed appeal to the Appellate Division of the Supreme Court of the State of New York. The basis for the appeal is that the arbitration sessions on which the arbitration award was entered were conducted on a Sunday, in violation of New York law.

5. As evidenced by the affirmation of Moshe Fetman filed along with this motion, the value of 4303 is substantially enhanced by the intrafamily ownership of its neighboring buildings, 4301 and 4305. The sale of 4301 and 4305 through the Trustee's auction would significantly impair the value of the Movant's property, with little benefit for creditors of the estate unless the appeal from Aish's judgment is unsuccessful.

6. As evidenced by the affirmation of Moshe Fetman filed along with this motion, 4301 and 4305 are not decreasing in value, and are currently generating revenue in excess of their maintenance costs, so a delay in their sale would not be detrimental to the estate.

7. In deciding whether to grant a stay pending appeal, the Court should "consider four factors:

(1) whether the Movant will suffer irreparable injury absent a stay,

(2) whether a party will suffer substantial injury if a stay is issued,

(3) whether the Movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and

(4) the public interests that may be affected." *Int'l Christian Broad., Inc. v. Koper (In re Koper)*, 560 B.R. 68, 72 (Bankr. E.D.N.Y. 2016) (citing *Hirschfield v. Bd. Of Elections in the City of N.Y.*, 984 F.2d 35, 29 (2d. Cir. 1993).

8. If the Debtor is successful in his state court appeal from Aish's judgment, then the Movant would be the only unsecured creditor receiving distributions from the Trustee.

9. If the Movant is successful in his appeal from the Order, then the Trustee's sale of 4301 and 4305 would be unauthorized because they would belong to the Movant.

10. The Movant meets all four conditions for a stay in this instance:

(1) the Movant lacks the independent financial ability to be the successful bidder at a trustee's auction, so it is impossible for him to avoid the diminution in value of 4303 resulting from the sale of 4301 and 4305 outside his family without a stay – this factor is even more important in this instance because a portion of the Order being appealed concerns the Movant's interest 4301 and 4305, which would be completely wiped out by operation of 11 U.S.C. § 363(m);

(2) no party will suffer substantial injury if a stay is issued, because the properties in question are not diminishing in value and are producing sufficient revenue

    to cover the costs of their maintenance. The Trustee's preference to liquidate the properties instead of managing them, while perhaps reasonable within his business judgment, is insufficient to constitute substantial injury;

(3) the decision on which the Order was based does not contain any acknowledgment or reference to the fact that, aside from the Movant and a fully-secured creditor, the Debtor has only one other creditor. In addition, Because of the equitable nature of constructive trust relief, this fact was potentially highly relevant to the determination made by the Court, and its omission, the Movant submits, creates at least a substantial possibility that the Order will be remanded on appeal;

(4) there are no substantial public interests that are promoted by the denying of a stay in this case because this bankruptcy is essentially a communal dispute between a small number of parties, all of whom would remain protected during the pendency of the relevant appeals.

  11.  11 U.S.C. § 363(e) provides: "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 361 defines adequate protection, in relevant part, as "granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

12. The Movant's claim to a constructive trust, currently on appeal, entitles him to adequate protection of his interest in 4301 and 4305. Because a constructive trust constitutes equitable ownership, rather than a security interest, the Movant submits that the only way to provide him with adequate protection would be to stay enforcement of the Order pending, at minimum, his appeal from that Order.

13. Because every filed claim is fully secured by other property, subject to a bona fide dispute, or held by the Movant seeking this relief, it is respectfully submitted that the only party certain to benefit from the sale of 4301 and 4305 is the Trustee and his professionals, and therefore the balance of equities weighs in favor of a stay.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

1) Staying the Trustee's sale of 4301 and 4305 until the resolution of the Movant's appeal from the order authorizing same;

2) Staying the Trustee's sale of 4301 and 4305 until the resolution of the Debtor's appeal from Aish's state court judgment; and

3) Granting such other and further relief as this Court deems appropriate under the circumstances.

Dated: Brooklyn, New York
March 22, 2017

Respectfully submitted,

By:   *s/ Joel Alan Gaffney*
Joel Alan Gaffney
LAW OFFICE OF GREGORY M. MESSER
26 Court Street, Suite 2400
Brooklyn, NY  11242
(718) 858-1474
Attorneys for Moshe Fetman