UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                          Case No.: 15-43716-nhl

Jacob Fetman,                                                   Chapter 7

                                          Debtor.
----------------------------------------------------------x

# TRUSTEE'S OPPOSITION TO MOTION FOR
# STAY OF SALE OF REAL PROPERTY

TO THE HONORABLE NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE:

        Robert J. Musso ("Trustee"), by his attorneys, Rosenberg, Musso & Weiner, as his response in opposition to the motion filed by Moshe Fetman ("Movant") for a stay of the Trustee's motion sale of the properties at 4301 Tenth Avenue, Brooklyn, New York and 4305 Tenth Avenue, Brooklyn, New York (the "Properties") pending Movant's appeal from this Court's decision denying Movant's constructive trust and authorizing the Trustee's sale of the Properties, respectfully represents:

        1.   On August 11, 2015 ("Filing Date"), Movant filed an involuntary petition for relief under Chapter 7 of Title 11 United States Code (the "Bankruptcy Code") against Jacob Fetman (the "Debtor") and on October 28, 2015, the Trustee was appointed as trustee of the Debtor's estate. On November 21, 2015, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code. Chapter 7 provides for liquidation of a debtor's non-exempt property by an independent trustee and the distribution by the trustee of the proceeds of the liquidation to creditors. 11 U.S.C. §§ 701, 704.

        2.   The Debtor held legal title to the Properties. In the furtherance of his statutory

duties under Section 704, the Trustee filed a motion to establish bidding procedures for the sale of the Properties. Movant and his wife opposed the Trustee's motion, claiming that they were the beneficial owner of the Properties because they have a constructive trust over the Properties. After the Trustee and the Fetmans briefed and argued this issue, the Court in a decision dated February 14, 2017, rejected the Fetmans' claim of beneficial ownership and granted the Trustee's motion. ECF 163. The Fetmans filed an appeal from this Court's February 14, 2017 decision and now Movant files this motion to stay the Trustee's sale of the Properties pending his appeal and also pending the Debtor's appeal in state court from the judgment against the Debtor in favor of Aish Hatorah New York, Inc. ("Aish"). Because Movant cannot establish any of the four elements courts use to decide whether an appellant is entitled to a stay pending appeal, this Court should deny Movant's motion and to allow the Trustee to fulfill his statutory duties by selling the Properties. Movant's motion contains speculation, conclusory statements based on hearsay, and fails to make a substantive argument that this Court reached the wrong decision in denying his assertion of a constructive trust over the Properties.

      3.    Whether to grant a motion for a stay pending appeal is within the "sound discretion" of the court. *International Christian Broadcasting, Inc. v. Koper (In re Koper)*, 560 B.R. 68, 72 (Bankr. E.D.N.Y. 2016); *Sabine Oil & Gas Corporation v. HPIP Gonzales Holdings LLC (In re Sabine Oil & Gas Corporation)*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016). Courts consider four factors in deciding whether to grant a stay pending appeal: (1) irreparable harm to the movant if the stay is denied; (2) a substantial possibility of success on appeal; (3) no harm to other parties; (4) no harm to the public interest. *Koper, supra.*; *Sabine, supra.* Some courts require that the movant prove all four factors, *Bijan-Sara Corporation v. FDIC (In re Bijan-Sara Corporation)*, 203 B.R. 358, 360 (2d Cir. BAP 1996), others use a balancing test of the factors,

*In re Adelphia Communications Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007). Stays pending an appeal from the Bankruptcy Court should only be granted in limited circumstances. *See In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997).

4.    The burden of proof is on the party seeking the stay, *U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995), and the burden is a "heavy" one. *Sabine*, *supra*. at 142. The courts that use the balancing test hold that when there is a weak or no showing of irreparable harm, the party seeking the stay needs to prove a stronger likelihood of success on appeal. *In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012). A party seeking a stay pending appeal must prove that the irreparable harm is actual and imminent, not remote or speculative. *Sabine*, *supra*. at 143. The possibility of harm is not enough. *Koper*, *supra*. at 75. "Injuries fully remedied by monetary damages do not constitute irreparable harm." *Taub*, *supra*. at 278; *Sabine*, *supra*. at 143-44, *citing Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003). The alleged loss of future income is not enough to show irreparable harm. *Taub*, *supra*. at 278. "The risk that an appeal may become moot does not itself equate to irreparable harm. *Kope*r, *supra*. at 74.

