Jacob Fetman – Debtor
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Chapter 7
JACOB FETMAN, Case No: 15-43716-nhl
Debtor.
-----------------------------------------------------------X

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2017 APR -7  P 4: 19

RECEIVED

## MOTION TO RECONSIDER A STAY OF SALE OF ESTATE PROPERTY

Jacob Fetman (the "Debtor") enters a Pro-Se Motion for Your Honor to reconsider a stay of estate property for the following reasons:

1. As discussed at the Hearing conducted on April, 5th 2017, Your Honor agreed that as my attorney, Mr. Carlebach, is not available at this very crucial junction, the Court would allow a brief period for the Debtor to have Mr. Carlebach replaced.

2. At the same hearing, the Court directed the trustee to do his utmost and try to maximize the value of the estate, by negotiating with Mr. Moshe Fetman, the owner of the house in between 4301 and 4305 Tenth Ave. It was the Court's understanding that substantial increase in value would be realized if all three properties are sold as one. In fact, your honor was incredulous that no appraisals were commissioned by the trustee so that the values of the properties individually and all together can be ascertained.

3. However, the trustee showed his true intention in his rush to sell the property. Only hours after this hearing, the trustee circulated an email proposing language for amended order approving bidding procedures, terms and conditions of sale and notice of auction (Exhibit 1). This action negates a direct order from Your Honor to allow debtor time to retain counsel and explore any possibility of increasing the value of the estate by negotiating with Mr. Moshe Fetman.

4. This action is a proof that the only beneficiaries to this rushed sale of these properties, at this juncture, appears to be the trustee, who will take a portion of the proceeds to cover his "costs" in this litigation as well as the auctioneer.

5. As the trustee admitted in his papers, trustee plans no distributions of proceeds at this point and will only use funds to cover his own expenses.

6. With the Courts indulgence, I want to bring up a point that was not explained or raised in the hearing. In this case, there is definitely irreparable harm if the sale of these properties is made to continue. As was brought up in the hearing, two of these properties, being owned for approximately 27 years, carry no mortgages. 4305 carries a mortgage of about $400K, still leaving a large equity position. However, a substantial tax liability will be created in the event of a sale. That tax liability, approximately 40% of the capital gains on these properties, cannot be undone. The Debtor, his wife - who is part owner of one of the properties, and debtor's parents will face this substantial tax liability in case of a sale.

7. Case in point is the illegal and underhanded confiscation of the Met Life proceeds by Aish HaTorah with complete disregard to due process. Met Life was issued a demand, without that demand being known to Debtor, and Met Life released the retirement funds of the debtor, creating a tax liability in the tens of thousands of dollars. So much so, that Debtor's wife needed to borrow substantial amounts to pay off the tax liability created by the release of funds to Aish, funds that should never have been released to begin with.

8. When the court evaluates the likely success of the appeal, debtor would re-iterate that while trustee suggests that Aish is convinced that the judgement will not be vacated, their actions suggests quite the opposite. The fact that they requested that Rabbi Cohen send a threatening letter to debtor in July of 2016 to settle the case "or else", speaks volumes.

Also, Judge Demarest in her decision wrote specifically that she found that there were four arbitration sessions – the first one being Sunday Oct. 13, 2013. Judge Demarest rejected the notion of the 'serial arbitrator', suggested by Aish, and only erred in the fact that she allowed this Sunday hearing violation of the CPLR to stand because both litigants were Jewish. The recent ruling of the appellate Division is clear – that understanding is a mistake and this award should have been vacated years ago.

I respectfully request that Your Honor allow a stay – for Debtor to retain counsel and time to allow negotiations so that the Trustee can actually gain the most for the estate and not only for his own benefit.

Respectfully,

Jacob Fetman

Dated: Brooklyn, New York
April 6th, 2017
Jacob Fetman
1743 Ocean Ave.
Brooklyn, NY 11230
646 261 0200
jfetman@yahoo.com

Exhibit 1

| | |
|---|---|
| **Subject:** | Fetman |
| **From:** | Bruce Weiner (bweiner@nybankruptcy.net) |
| **To:** | gremesser@aol.com; joel.a.gaffney@messer-law.com; andrew.citron2@verizon.net; jfetman@yahoo.com; mfrankel@bfklaw.com; iraabel@verizon.net; |
| **Date:** | Thursday, April 6, 2017 11:05 AM |

Attached please find an amended order approving bidding procedures, terms and conditions of sale, and notice of auction revised as directed by the judge yesterday. Please give me any comments. I intend to upload the order this afternoon.

**Bruce Weiner**
Rosenberg, Musso & Weiner, LLP
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840 phone
(718) 625-1966 fax
www.nybankruptcy.net
http://nybankruptcy.net/main/blog/

## Attachments

- Fetman order_approving bidding procedures 3.docx (35.48KB)
- FETMAN - Terms Conditions Sale.docx (30.43KB)
- Fetman notice of auction and sale hearing1 (2) (2).docx (26.69KB)