**Law Offices of David Carlebach**
**200 Broadway**
**New York NY 10005**

212-785-3041
david@carlebachlaw.com

June 14, 2017

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, New York 11201

> *Jacob Fetman Case No. Chapter 7 Case No 15-43716*
> *-------------------------------------------------------------------*
> *Court's Order to Show Cause to Hold David Carlebach in*
> *Contempt Hearing for June 14, 2017*

Dear Judge Lord:

    I write with respect to the Court's Order to Show Cause to hold me in contempt scheduled for today. In the first instance, the entire premise of this motion is factually inaccurate. Prior to the hearing in question, I had not appeared personally in this case for a number of months. Ira Able of my office had been regularly making all court appearances. Indeed, all matters in that case, were completely under control through mine and Mr. Able's involvement, including extensive motion practice and numerous adversary proceedings. That day in question, Mr. Able was in Court as well representing the Debtor as he had been at numerous prior proceedings. The notion that there had been any lack of involved and zealous representation of this Debtor by my office at any time is inaccurate.

    More recently, due to an unrelated matter involving another Court, a matter which with this Court is familiar with, and I continue to work to resolve, it became impossible for me to personally attend the recent Court appearance that the Courtdirected. My lack of attendance is, thus, not contumacious and does not reflect any disrespect to this Court. In such instance the general defense of impossibility thus bars any finding of contempt. See Generally, Egnotovich v. Greenfield Twp. Sewer Auth., 378 F. App'x 121, 123 (3d Cir. 2010) (citing Hicks v. Feiock, 485 U.S. 624, 638 n.9 (1988)). In such cases, "an order of civil contempt (is or will become) punitive if a contemnor is unable to comply with the order." Camerons Hardware Inc. v. Independence Blue Cross, 363 F. App'x 197, 201 (3d Cir. 2010) (quoting Harris, 47 F.3d at 520).

Similarly, the Second Circuit has recently reversed an affirmance by the District Court's of a sanctions and contempt finding by Chief Judge Craig against an attorney, holding that there must be intentional bad faith before such penalties can be levied, In Re: JJE & MM Group LLC District Court Case No. 1:14-cv-05105-AMD, Docket No. 27( A copy of the Opinion is attached as Exhibit A).  As stated, there has been no bad faith at any point by this office or this attorney with respect to any aspect of this case and, thus, a finding of contempt or imposing sanctions are inappropriate.

Respectfully,

s/David Carlebach

David Carlebach