UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                              Case No. 15-43716-nhl

Jacob Fetman *aka* Yaakov Fetman,                              Chapter 7

                                Debtor.
----------------------------------------------------------X

**ORDER (I) APPROVING TERMS & CONDITIONS BETWEEN TRUSTEE, AS SELLER AND MOSHE FETMAN, AS PURCHASER; AND (II) AUTHORIZING TRUSTEE TO SELL REAL PROPERTY LOCATED AT 4305 TENTH AVENUE, BROOKLYN, NEW YORK, PURSUANT TO 11 U.S.C. § 363**

UPON THE APPLICATION (the "**Application**") and the related motion of Robert J. Musso ("**Trustee**"), as Chapter 7 Trustee of the Estate of Jacob Fetman (the "**Debtor**") dated December 8, 2015 (the "**Motion**") for an order approving bidding procedures (the "**Bidding Procedures**") for the sale (the "**Sale**") by the Trustee of the real property located 4305 Tenth Avenue, Brooklyn, New York (the "**4305 Property**"), the opposition to the sale of Moshe Fetman and Yaffa Fetman (the "**Fetmans**") filed December 8, 2015, the Trustee's response to the Fetmans' opposition filed January 13, 2016, the Fetmans' memorandum of law in opposition to the sale filed February 23, 2016, the Trustee's memorandum of law in support of the sale filed March 7, 2016; and the Court having held hearings to consider such relief on March 31, 2016 and February 14, 2017 (the "**Procedures Hearings**"); and the Court having issued a Decision Denying Constructive Trust and Authorizing Sale dated February 14, 2017 (the "**Decision**"), and an Order dated February 19, 2017 overruling the Fetmans' objection to the Sale and granting the Trustee's Motion in accordance with the Court's Decision; and upon the Amended Order dated July 10, 2017 approving the Bidding Procedures therein and scheduling an auction sale of the 4305 Property for September 7, 2017 (the "**Bid Procedures Order**"); the Trustee's motion dated July 21, 2017, for an order authorizing the Trustee to sell the 4305 Property free and clear of any liens, claims, interests, and

encumbrances, pursuant to sections 363(b) and 363(f) of title 11 of the United States Code (the "**Bankruptcy Code**"), including the leasehold interests and any possessory rights of the Fetmans (the "**Sale Motion**"), the Fetmans' opposition to the Sale Motion dated August 8, 2017, the limited response of Tamar Fetman ("**Tamar**") filed on August 8, 2017, and the Trustee's response thereto filed on August 11, 2017; and upon the hearing held before the Court on August 15, 2017, and the Order dated August 29, 2017, granting the Sale Motion and authorizing the Trustee to sell the 4305 Property free and clear of any leases, leasehold interests, and possessory rights of the Fetmans; the stipulation of settlement between the Trustee and Tamar, in which Tamar consented to the sale of the 4305 Property and that she shall have the right pursuant to section 363(i) of the Bankruptcy Code to purchase the 4305 Property for the proposed sales price obtained by the Trustee; and the Trustee's auctioneer having conducted an auction sale (the "**Auction**") of the 4305 Property on September 7, 2017, and at the Auction, Moshe Fetman (the "**Purchaser**") having bid $1,400,000.00 (the "**Purchase Price**"), the highest and best offer for the 4305 Property, and Purchaser having signed a Memorandum of Sale and Terms and Conditions of Sale and deposited with the Trustee 10% of the Purchase Price; and upon the record of the hearing held before the Court on September 7, 2017 to confirm the auction sale (the "**Sale Hearing**"); and it appearing that the Trustee has provided due and sufficient notice to all parties in interest, and that Purchaser extended the highest and best offer for the 4305 Property at the Auction; and after hearing counsel for the Trustee and counsel for Purchaser in support of the Application at the Sale Hearing, the Court finds that the Purchase Price is the highest and best offer made for the 4305 Property; and it appearing that the relief requested in the Application is reasonable and in the best interests of the Debtor's estate, after due deliberation and sufficient cause appearing therefor; it is hereby

      **FOUND AND DETERMINED THAT:**

1. The Trustee is the duly qualified trustee of the Debtor's estate.

2. The Trustee is authorized to sell the 4305 Property.

3. Proper, timely, adequate, and sufficient notice of the Application and the hearing on the requested relief set forth above has been provided to, among others, all creditors and parties in interest in accordance with sections 363(b) and 363(f) of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and the Bid Procedures Order, as evidenced by the affidavit of service thereof filed with the Clerk of the Court, and no other or further notice is necessary.

4. The Bidding Procedures have been negotiated without collusion, in good faith, and at arms' length by and between the Trustee and the Purchaser.

