UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                                    Case No.: 15-43716-nhl

Jacob Fetman,                                                                      Chapter 7

                              Debtor.
----------------------------------------------------------------x

### ORDER TO SHOW CAUSE SCHEDULING HEARING ON TRUSTEE'S MOTION TO APPROVE GLOBAL SETTLEMENT OF ALL MATTERS BETWEEN THE TRUSTEE, THE DEBTOR, PARTIES RELATED TO THE DEBTOR AND THE DEBTOR'S LARGEST CREDITOR

**UPON** the affirmation of Bruce Weiner dated April 5, 2018, in support of the motion of Robert J. Musso ("Trustee"), chapter 7 trustee of the estate of Jacob Fetman ("Debtor"), and the exhibits thereto to approve the settlement agreement annexed as Exhibit A (the "Settlement") which resolves all the issues in this case between the Trustee and the Debtor and parties related to the Debtor and between the Debtor and parties related to the Debtor and Aish Hatorah New York, Inc. ("Aish"), the Debtor's largest creditor, and upon all the proceedings had herein, and sufficient cause appearing to me therefor, it is,

**ORDERED,** that any party in interest in this case show cause before the undersigned bankruptcy judge at the United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3577, Brooklyn, New York 11201 on April 25, 2018 at 3:00 p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Settlement should not be entered, and granting the Trustee such other relief as is just and proper; and it is further

**ORDERED**, that service of a copy of this order and the accompanying papers upon all creditors and parties in interest by first class mail on or before April _____ 2018, shall be good and sufficient notice upon the respondents hereof; and it is further

**ORDERED**, that objections to the relief requested, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before April    , 2018 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Trustee, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., the attorney for the Debtor, Rachel Blumenfeld, 26 Court Street, Suite 2200, Brooklyn, New York 11242, and the attorneys for Aish, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022, Attention: Mark Frankel, Esq., on or before April    , 2018. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    JACOB FETMAN,

                  Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 7
Case No. 15-43716-nhl

**AFFIRMATION IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT AND ENTRY OF ORDER TO SHOW CAUSE**

      Bruce Weiner, an attorney admitted to practice before this Court, under penalty of perjury, affirms:

      1.    That I am a member of the firm of Rosenberg Musso & Weiner, LLP and I make this affirmation is in support of the motion of Robert J. Musso ("Trustee"), chapter 7 trustee of the estate of Jacob Fetman ("Debtor") for approval of the Trustee's motion to approve the settlement agreement (the "Settlement") annexed as Exhibit A, which resolves all the issues in this case between the Trustee and the Debtor and parties related to the Debtor and between the Debtor and parties related to the Debtor and Aish Hatorah New York, Inc. ("Aish"), the Debtor's largest creditor.

      2.    This application is being brought by order to show cause because Federal Rule of Bankruptcy Procedure 2002(a)(3) requires twenty-one day notice of a motion to approve a settlement and this Court's local rules add three days for mailing. The Trustee did not receive everyone's signature to the Settlement until April 5, 2018, which did not leave enough time to bring the motion before the Court on April 25, 2018, the next hearing date in this case, and before April 26, 2018, the last day for the Trustee to file complaints in this case against persons related to the Debtor. Approval of the Settlement would make such complaints unnecessary because it

provides the Trustee with enough money and property to pay Aish the amount it agreed in the Settlement to accept as payment in full of its claim in this case and to pay all the costs and expenses of the Debtor's estate. Every other creditor and party in interest, with the exception of the buyer of the property at 4305 Tenth Avenue, Brooklyn, New York whose rights are not affected by the Settlement, and Bank of America, which holds the mortgage on 1743 Ocean Avenue, Brooklyn, New York, a property that the Trustee will not be administering and whose rights will not be affected by the Settlement, is a signatory to the Settlement. Rule 9006(c)(1) gives this Court discretion for cause shown to shorten the time for service of a motion to approve a settlement. The Trustee submits that he has shown cause for shortening the time for service of this motion. It is for that reason that the Trustee requests that this Court enter the prefixed Order to Show Cause and authorize service of the Trustee's motion by first class mail upon all creditors and parties in interest.

3. On August 11, 2015 ("Filing Date"), an involuntary petition for relief under Chapter 11 of Title 11 United States Code (the "Bankruptcy Code") was filed against Jacob Fetman (the "Debtor") and on October 28, 2015, Robert J. Musso (the "Trustee") was appointed as trustee of the Debtor's estate. On November 21, 2015, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code.

