UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          :   Chapter 7
                                                :
JACOB FETMAN aka YAACOV FETMAN,                 :   Case No. 1-15-43716-NHL
                                                :
              Debtor.                           :
---------------------------------------------------------------x

## DEBTOR'S RESPONSE IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 4305 TENTH AVENUE, BROOKLYN, NEW YORK

Jacob Fetman (the "Debtor") states as follows under penalty of perjury:

1. I make this response (this "Response") in support of the Trustee's motion, dated May 11, 2018 (ECF Doc. No. 287, the "Motion"), to sell certain real property located at 4305 Tenth Avenue, Brooklyn, New York (the "Property").

2. As set forth below, every month that the Trustee fails to close on his sale of the Property may cost me $50,000 pursuant to a settlement agreement (ECF Doc. No. 276-1, the "Settlement Agreement") approved by this Court.

3. Aron Borukhov ("Borukhov") was the second highest bidder at the auction of the Property and is required to close the sale pursuant to the Court's approved bidding procedures. He now refuses to close on the sale, and has actually stated in open court that he will not purchase the Property at any price but he uses these delays and legal maneuvering to compel the Trustee to refund his deposit in full. Borukhov has attempted on several occasions to avoid closing the sale of the Property, all of which have been denied by this Court. It is his delay tactics that have directly increased the amount that I owe under the Settlement Agreement.

4. Now, by motion, dated May 11, 2018 (ECF Doc. No. 287, the "Motion"), the Trustee seeks, among other things, to

> sell the [Property] free and clear of any liens, claims and encumbrances, pursuant to sections 363(b) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), for the sum of $1,213,000.00, to [Borukhov] or to such other person as shall submit a higher and better offer at the Sale Hearing, on such terms as may be

1

> announced by the Trustee at the Sale Hearing; (ii) finding that if Purchaser fails to close on the sale of the Property he will forfeit his deposit of $135,000.00 . . .

Motion at 1.

5. By Order, entered May 9, 2018 (ECF Doc. No. 286, the "Order"), this Court approved a Settlement Agreement (ECF Doc. No. 276-1, the "Settlement Agreement") among myself, Aish Hatorah New York, Inc. ("Aish"), and the Trustee, Robert Musso (the "Trustee") and other interested parties.

6. Among other things, the Settlement Agreement states that:

> In full and complete satisfaction and discharge of the Judgment (a) the Debtor shall pay Aish $2,500,000, plus any additional amounts due under paragraph 3 herein (the "Payoff Amount") on or before April23, 2018 (the "Payoff Deadline") by wire transfer, certified funds or Trustee check, TIME OF THE ESSENCE, . . .
>
> . . . .
>
> Should the Debtor, not pay the entire Payoff Amount on or before the Payment Deadline, with no requirement for further notice, the balance due on the Payoff Amount shall increase by $50,000 per month until paid in full.

Settlement Agreement at ¶¶ 1, 3.

7. I am thus between the proverbial "rock and a hard place." If the Trustee cannot close on the sale of the Property, he will not have the funds to pay Aish under the Settlement Agreement. I will therefore become liable for additional penalty payments of $50,000 per month – PLUS substantial legal fees, the Trustee has already spent and continues to expand on this matter.

8. As I was able to confirm with the Title Insurance which was purchased at the time my wife and I 'purchased' the property from my parents, the issue of "clear title" which Borukhov refers to constantly is not at all hindering the sale. As can be seen from email correspondence between me and the legal counsel of the The Security Title Guarantee (Exhibit 1), Ms. Canino states that Borukhov's title company never tried to contact her and once they do,

2

a letter of Indemnity will be issued to them – so the 30 years old 'mortgage' is not affecting the sale. Attached also is the Title Insurance policy information as Exhibit 2.

9. Additionally, every day that goes by, the Trustee and his legal counsel are generating ever larger legal bills to compel Borukhov to close on 4305.

10. For these reasons, I strongly support the Trustee's Motion and request that this Court compel Borukhov to close on the sale immediately or forfeit his deposit – as happened with the first bidder who lost his deposit. If he closes on the sale, the Trustee will have the means to satisfy my agreed settlement with Aish. If Borukhov loses his deposit, the Trustee will have sufficient funds to pay the additional amounts due to Aish on account of the Trustee's inability to close the sale.

