LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
Attorney for the Debtor
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____x

In re:                                                                                  Chapter 7

JACOB FETMAN,                                                              Case No. 15-43716-NHL

                          Debtor.
-------------------------------------------------------x

### DECLARATION OF RACHEL S. BLUMENFELD, ESQ. IN SUPPORT OF APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD FOR THE DEBTOR

Rachel S. Blumenfeld, of the firm of The Law Office of Rachel S. Blumenfeld PLLC (the "Firm"), attorneys for the Debtor, pursuant to 28 U.S.C. § 1746, and Local Bankruptcy Rule 2090-1(d) declares under penalty of perjury as follows:

1. I am the attorney of record for the debtor, Jacob Fetman (the "Debtor") and I am making this declaration in support of my Application to Withdraw as Attorney of Record for the Debtor. I have personal knowledge of the facts set forth herein, except to those facts that are stated upon information and belief, and as to those facts, I believe them to be true.

### GENERAL BACKGROUND

2. This case was commenced by the filing of an involuntary chapter 7 petition with the Clerk of the Court for the Eastern District of New York on August 11, 2015 by the Debtor's father, Moshe Fetman.

3. According to the docket of this case, it seems that David Carlebach was retained by the Debtor on or prior to October 16, 2015 [*see* ECF Docket Entry 8, which is the first docket entry by David Carlebach]. The Court issued an Order to Show Cause against the Carlebach Firm and David Carlebach on or about April 14, 2017 for failure to appear for the Debtor on April 5, 2017, et al [ECF Docket 198].

4. On May 2, 2017, the Law Office of Rachel S. Blumenfeld PLLC filed a Notice of Appearance as counsel for the Debtor. [ECF Docket 201]. The Debtor is now represented by The Law Office of Rachel S. Blumenfeld PLLC.

### Facts in Support of Motion to Withdraw as Counsel

5. The Debtor, by email dated May 31, 2018 advised me that he will file a Response in his case *pro se*. The May 31 email referred to an email of May 17, 2018 "releasing" me from representing him in his case.[1]

6. In addition, the Debtor has failed to remit payment for services rendered pursuant to the retainer agreement in this matter (he retained me at my hourly rate of $450), and the Debtor currently owes me substantial attorneys fees. I have had conversations with the Debtor where he has told me that he does not have the money to pay me but would pay me at the end of the case when the matter settles. Due to the time constraints of this Motion, I am not concurrently filing a Motion for Fees, but will do so on regular notice, to be paid out of proceeds of the Trustee from the sale of assets of the Debtor. I have spoken to the Trustee's counsel and he indicated he will not oppose my request for fees in this case.

---

[1] I did not receive see the May 17, 2018 email until today. It was sent in the afternoon on a day where I was in SDNY Bankruptcy Court all day, and before a 3 day Jewish Holiday began. Normally when there is something important that the Debtor has wanted me to see, if no response is received he would call and/ or text; and or send me a WhatsApp notification. None were received for this.

7. I have already advised the Debtor that I will be making the instant motion.

8. It is submitted that the foregoing constitutes "cause" for this Court's approval of my withdrawal as counsel in this case.

## POSTURE OF THE CASE

9. On May 9, 2018, one week before the Debtor informed me that he will 'relieve' me on this case, the Court signed an Order Approving the Global Settlement of this case. [*See* ECF 286]. On May 11, 2018, the Trustee filed a A Motion to Sell Property of the Estate Free and Clear of Liens is scheduled for June 7, 2018 at 11:30 a.m. [ECF Docket No 287]. An Affirmation in Opposition to this Motion was filed by Aron Borukhov [ECF Docket 291] and the Debtor filed a pro se Response in Support of the Motion on May 31, 2018 [ECF Docket No. 292]

## RELIEF REQUESTED

10. I am seeking an order pursuant to Rule 2090-1(d) ("Rule 2090-1(d)") of the Local Bankruptcy Rules for the Southern and Eastern Districts of New York.

11. Rule 2090-1(d) provides:

Withdrawal or Substitution of Attorneys of Record.
An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United State trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

12. The Second Circuit has stated that "the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel." Whiting v. Lacara 187, F.3d 317 (2d Cir. 1999); see also Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55 (2d Cir. 1996).

13. Purusant to Rule 1.16(c)(4) of the New York State Rules of Professional Conduct a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw, where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment efficiently." Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999) (justices reversed the denial of counsel's motion where the client clearly wanted to dictate how the matter would proceed).

14. In addressing motions to withdraw as counsel, district courts have typically considered whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Brown v. National Survival Games, Inc. 1994 WL 660533 at *3 (N.D.N.Y. 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . . granting the instant motion will not likely cause undue delay") Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999).

15. After representing the Debtor for over a year, the case being successfully settled and the ore of the work being completed, the Debtor now seeks to proceed *pro se*. The Trustee still has work to do, such as to sell the Debtor's property and take some further action according to the Global Settlement, but there should be minimal if any activity expected from the Debtor.

16. The facts set forth above demonstrate cause for an order allowing me to withdraw as attorney for the Debtor.

**Good and Sufficient Reason to Proceed by Shortened Notice Rather than Notice of Motion**

17. Pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules of the Eastern District of New York, the following constitutes the "good and sufficient" reason why it is necessary to proceed with this motion by shortened notice, rather that by notice of motion.

18. As set forth above, the Trustee's Motion to Sell Property Free and Clear of Liens is currently pending, and scheduled for a hearing on June 7, 2018. Thus, this application is made via shortened notice in order not to delay the proceedings in this case.

**NO PRIOR REQUEST**

19. No prior application has been made by me for the relief sought herein.

**WHEREFORE**, the Firm respectfully requests the entry of an Order granting the relief requested for which no previous request has been made, and that the Court grant such other and further relief it deems just and proper.

Dated: Brooklyn, New York
May 31, 2018

Respectfully submitted,
Law Office of Rachel S. Blumenfeld PLLC

By: ___/s/ Rachel S. Blumenfeld___
Rachel S. Blumenfeld (RB-1458)
26 Court Street, Suite 2220
Brooklyn, NY 11242
Tel: (718) 858-9600