LAW OFFICES OF RACHEL BLUMENFELD
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:

Chapter 7

JACOB FETMAN, Case no: 1-15-43716-nhl

Debtor.
———————————————————————X

**REPLY TO DEBTOR'S RESPONSE TO APPLICATION TO WITHDRAW**

The Debtor, Jacob Fetman ("Mr. Fetman") has filed a Response to my Motion to Withdraw (the "Response") expressing his unhappiness with my representation and seeking to stop any further payment of fees to me. Mr. Fetman does not oppose my withdrawal from this case, therefore, permission to withdraw as counsel should be warranted as this breakdown is such that I can no longer fulfill my obligations to Mr. Fetman, nor can Mr. Fetman accept that I am providing him with appropriate advice and guidance.

The second issue, which is not currently before the Court, is Mr. Fetman's request that I should be banned from seeking the balance of my legal fees from money being held and property being sold by the Trustee. Mr. Fetman's Reply expresses a general frustration and unhappiness with the outcome of his case, and the fact that Mr. Fetman was unable to continue with his Appeal. Mr. Fetman has not alleged that any perceived delay in this case was the result of some action, or inaction, on my part. Despite Mr. Fetman's desire for a different outcome to his case, it is not my fault.

While irrelevant to the Motion before this Court, I would be remiss not to briefly respond to Mr. Fetman's additional complaints.

1. That I did not want to try the merits of the case. [Response ¶ 4 & 7]. At the outset and from the first day that I met Mr. Fetman I told him and documented my intention to try and settle - not litigate this case on his behalf.

2. That I did not write any motions. At the stage and condition of the case upon my retention, not only was it not necessary for me to file any Motions, but Mr. Fetman instructed me not to, as he had another attorney who was 'cheaper' and whom he wanted to use for writing. In fact, the Motion Objecting to Claim was written by this other attorney, which I initially refused to file as I did not believe it was appropriate. After doing some edits to the Motion, I filed the Motion, which was later denied. Additionally, against my counsel and/or knowledge, Mr. Fetman filed three other *pro se* "Motions." (1) On March 24, 2017, he filed an Affirmation in Further Support for Motion for Relief from Stay [ECF Docket No. 202]. (2) On June 23, 2017, he filed an Affirmation in Further Support of Motion for Relief from Stay [ECF Docket No. 212]. (3) On October 17, 2017, he filed a Motion to Reconsider the Decision to Deny Relief from the Automatic Stay or Allow Time for an Appeal to be Decided. [ECF Docket No. 244].

3. I did not Attend Settlement Conferences and I was not Available to Counsel him on the Settlements. As this Court is aware there were a number of attorneys whose had conflicting schedules when scheduling adjournments of hearings. These matters were adjourned to dates and times where I had previously notified parties and the Court of my conflicting schedule and/ or time constraints for attending the hearing, of which Mr. Fetman was aware. No Court hearing in this matter was ever short and on a regular basis took a half a day of time. Mr. Fetman not

only asked me on a regular basis for permission to speak directly to the Court, but he would also call and email Trustee's counsel on his own. Mr. Fetman did not listen to my counsel for most of this case, and parties were aware that I wanted to seek to withdraw as counsel on a number of occassions. It is disengenous for Mr. Fetman to state that I was not available, as he was able to reach me by my office phone email, and my cell phone. It is disingenuous to state that I did not give him the time to discuss the case, or that I put other 'paying' clients ahead of him. Ironically, while the Debtor is grossly behind on payments, and despite this "unhappiness" with my representation, during the case he has dropped off a holiday gift, and on a few occasions small checks as payment towards my fees.

4. That I have a "cozy" relationship with the Trustee. [Response ¶ 9]. While irrelevant, erroneous and disputed, I will briefly respond to Mr. Fetman's allegation of my "cozy relationship" with the Trustee. Mr. Fetman was aware from the day he retained me that my office space is on the same floor as the Trustee's. Additionally, I have for many years had a cordial, not a "cozy" relationship with the Trustee, as I do with all attorneys of the Bar.

5. Insinuating that I "requested" payment from the Trustee. I have not requested payment of the fees owed to me from the Trustee, however I did notify the Trustee that I would be seeking to withdraw from the case and that I would seek to get paid the fees owed to me for the time that worked on this case.

Dated: Brooklyn, New York
June 4, 2018

LAW OFFICE OF RACHEL BLUMENFELD
By: __*/s/ Rachel Blumenfeld*_______________
Rachel Blumenfeld (RB-1458)
26 Court Street, Suite 2220
Brooklyn, New York 11242

(718) 858-9600