5.    Substantial possibility of success is something in between possible and probable. *Sabine*, *supra*. at 146. The existence of contrary cases and some possibility of success on appeal is not enough to show substantial possibility of success on appeal. *Credit One Bank, N.A. v. Anderson (In re Anderson)*, 560 B.R. 84, 91 (S.D.N.Y. 2016). The party requesting the stay must give the court new grounds sufficient to change its reasoning. *Id*.

6.    Movant cannot show any of the four elements necessary for him to meet his "heavy" burden of proving that this court should stay the Trustee's sale of the Properties and consequently he is not entitled to a stay pending appeal. Movant is not entitled to a stay whether

this Court requires him to prove all four factors or this Court uses the balancing test. Movant requests the stay pending two appeals, one from this Court's decision and one from the state court decision against the Debtor, and not Movant. The Trustee will examine the four factors in the context of each appeal and show why Movant cannot meet his "heavy" burden of proving entitlement to a stay pending appeal.

7.    Movant cannot show that he will be irreparably harmed by the Trustee's sale of the Properties in the Debtor's appeal from Aish's judgment against him. The sale will bring money into the Debtor's estate, money that will be used to pay creditors. The Trustee's sale of the Properties will benefit creditors. Movant states that he is a creditor in this case and he filed a claim. Movant filed an involuntary chapter 7 case against the Debtor. Because a chapter 7 case is a liquidation case, Movant, as petitioning creditor, sought the liquidation of the Debtor's assets to pay the Debtor's debt to him. The amount of Aish's claim may affect the distribution to Movant, but the Trustee is not proposing to distribute money to creditors at this time, he just wants to convert the Debtor's assets to cash so that there will be money to pay creditors.

8.    Movant also cannot show that he will be irreparably harmed if he does not obtain a stay of the Trustee's sale of the Properties pending his appeal from this Court's decision that found that he and his wife did not have a constructive trust on the Properties. The alleged harm to Movant is that he believes that the value of the property that he does own, the property in between the Properties, will be diminished by the Trustee's sale of the Properties. Movant bases this belief on a conversation with a builder. Not only is this conversation hearsay, Movant gives no information about the person he spoke with or their qualifications to give an opinion as to value of property. Movant also attaches three pages of print out from Zillow. This Court does not accept Zillow as proof of anything and showing what Zillow gives as the value of the Properties

and the property between them owned by Movant is not proof of anything, let alone harm to Movant.  Further, the alleged diminishment in the value of Movant's property does not prove irreparable harm. Movant does not state that he intends to sell his property and he does not have the right to sell all three properties because he does not own the Properties. If Movant does want to sell his property and believes that a sale of all three would benefit the Debtor's estate, the Trustee would be happy to discuss the sale of all of the properties at the same time. If Movant can show that his property will be diminished in value by the Trustee's sale of the Properties, that loss of value can be remedied by monetary damages. The same is true of the alleged loss of income from the Properties. Harm that can be remedied by money damages is not irreparable harm. Movant's adequate protection argument is without merit. In order to be entitled to adequate protection, a party must have an interest in property and as this Court thoroughly and conclusively found, Movant does not have any interest in the Properties. The possibility that Movant's appeal may be mooted by the sale also does not constitute irreparable harm. *Koper*, *supra*. at 74. Movant's statements that he will suffer irreparable harm are speculative and he does not prove that irreparable harm is actual or imminent.

9.    Movant fails to prove that the Debtor's estate will not be harmed by the stay of the Trustee's sale of the Properties. Movant makes conclusory statements that the Properties are increasing in value and that they produce sufficient income to pay all expenses. Movant fails to present proof of either. The Federal Reserve recently raised interest rates and stated the likelihood that it will raise rates again before the end of this year. This Court can take judicial notice that higher interest rates often result in a decline in property values. The Trustee is concerned that the real estate market may decline if his sale of the Properties is delayed while the two appeals are decided. In November 2016, TD Bank filed a motion for relief from the stay

with respect to the property at 4305 Tenth Avenue. In the motion, TD Bank stated that the mortgage was due for payments from September 2015 through November 2016. Movant filed opposition to the motion in December 2016 which did not deny that the payments were not being made, only stating that it would be unfair to make payments because the Court could decide to let the Trustee sell that property. The next hearing on TD Bank's motion will be held on April 5, 2017, at the same time as Movant's motion for a stay. The accrual of interest on 4305 Tenth Avenue and the failure to make escrow payments sufficient to pay real estate taxes harms the Debtor's estate. The Debtor's estate will be harmed by a stay of the Trustee's sale of the Properties.