5. The Trustee has advanced sound business reasons for seeking to sell the 4305 Property, as set forth in the Application, and it is a reasonable exercise of the Trustee's business judgment to enter into the Bidding Procedures and to execute, deliver and perform its obligations thereunder and to conduct the sale at the Auction.

6. The total consideration to be realized by the Trustee pursuant to the Bidding Procedures is fair and reasonable, and the transaction contemplated by the Bidding Procedures is in the best interests of the estate.

7. It is in the best interests of the Debtor's estate and its creditors for the Trustee to sell the 4305 Property pursuant to the Bidding Procedures.

8. The Trustee is entitled, pursuant to 11 U.S.C. § 363(f)(5), to sell the 4305 Property free and clear of any liens, claims, interests, and encumbrances, including any leases, leasehold interests, and possessory rights of the Fetmans in the 4305 Property.

9. No alternative to the Bidding Procedures or the transaction contemplated thereby

has been proposed which is reasonably and proximately achievable and in the best interests of the Debtor's estate. At the Auction, no higher or better offer than the Purchase Price was made for the 4305 Property.

10. Based on the record of the Sale Hearing, the Court has determined that Purchaser is a purchaser acting in good faith as such term is used in the Bankruptcy Code and is entitled to the protection set forth in section 363(m) of the Bankruptcy Code if it consummates a purchase of the 4305 Property in accordance with this Order and the Bid Procedures Order.

NOW, THEREFORE, it is hereby

**ORDERED**, that the Trustee's Application is granted as set forth herein, pursuant to section 363(b) and (f) of the Bankruptcy Code, and, for the Purchase Price and pursuant to the Bid Procedures Order, the Trustee is authorized and directed to sell and transfer the 4305 Property to Purchaser, upon the terms and subject to the conditions set forth in the Bid Procedures Order; and it is further

**ORDERED**, that pursuant to section 363(b) and (f) of the Bankruptcy Code, the 4305 Property shall be sold and transferred to Purchaser, free and clear of any liens, encumbrances, claims and interests, whether or not allowable, security interests, title retentions, charges, and any interest in such property of any entity, including any leases, leasehold interests, and possessory rights of the Fetmans in the 4305 Property, other than as set forth in the Bid Procedures Order (the "**Encumbrances**"), whether arising prior or subsequent to the commencement of this case, with Encumbrances to attach to the proceeds of the sale of the 4305 Property in the priority they held prior to the bankruptcy filing; and it is further

**ORDERED**, that the closing on the sale of the 4305 Property shall occur on or before thirty (30) days from entry of this Order, **time being of the essence**; and it is further

**ORDERED**, that the provisions of this Order shall be self-executing, and neither the Trustee nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the foregoing provisions hereof; provided, however, that this decretal paragraph shall not excuse such parties from performing any and all of their respective obligations under the Bid Procedures Order; and it is further

**ORDERED**, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments, necessary and appropriate to consummate the transactions contemplated by the Application and Bid Procedures Order; and it is further

**ORDERED**, that this Order shall be binding upon, and inure to the benefit of the Debtor's estate, the Trustee, all the Debtor's creditors, Purchaser, and all other parties in interest, and their respective successors and assigns; and it is further

**ORDERED**, that Purchaser shall be entitled to the protection of section 363(m) of the Bankruptcy Code with respect to the sale of the 4305 Property approved and authorized herein in the event this Order or any authorization contained herein is reversed or modified on appeal, and the consideration to be paid by the Purchaser for the 4305 Property pursuant to the Bidding Procedures and this Order is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

**ORDERED**, that this Court shall retain jurisdiction over the implementation of and enforcement of the provisions of this Order and of the Bid Procedures Order; and it is further

**ORDERED**, that the Trustee and his representatives are authorized to execute and deliver such other documents and instruments, and take such other actions as may be necessary to

implement, effectuate and consummate the sale of the 4305 Property and the Bidding Procedures and any other related documents, and the transactions contemplated thereby; and it is further

**ORDERED**, that after payment of all liens on the 4305 Property, all costs of sale, including the auctioneer, and all closing costs, the remaining proceeds of the sale will be divided equally between the Debtor's bankruptcy estate and Tamar; and it is further

**ORDERED**, that except as otherwise provided in the Bid Procedures Order, consummation of the transactions contemplated by the Bidding Procedures will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities, or claims of any kind or nature, including, without limitation, based on any theory of successor or transferee liability; and it is further

**ORDERED**, that Purchaser shall have the right to assign his bid to an entity of which he is a principal; and it is further

**ORDERED**, any conflict between the Bidding Procedures and the terms and provisions of this Order shall be resolved in favor of this Order.



**Dated: Brooklyn, New York**
**October 9, 2017**

_/s/ Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**