4. Since the Trustee's appointment he has engaged in much investigation of the Debtor and in much litigation, all of which has brought property into the estate to pay creditors. The Trustee identified other potential causes of action against persons related to the Debtor which the Trustee believes would result in additional money for the Debtor's estate. In large part because of the Trustee's actions in this case, especially obtaining the right to sell the two Tenth Avenue properties, after litigation, and actually selling those properties at an auction sale, the Trustee, the

Debtor, persons related to the Debtor, and Aish began discussing settlement. After many months of negotiations, an agreement was read into the record of the hearing held before the Court in this case on November 17, 2017. Although the basic terms of the Settlement were agreed to on November 17, 2017, it was not until March 27, 2018, that the parties to the Settlement agreed on all of the terms of the Settlement and it was not until April 5, 2018, that the Trustee received the Settlement signed by all the parties to the Settlement.

      5.      Aish filed a claim in this case for $20 million and it is by far the largest creditor in this case. Aish's claim arises from what it believed to be financial defalcations by the Debtor, including taking unauthorized loans from Aish. After arbitration in a Beis Din, the arbitrator granted Aish a judgment for $20 million. By opinion dated September 29, 2014, the Supreme Court, Kings County confirmed the $20 million award. Only two other claims were filed in this case, Moshe Fetman and Yaffa Fetman for $2.3 million and Bank of America a secured claim for the mortgage it holds on the property at 1743 Ocean Avenue, Brooklyn, New York for just under $500,000. The settlement provides that Aish will receive $2.5 million, plus $50,000.00 per month for each month after the payment deadline of April 23, 2018, until the entire amount, including the extra payments is paid to Aish. The amounts necessary to pay Aish shall be paid to the Trustee who can also use the proceeds from the sale of the real properties at 4301 Tenth Avenue and 4305 Tenth Avenue to pay Aish, except that the Trustee shall retain sufficient amounts to pay all costs of sale, including the auctioneer, all administrative expenses of the Debtor's estate, including trustee commissions and legal fees, and a reserve to pay any capital gains taxes that may be due from the sales. Moshe Fetman and Yaffa Fetman withdraw their claim so that Aish will be the only unsecured creditor in this case. The Debtor's wife, Tamar Fetman agrees that all of the net proceeds from the Trustee's sale of 4305 Tenth Avenue shall go to the Trustee to pay creditors. If

the Trustee needs additional funds to pay all the obligations of the Debtor's estate, including the amounts needed to pay Aish under the Settlement, Moshe Fetman authorizes the Trustee to sell the property at 4303 Tenth Avenue, Brooklyn, New York and recognizes that the proceeds from that sale shall be property of the Debtor's estate. The settlement gives Aish what it agreed to accept in full payment of its claim and provides the Trustee with the money to pay Aish and to pay all the other expenses in this case. It also resolves all issues between the Debtor and parties related to the Debtor and Aish and the Debtor and those parties and Aish will exchange releases. The Debtor is also required to provide Aish with certain financial information and Merkaz the Center shall assign to Aish its interests in the Platinum and Bayberry funds. Because of the Settlement, the Trustee will not need to bring actions against parties related to the Debtor to recover what the Trustee believes were fraudulent conveyances so that the Debtor's estate will not have the costs and risks of such litigation. The only creditor not provided for in the Settlement is Bank of America. Nothing in the Settlement affects the lien that Bank of America has on the property at 1743 Ocean Avenue, Brooklyn, New York. Upon information and belief, Bank of America's loan is not in default. The claim filed by Bank of America states that there were no arrears due on the Filing Date. It is for these reasons that the Trustee entered into the Settlement to pay creditors the amounts they agreed to accept in the Settlement without any additional costs and risks of litigation. The Trustee submits that the Settlement does not fall below the lowest point of reasonableness, is in the best interests of the Debtor's estate, and should be approved.

## BASIS FOR THE RELIEF REQUESTED

6.     Federal Rule of Bankruptcy Procedure 9019 (a) permits this Court to approve a compromise or settlement.  The Rule provides:

> (a)     Compromise.  On motion by the trustee and after notice and a

> hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

Neither Rule 9019 nor any other section of the Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements in bankruptcy cases are well established in precedent, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. In Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, reh'g denied, 391 U.S. 909 (1968), the seminal case on approval of settlements in bankruptcy cases, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating,

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has appraised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Id., 309 U.S. at 424 (citations omitted).