Dated: Brooklyn, New York
      May   31   , 2018

                                                Jacob Fetman

# EXHIBIT 1

----- Forwarded Message -----

**From:** Catherine Canino <CCanino@esecuritytitle.com>

**To:** jfetman@yahoo.com <jfetman@yahoo.com>

**Sent:** Friday, May 4, 2018, 2:17:07 PM EDT

**Subject:** FW: 4305 Tenth Ave. Brooklyn NY 11219 - Jacob and Tammy Fetman Policy # C06-033318 / STG #18-265

Mr. Fetman,

Has Register Abstract requested clearance from our company previously? Have you provided them with a copy of your Owner's Policy? That should allow them to clear the mortgage under the Mutual Indemnification Agreement. If not, please have them contact me and I will issue a letter of indemnity to them so that you may close.

Thank you.

Catherine Castiglia Canino, Esq.

New York State Counsel

The Security Title Guarantee

Corporation of Baltimore

31 Stewart Street

Floral Park, N.Y. 11001

516-326-8934 (Office)

516-326-8935 (Fax)

**ccanino@esecuritytitle.com**

**From:** Jacob Fetman [mailto:jfetman@yahoo.com]
**Sent:** Thursday, May 03, 2018 9:51 AM
**To:** Legal email Delivery; Jacob Fetman
**Subject:** 4305 Tenth Ave. Brooklyn NY 11219 - Jacob and Tammy Fetman Policy # C06-033318

Good morning,

We are in contract to sell 4305 Tenth Ave. Brooklyn NY 11219 - a property we purchased in 2011

The buyer's title report found a private mortgage held by a Mr. Meisels from 1975 or so. Going thru legal docs found on ACRIS NY, I believe that being that Mr. Meisels purchased initially the property on his name, taking out a mortgage from Dime Bank for $91K - later when he wanted to switch ownership to 4305 Tenth Ave. Corp the bank required him to assume personal responsibility as a pass thru for the loan. That loan was paid off to Dime Bank later on and Dime issued a clearance.

We are in a time of essence situation as the buyer will not proceed till the 'private loan' from 1975 or so is taken off the title report.

**This is EXTREMELY urgent matter.**

Please expedite.

Attached:

Title search for 4305 Tenth Ave. Brooklyn NY  11219 (its a part of a 3 property deal 4301-4303-4305 Tenth Ave. )

Meisels info - obtained from ACRIS

Title insurance issued by your company relating to our purchase of the property in 2011

Please contact me if you need any further information

Jacob Fetman

646 261 0200

# EXHIBIT 2



POLICY NO: **C06** 033318

# POLICY OF TITLE INSURANCE
### ISSUED BY
## THE SECURITY TITLE GUARANTEE CORPORATION OF BALTIMORE
### BALTIMORE, MARYLAND

Any notice of claim and any other notice or statement in writing required to be given to the Company under this Policy must be given to the Company at the address shown in Section 17 of the Conditions.

### COVERED RISKS

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B, AND THE CONDITIONS, THE SECURITY TITLE GUARANTEE CORPORATION OF BALTIMORE, a Maryland corporation (the "Company") insures as of Date of Policy and, to the extent stated in Covered Risks 11, 13, and 14, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:

1. Title being vested other than as stated in Schedule A.
2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from
   (a) A defect in the Title caused by
      (i) forgery, fraud, undue influence, duress, incompetency, incapacity, or impersonation;
      (ii) failure of any person or Entity to have authorized a transfer or conveyance;
      (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized, or delivered;
      (iv) failure to perform those acts necessary to create a document by electronic means authorized by law;
      (v) a document executed under a falsified, expired, or otherwise invalid power of attorney;
      (vi) a document not properly filed, recorded, or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
      (vii) a defective judicial or administrative proceeding.
   (b) The lien of real estate taxes or assessments imposed on the Title by a governmental authority due or payable, but unpaid.
   (c) Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land. The term "encroachment" includes encroachments of existing improvements located on the Land onto adjoining land, and encroachments onto the Land of existing improvements located on adjoining land.
3. Unmarketable Title.
4. No right of access to and from the Land.
5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (a) the occupancy, use, or enjoyment of the Land;
   (b) the character, dimensions, or location of any improvement erected on the Land;
   (c) the subdivision of land; or
   (d) environmental protection
   if a notice, describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.

COVERED RISKS CONTINUED ON BACK OF POLICY JACKET
EXCLUSIONS AND CONDITIONS ON INSIDE OF POLICY JACKET

Policy valid only when countersigned by an authorized officer or Agent of the Company.