10.     Movant cannot show any possibility of success on appeal and certainly cannot show the degree of possibility necessary to obtain a stay. Because Movant failed to show irreparable injury, he must show a greater possibility of success on appeal, a possibility that approaches likelihood of success. Movant is not the appellant in the state court appeal from Aish's judgment against the Debtor. As shown above, the Trustee's sale of the Properties will have no affect on that appeal. The sale of the Properties will bring money into the estate and if the Debtor is successful in the appeal, less of that money will go to Aish, leaving more for Movant. Papers recently filed by Aish in this Court show that the Debtor does not have any chance of success of voiding Aish's judgement, let alone a substantial possibility. The Debtor's argument is based on his belief that an arbitration session took place on a Sunday, in contravention of New York law. Aish showed that a different arbitration included a brief Sunday session, but that the arbitration that resulted in the ruling against the Debtor was a separate arbitration proceeding and had no sessions that took place on a Sunday. The Debtor's Sunday argument was rejected by the lower state court and Movant does not discuss why that decision is wrong.

11.    Movant also fails to show why this Court's decision finding that he does not have a constructive trust on the Properties was wrong. Both Movant and the Trustee briefed this issue. This Court issued a decision that analyzed the elements of a constructive trust under both federal and New York law. After such analysis, this Court found that Movant and his wife did not meet their burden of proving the existence of a constructive trust. Movant in his motion does not discuss this Court's opinion. He does not discuss why it is wrong. He presents no new grounds or arguments showing that he and his wife have a constructive trust on the Properties. The only argument that he does make is that Aish's judgment may be voided or reduced on appeal in state court and that therefore this Court should have considered that equitable argument in deciding whether to grant Movant and his wife a constructive trust. Movant has already shown that there is almost no possibility that Aish's judgment will be voided on appeal, making this argument irrelevant.  Movant filed the involuntary petition under chapter 7. He filed a claim in this case. The Trustee's statutory duties require him to convert assets to cash to pay creditors, and Movant is creditor according to the involuntary petition he filed and the claim that he filed. Movant having sought the liquidation of the Debtor's assets cannot make the equitable argument that the Trustee should not do just that. Movant cannot show a substantial possibility of success on appeal, particularly the increased possibility he must prove because he fails to prove irreparable harm.

12.    Stay of the sale will harm the public interest.  A trustee must collect and reduce to money property of the estate and expeditiously close the estate.  11 U.S.C. §704; *Louisiana World Exposition v. Federal Insurance Company*, 858 F.2d 233 (5th Cir. 1988); *In re Riverside-Linden Investment Co.*, 85 B.R. 107, 111 (Bankr. S.D.Cal. 1988), *aff'd*, 99 B.R. 439 (9th Cir. BAP 1989), *aff'd*, 925 F2d 320 (9th Cir. 1991).  Stay of the sale will prevent or seriously delay

the Trustee from performing his statutory duties.  Movant cannot prove that the public interest will not be harmed if a stay is granted.

13.    Whether this Court requires Movant to prove all four factors used by courts in deciding whether to grant a stay pending appeal or uses a balancing test of the four factors, Movant fails to prove that this Court should grant him a stay pending appeal. This Court should deny his motion.

**WHEREFORE**, it is respectfully requested that this Court overrule the Fetmans' opposition and grant the Trustee's motion, together with such other and further relief as is just and proper.

Dated:  Brooklyn, New York
       March 29, 2017

                         ROSENBERG, MUSSO & WEINER, LLP
                         Attorneys for the Trustee

                         By:_____/s/_____
                              Bruce Weiner
                              26 Court Street, Suite 2211
                              Brooklyn, New York 11242
                              (718) 855-6840