7.   The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the statement 'fall(s) below the lowest point in the range of reasonableness.' " In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) cert. denied sub nom. Cosoff v. Rodman, 464 U.S. 822 (1983). See, Nellis v. Shugrue, 165 B.R. 115, 121-22 (S.D.N.Y. 1994); In re Purofield Down Products Corp., 150 B.R. 519, 522-23 (S.D.N.Y. 1993); In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 287 (Bankr. S.D.N.Y.

1990); In re Carla Leather, Inc., 44 B.R. 457, 470 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1984). The assessment of a settlement only requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." Carla Leather, 44 B.R. at 470.

8. In considering a proposed settlement, the court should be guided by a lenient standard, consistent with the theory that "little would be saved by the settlement process if (in order to approve a settlement) bankruptcy courts (were required to conduct)... an exhaustive investigation and determination of the underlying claims" in order to approve a settlement. Purofield Down Products, 150 B.R. at 522.

9. In deciding whether a proposed compromise is fair and equitable, reasonable, and in the best interests of creditors, courts in the Second Circuit follow the analysis first articulated by the Supreme Court in Anderson, as developed and applied by the case law. Thus, courts judge a proposed settlement based upon a consideration of some or all of the following factors:

(i) the relative benefits to be received by creditors under the proposed settlement;

(ii) the likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement;

(iii) the prospect of complex and protracted litigation if settlement is not approved;

(iv) the attendant expense, inconvenience and delay of litigation;

(v) the probable difficulties of collecting on any judgment that might be obtained;

(vi) the competency and experience of counsel who support the proposed settlement;

(vii) the extent to which the settlement is the product of arm's length bargaining, and not the product of fraud or collusion;

(viii) the nature and breadth of any releases to be issued as a result of the

        proposed settlement; and

(ix)    the paramount interest of the creditors and proper deference to their reasonable views.

See City of Detroit v. Ginnell Corp., 495 F.2d 448, 463 (2d Cir. 1974); In re Ionosphere Clubs, Inc., 156 B.R. 414, 427 (S.D.N.Y. 1993); Purofield Down Products, 150 B.R. at 522; International Distribution Centers, 103 B.R. at 422; In re Fugazy, 150 B.R. 103, 106 (Bankr. S.D.N.Y. 1993); Drexel I, 134 B.R. at 497; In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 506 (Bankr. S.D.N.Y. 1991) ("Drexel II); Crowthers McCall, 120 B.R. at 287; Texaco, 84 B.R. at 901: In re Lion Capital Group, Inc., 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985); Carla Leather, 44 B.R. at 466; Marshall v. Stein, 33 B.R. at 43; In re W.T. Grant Co., 4 B.R. 53, 69 (Bankr. S.D.N.Y.) aff'd, 699 F.2d 599 (2d Cir. 1983), cert. denied sub nom.

    10.    The Trustee respectfully submits that application of the relevant factors to this case shows that the settlement falls above the lowest point in the range of reasonableness and should be approved as fair and equitable.

    11.    The settlement is the product of arms-length negotiations between the Trustee and experienced and competent counsel and is not the product of fraud or collusion. All of the creditors and parties in interest in this case, other than the buyer of 4305 Tenth Avenue and Bank of America, are parties to the Settlement. The rights of the buyer and Bank of America are not affected by the Settlement.

    12.    The Trustee submits that the best interest of this estate will be served by approval of the Settlement. The Trustee's primary duties are to marshal, liquidate, preserve, and distribute assets of the estate for the benefit of creditors. The Trustee must fulfill these responsibilities expeditiously and in a cost effective manner. Approval of the Settlement means that the Trustee will obtain enough funds to pay Aish the amount it agreed to accept in the Settlement and to pay all

the expenses and other costs of the Debtor's estate. Accordingly, the Trustee respectfully submits that the Settlement is fair and reasonable and should be approved.

13. A proposed order approving the settlement is annexed as Exhibit B.

WHEREFORE, the Trustee respectfully requests that this Court enter the prefixed Order to Show Cause scheduling a hearing on approval of the Settlement, approve the Settlement, and grant such further relief as is just and proper.

Dated: Brooklyn, New York  ROSENBERG, MUSSO & WEINER, LLP
April 5, 2018  Attorneys for the Trustee

By: /s/
Bruce Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840