ISSUED BY:

**EXPERT ABSTRACT, INC.**
2687 CONEY ISLAND AVE.
BROOKLYN, NY 11223

_____
Authorized Signatory



**THE SECURITY TITLE GUARANTEE CORPORATION OF BALTIMORE**

By _Theodore C. Rogers_
President

ATTEST:

By _Marlene B. McGraw_
Secretary

ST-NL-3

## The Security Title Guarantee Corporation of Baltimore
## Schedule A
### Alta Loan Policy

| | | | |
|---|---|---|---|
| Title Number: | EA-1062-11 | Policy Number | C06033318 |
| Policy Date | 10/27/2011 | Policy Amount | $ 412,500.00 |

1. Name of Insured

    **MERS (Mortgage Electronic Registration Systems, Inc.), solely as nominee for TD Bank, N.A., its successors and/or assigns**

2. The estate or interest in the land which is encumbered by the insured mortgage is:

    **Fee Simple**

3. Title to the estate or interest in the land is vested in:

    **Jacob Fetman & Tamar Fetman, ATIMA**

4. The insured mortgage and assignments thereof, if any, are described as follows:

    **Mortgage made by Jacob Fetman & Tamar Fetman, dated 10/27/2011 to MERS (Mortgage Electronic Registration Systems, Inc.), solely as nominee for TD Bank, N.A. In the amount of $ 412,500.00 and to be duly recorded in the Office of the Register of the City of New York, Kings County.**

5. The land referred to in this policy is described as follows:

**PREMISES KNOWN AS:**
   Address   **4305 10th ave, Brooklyn**
   S/B/L     **5602/7**

Expert Abstract, Inc.
2687 Coney Island Ave.
Brooklyn, NY 11235

Countersigned: _____
Authorized Officer or Agent

## Schedule A Description

Title Number **EA-1062-11**      Policy Number: **C06033318**     Page   1

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF BROOKLYN, COUNTY OF KINGS, CITY AND STATE OF NEW YORK, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF 10TH AVENUE, DISTANT 40 FEET SOUTHERLY FROM THE SOUTHEASTERLY CORNER OF 43RD STREET, AND 10TH AVENUE;

RUNNING THENCE EASTERLY WITH 43RD STREET AND PART OF THE DISTANCE THROUGH A PARTY WALL, 70 FEET;

THENCE SOUTHERLY PARALLEL WITH 10TH AVENUE, 20 FEET;

THENCE WESTERLY PARALLEL WITH 43RD STREET AND PART OF THE DISTANCE THROUGH A PARTY WALL, 70 FEET TO THE EASTERLY SIDE OF 10TH AVENUE;

THENCE NORTHERLY ALONG THE EASTERLY SIDE OF 10TH AVENUE, 20 FEET TO THE POINT OR PLACE OF BEGINNING.

SUBJECT TO AND TOGETHER WITH AN EASEMENT FOR INGRESS AND EGRESS OR RIGHT OF WAY OVER A STRIP OF LAND 4 FEET WIDE BY 80 FEET LONG, EXTENDING FROM THE SOUTHERLY SIDE OF 43RD STREET, BEGINNING AT A POINT THEREIN 66 FEET EAST OF THE SOUTHEAST CORNER OF 10TH AVENUE AND 43RD STREET.

## Mortgage Policy
## Schedule B

Title Number:  **EA-1062-11**                                          Policy Number:**C06033318**

The following are expressly excluded from coverage of Policy, and the Company will not pay loss or damage costs, attorneys' fees, or expenses which arise by reason of:

1. Any state of facts an accurate survey might show.

2. Covenants, conditions, easements, leases, agreemens of record, etc. more fully set forth:

   R.O.W. Easement - no specific agreement.

## Loan Policy

Title Number: **EA-1062-11**         **Schedule B-II**         Policy Number: **C06033318**

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest.

**NONE**

## VARIABLE RATE MORTGAGE ENDORSEMENT

Attached to and made a part of Policy Number: B06023596

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. The invalidity or unenforceability of the lien of the Insured Mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2. Loss of priority of the lien of the Insured Mortgage as security for the unpaid principal balance of the loan, together with interest as changed in accordance with the provisions of the Insured Mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the loan documents secured by the Insured Mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth-in-lending law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof, including, without limitation, Section 8 of the Exclusions From Coverage, as added by the Standard New York Endorsement (Loan Policy), and of any prior endorsements thereto, except that the insurance afforded by this endorsement is not subject to Section 3(d) of the Exclusions From Coverage. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the amount of insurance.

In Witness Whereof, The Security Title Guarantee Corporation of Baltimore has caused this Endorsement to be signed and sealed on its date of issue set forth herein.

10/27/2011
Expert Abstract, Inc.
2687 Coney Island Ave.
Brooklyn, NY 11235
Phone (718) 216-3984   Fax (347) 713-4611

By: _____
    Authorized Signature

THE SECURITY TITLE GUARANTEE
CORPORATION OF BALTIMORE

By _____
                    President

ATTEST:

By _____
                    Secretary

TIRSA ENDORSEMENT 6 (Variable Rate Mortgage)  (6/1/87) NY (12/01/08)

## ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT

## NEW YORK

Attached to and made a part of Policy Number: C06033318

The Policy insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge, or is filed in the records of the clerk of the United States district court for the district in which the Land is located, except as set forth in Schedule B;

or

(b) any environmental protection lien provided for by any state statute, New York City Code and/or Ordinance in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

(1) Administrative Code, City of New York, Title 17 (Health) Section 17-151.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any other endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the amount of insurance.

10/27/2011

Expert Abstract, Inc.
2687 Coney Island Ave.
Brooklyn, NY 11235
Phone (718) 216-3984  Fax (347) 713-4611

By: _____
       Authorized Signature

THE SECURITY TITLE GUARANTEE
CORPORATION OF BALTIMORE

By _____
                President

ATTEST:

By _____
                Secretary

TIRSA 8.1 EPL (NEW YORK CITY ONLY) (2/11/02)

## STANDARD NEW YORK ENDORSEMENT

### (LOAN POLICY)

Attached to and made a part of Policy Number: C06033318

1. Exclusion Number 7 is deleted, and the following is substituted:

    7. Any lien on the Title for real estate taxes, assessments, water charges or sewer rents imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records. This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

2. Exclusions From Coverage is amended by adding a new Exclusion Number 8:

    8. Any consumer protection law including, without limitation, New York Banking Law Sections 6-l ("High-Cost Home Loans") and 6-m ("Subprime Home Loans"), relating to a mortgage on Land improved or to be improved by a structure or structures intended principally for occupancy by one-to-four families.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

10/27/2011

Expert Abstract, Inc.
2687 Coney Island Ave.
Brooklyn, NY 11235
Phone (718) 216-3984  Fax (347) 713-4611

THE SECURITY TITLE GUARANTEE
CORPORATION OF BALTIMORE

By: _____
President

ATTEST:

By: _____
Secretary

By: _____
Authorized Signature

STANDARD NEW YORK ENDORSEMENT (12/01/08)
FOR USE WITH ALTA LOAN POLICY (6-17-06)

## WAIVER OF ARBITRATION ENDORSEMENT

### (OWNER'S OR LOAN POLICY)

Attached to and made a part of Policy Number: C06033318

The policy is amended by deleting therefrom:

(A) If this endorsement is attached to an ALTA Loan Policy: Condition 13.

(B) If this endorsement is attached to an ALTA Owner's Policy: Condition 14.

(C) If this endorsement is attached to a TIRSA Owner's Extended Protection Policy: Condition 12.

This endorsement is made a part of the Policy and is subject to all of the terms and provisions thereof and of any other endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the Policy and any other endorsements, nor does it extend the effective date of the Policy and any other endorsements, nor does it increase the face amount thereof.

10/27/2011

Expert Abstract, Inc.
2667 Coney Island Ave.
Brooklyn, NY 11235
Phone (718) 216-3984  Fax (347) 713-4611

By: _____
       Authorized Signature

THE SECURITY TITLE GUARANTEE
CORPORATION OF BALTIMORE

By _____
                    President

ATTEST:

By _____
                    Secretary

TIRSA WAIVER OF ARBITRATION ENDORSEMENT (11/1/08)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re: : Chapter 7
:
**JACOB FETMAN,** : Case No. 15-43716-NHL
:
Debtor. :
------------------------------------------------------------x

### CERTIFICATE OF SERVICE BY FIRST CLASS MAIL AND ELECTRONIC MAIL

State of New York
          ss.:
County of Brooklyn

Jacob Fetman affirms under penalty of perjury and states as follows:

    I am over the age of 18 and reside in Brooklyn, New York.

On May 31, 2018 I served the attached DEBTOR'S RESPONSE IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 4305 TENTH AVENUE, BROOKLYN, NEW YORK, (a) by first class mail, by depositing a true copy of same in a sealed, post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York and (b) by electronic mail, to the entities set forth on the schedule annexed hereto to the email addresses provided for receipt of electronic mail.

Dated: Brooklyn, New York
       May 31, 2018

                                                        Jacob Fetman

Sworn to before me this
31st day of May 2018

_____
Notary Public

```
RYAN BENNETT
Notary Public, State of New York
No. 01BE6324782
Qualified in Kings County
Commission Expires May 11, 20 19
```

## SERVICE LIST

| Service by First Class Mail | Service by Electronic Mail |
|---|---|
|  | Ira R. Abel – iraabel@verizon.net |
|  | Andrew Citron – Andrew.citron@verizon.net |
|  | Mark A. Frankel – mfrankel@bfklaw.com |
|  | Gregory M. Messer – gremesser@aol.com |
|  | Efrem Schwalb – ets@grlawpllc.com |
|  | Aron B. Borukhov – abbesq@gmail.com |